**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CHANBOND, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 15-842 (RGA) |
| | ) |
| ATLANTIC BROADBAND | ) |
| GROUP, LLC, | ) |
| | ) |
| Defendant. | ) |

**ANSWER OF DEFENDANT ATLANTIC BROADBAND GROUP, LLC
TO COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Atlantic Broadband Group, LLC ("Atlantic Broadband" or "Defendant"), by their attorneys, hereby answers the Complaint (the "Complaint") of ChanBond, LLC ("ChanBond" or "Plaintiff") as follows:

**Nature of the Action**

This is an action for patent infringement of United States Patent Nos. 7,941,822 (the "'822 Patent"), 8,341,679 (the "'679 Patent") and 8,984,565 (the "'565 Patent") under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, seeking damages and injunctive and other relief under 35 U.S.C. § 281, *et seq.*

**Answer:**

Atlantic Broadband admits that this purports to be an action for patent infringement, that Plaintiff asserts U.S. Patent Nos. 7,941,822, 8,341,679, and 8,984,565, that the Patent Laws of the United States are found in 35 U.S.C. § 1, *et seq.*, that Plaintiff purports to seek damages, injunctive, and other relief, and that 35 U.S.C. § 281, *et seq.* addresses remedies under the Patent Laws. Atlantic Broadband denies any remaining allegations in this paragraph and specifically denies that Plaintiff is entitled to any relief.

## The Parties

1.     Plaintiff ChanBond is a Delaware limited liability company with its principal place of business at 2633 McKinney Ave., Dallas, Texas 75204.

**Answer:**

Atlantic Broadband lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and therefore denies those allegations.

2.     Defendant Atlantic Broadband Group, LLC ("Atlantic Broadband") is a Delaware limited liability company with its principal place of business at 2 Batterymarch Park, Suite 205, Quincy, Massachusetts 02169.  Atlantic Broadband may be served with process via its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

**Answer:**

Atlantic Broadband denies the allegations contained in paragraph 2 of the Complaint.

## Jurisdiction and Venue

3.     This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

**Answer:**

Atlantic Broadband admits that the Complaint purports to be a complaint for patent infringement arising under Title 35 of the United States Code.  Atlantic Broadband denies the remaining allegations of paragraph 3.

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action concerns the infringement of United States patents.

**Answer:**

Atlantic Broadband admits that this action purports to be a complaint for patent infringement and that this Court has subject matter jurisdiction over such matters.  Atlantic Broadband denies the remaining allegations of paragraph 4.

5.     This court has personal jurisdiction over defendant.  Defendant is a limited liability company organized and existing under the laws of the State of Delaware, and defendant maintains a registered agent for service of process in Delaware.  In addition, upon information and belief, defendant transacts substantial business in the State of Delaware, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein, and (ii) regularly does or solicits business in Delaware, engages in other persistent courses of conduct, maintains continuous and systematic contacts in Delaware, purposefully avails itself of the privileges of doing business in Delaware, and/or derives substantial revenue from goods and services provided to individuals in Delaware.

**Answer:**

Atlantic Broadband admits that it is a limited liability company organized and existing

under the laws of the State of Delaware, that it maintains a registered agent for service of process

in Delaware, and that it provides cable services in Delaware.  Atlantic Broadband does not

contest personal jurisdiction for the purposes of this action.  Atlantic Broadband denies the

remaining allegations contained in paragraph 5 of the Complaint.

6.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, among other reasons, defendant has transacted business in the State of Delaware and defendant has committed and continues to commit acts of patent infringement in Delaware.

**Answer:**

Atlantic Broadband admits that it provides cable services in Delaware.  Atlantic

Broadband does not contest venue for purposes of this action.  Atlantic Broadband denies the

remaining allegations contained in paragraph 6 of the Complaint.

**The Patents-In-Suit**

7.     On May 10, 2011, the United States Patent and Trademark Office duly and legally issued the '822 Patent, entitled "Intelligent Device System and Method for Distribution of Digital Signals on a Wideband Signal Distribution System," to its inventors, Earl Hennenhoefer, Richard Snyder and Robert Stine.  The inventors assigned all rights in the '822 Patent to CBV, Inc. ("CBV"), which was founded by the inventors, and CBV assigned the '822 Patent to ChanBond, including all rights to enforce the '822 Patent and to recover for infringement. ChanBond has all right, title and interest to the '822 Patent.  The '822 Patent is valid and in force. A true and correct copy of the '822 Patent is attached hereto as Exhibit A.

**Answer:**

Atlantic Broadband admits that the face of the '822 Patent states that the '822 Patent is entitled "Intelligent Device System and Method for Distribution of Digital Signals on a Wideband Signal Distribution System," identifies Earl Hennenhoefer, Richard Snyder, and Robert Stine as inventors, states it was issued on May 10, 2011, and that what purports to be a copy of the '822 Patent was attached as Exhibit A to the Complaint. Atlantic Broadband lacks knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Complaint and therefore denies those allegations.

8.     On December 25, 2012, the United States Patent and Trademark Office duly and legally issued the '679 Patent, entitled "Intelligent Device System and Method for Distribution of Digital Signals on a Wideband Signal Distribution System," to its inventors, Earl Hennenhoefer, Richard Snyder and Robert Stine. The inventors assigned all rights in the '679 Patent to CBV, which was founded by the inventors, and CBV assigned the '679 Patent to ChanBond, including all rights to enforce the '679 Patent and to recover for infringement. ChanBond has all right, title and interest to the '679 Patent. The '679 Patent is valid and in force. A true and correct copy of the '679 Patent is attached hereto as Exhibit B.

**Answer:**

Atlantic Broadband admits that the face of the '679 Patent states that the '679 Patent is entitled "Intelligent Device System and Method for Distribution of Digital Signals on a Wideband Signal Distribution System," identifies Earl Hennenhoefer, Richard Snyder, and Robert Stine as inventors, states it was issued on December 25, 2012, and that what purports to be a copy of the '679 Patent was attached as Exhibit B to the Complaint. Atlantic Broadband lacks knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint and therefore denies those allegations.

9.     On March 17, 2015, the United States Patent and Trademark Office duly and legally issued the '565 Patent, entitled "Intelligent Device System and Method for Distribution of Digital Signals on a Wideband Signal Distribution System," to its inventors, Earl Hennenhoefer, Richard Snyder and Robert Stine. The inventors assigned all rights in the '565 Patent to CBV, which was founded by the inventors, and CBV assigned the '565 Patent to ChanBond, including

all rights to enforce the '565 Patent and to recover for infringement.  ChanBond has all right, title and interest to the '565 Patent.  The '565 Patent is valid and in force.  A true and correct copy of the '565 Patent is attached hereto as Exhibit C.

**Answer:**

Atlantic Broadband admits that the face of the '565 Patent states that the '565 Patent is entitled "Intelligent Device System and Method for Distribution of Digital Signals on a Wideband Signal Distribution System," identifies Earl Hennenhoefer, Richard Snyder, and Robert Stine as inventors, states that it issued on March 17, 2015, and that what purports to be a copy of the '565 Patent was attached as Exhibit C to the Complaint.  Atlantic Broadband lacks knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the Complaint and therefore denies those allegations.

10.     Generally, the patents-in-suit are directed in improving the data transmission of wideband distribution systems.  Historically, data service flows (e.g. data, web traffic, voice and video transmitted via the Internet Protocol) have been transmitted over a single channel at a fixed bandwidth.  But with the demand for transmission of more and more content at ever increasing speeds, the capabilities of a single channel transmission methodology became exhausted.

**Answer:**

Atlantic Broadband denies the allegations contained in paragraph 10 of the Complaint.

11.     The patents-in-suit address and overcome, among other things, the throughput problems regarding this single channel methodology.  The inventors of the patents-in-suit invented intelligent devices that allow a single data service flow (e.g. large data transmissions) to be split and modulated onto multiple channels for transmission.  This transmission is then demodulated and recombined back into a single service flow for distribution to addressable devices.  Using the inventions, service providers are now capable of efficiently transmitting more content at higher speeds and better quality of service.

**Answer:**

Atlantic Broadband denies the allegations contained in paragraph 11 of the Complaint.

## COUNT I
## (INFRINGEMENT OF THE '822 PATENT)

12.     Plaintiff incorporates paragraphs 1 through 11 herein by reference as if set forth here in full.

**Answer:**

Atlantic Broadband incorporates its answers to paragraphs 1 through 11 herein by reference as if set forth here in full.

13.     Upon information and belief, Atlantic Broadband has been and is currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the '822 Patent by making, using, testing, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, cable systems and cable services that are covered by at least one claim of the '822 Patent.  The accused cable systems include cable system components such as cable modem termination systems, RF transmission hardware, network monitoring equipment and customer premises equipment (*e.g.*, cable modems, embedded multimedia terminal adapters, and set-top boxes), including but not limited to components that are compliant with the Data Over Cable System Interface Specification ("DOCSIS") standard, version 3.0 or higher.[1]  More particularly, Atlantic Broadband, without authority from Plaintiff, provides, operates, implements, sells, markets, imports and/or offers for sale cable systems and/or cable services that perform, are capable of performing or are provided having channel bonding functionality, including but not limited to cable systems and components that have the capability to distribute a service flow over multiple, bonded channels and/or the capability to receive a service flow over multiple, bonded channels (the "Accused Functionality").  Atlantic Broadband's cable systems and components that perform or are capable of performing the Accused Functionality, and/or the use of such cable systems and components, infringe one or more claims of the '822 Patent under 35 U.S.C. § 271.

**Answer:**

Atlantic Broadband admits that it deploys certain components compatible with DOCSIS 3.0 or higher, but denies the remaining allegations contained in paragraph 13 of the Complaint.

14.     As a result of Atlantic Broadband's unlawful infringement of the '822 Patent, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial. Plaintiff is entitled to recover from Atlantic Broadband the damages adequate to compensate for such infringement, which have yet to be determined.

---

[1] *See, e.g.,* http://atlanticbb.com/sites/default/files/tiny_mce/files/approved_modem_list.pdf; http://atlanticbb.com/sites/default/files/tiny_mce/files/atlantic_broadband_network_management _disclosure_11-1-2012a_01-15-13_post.pdf

**Answer:**

Atlantic Broadband denies the allegations contained in paragraph 14 of the Complaint and specifically denies that Plaintiff is entitled to any relief.

15.    Atlantic Broadband will continue to infringe the '822 Patent unless and until it is enjoined by this Court.

**Answer:**

Atlantic Broadband denies the allegations contained in paragraph 15 of the Complaint and specifically denies that Plaintiff is entitled to an injunction.

## COUNT II
### (INFRINGEMENT OF THE '679 PATENT)

16.    Plaintiff incorporates paragraphs 1 through 15 herein by reference as if set forth here in full.

**Answer:**

Atlantic Broadband incorporates its answers to paragraphs 1 through 15 herein by reference as if set forth here in full.

17.    Upon information and belief, Atlantic Broadband has been and is currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the '679 Patent by making, using, testing, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, cable systems and cable services that are covered by at least one claim of the '679 Patent. The accused cable systems include cable system components such as cable modem termination systems, RF transmission hardware, network monitoring equipment and customer premises equipment (*e.g.,* cable modems, embedded multimedia terminal adapters, and set-top boxes), including but not limited to components that are compliant with the DOCSIS standard, version 3.0 or higher. More particularly, Atlantic Broadband, without authority from Plaintiff, provides, operates, implements, sells, markets, imports and/or offers for sale cable systems and/or cable services that perform, are capable of performing or are provided having channel bonding functionality, including but not limited to cable systems and components that have the capability to distribute a service flow over multiple, bonded channels and/or the capability to receive a service flow over multiple, bonded channels (the "Accused Functionality"). Atlantic Broadband's cable systems and components that perform or are capable of performing the Accused Functionality, and/or the use of such cable systems and components, infringe one or more claims of the '679 Patent under 35 U.S.C. § 271.

**Answer:**

Atlantic Broadband admits that it deploys certain components compatible with DOCSIS 3.0 or higher, but denies the remaining allegations contained in paragraph 17 of the Complaint.

18.     As a result of Atlantic Broadband's unlawful infringement of the '679 Patent, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial. Plaintiff is entitled to recover from Atlantic Broadband the damages adequate to compensate for such infringement, which have yet to be determined.

**Answer:**

Atlantic Broadband denies the allegations contained in paragraph 18 of the Complaint and specifically denies that Plaintiff is entitled to any relief.

19.     Atlantic Broadband will continue to infringe the '679 Patent unless and until it is enjoined by this Court.

**Answer:**

Atlantic Broadband denies the allegations contained in paragraph 19 of the Complaint and specifically denies that Plaintiff is entitled to an injunction.

## COUNT III
## (INFRINGEMENT OF THE '565 PATENT)

20.     Plaintiff incorporates paragraphs 1 through 19 herein by reference as if set forth here in full.

**Answer:**

Atlantic Broadband incorporates its answers to paragraphs 1 through 19 herein by reference as if set forth here in full.

21.     Upon information and belief, Atlantic Broadband has been and is currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the '565 Patent by making, using, testing, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, cable systems and cable services that are covered by at least one claim of the '565 Patent.  The accused cable systems include cable system components such as cable modem termination systems, RF transmission hardware, network monitoring equipment and customer premises equipment (*e.g.,* cable modems, embedded multimedia terminal adapters, and set-top boxes), including but not limited to

components that are compliant with the DOCSIS standard, version 3.0 or higher.   More particularly, Atlantic Broadband, without authority from Plaintiff, provides, operates, implements, sells, markets, imports and/or offers for sale cable systems and/or cable services that perform, are capable of performing or are provided having channel bonding functionality, including but not limited to cable systems and components that have the capability to distribute a service flow over multiple, bonded channels and/or the capability to receive a service flow over multiple, bonded channels (the "Accused Functionality").   Atlantic Broadband's cable systems and components that perform or are capable of performing the Accused Functionality, and/or the use of such cable systems and components, infringe one or more claims of the '565 Patent under 35 U.S.C. § 271.

**Answer:**

Atlantic Broadband admits that it deploys certain components compatible with DOCSIS

3.0 or higher, but denies the remaining allegations contained in paragraph 21 of the Complaint.

22.     As a result of Atlantic Broadband's unlawful infringement of the '565 Patent, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial. Plaintiff is entitled to recover from Atlantic Broadband the damages adequate to compensate for such infringement, which have yet to be determined.

**Answer:**

Atlantic Broadband denies the allegations contained in paragraph 22 of the Complaint,

and specifically denies that Plaintiff is entitled to any relief.

23.     Atlantic Broadband will continue to infringe the '565 Patent unless and until it is enjoined by this Court.

**Answer:**

Atlantic Broadband denies the allegations contained in paragraph 23 of the Complaint

and specifically denies that Plaintiff is entitled to an injunction.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ChanBond, LLC respectfully requests that this Court enter judgment in its favor as follows:

A.     Declaring that defendant has infringed, literally and/or under the doctrine of equivalents, at least one claim of each of the '822, '679 and '565 Patents;

B.     Awarding to Plaintiff the damages to which it is entitled under 35 U.S.C. § 284 for defendant's past infringement and any continuing or future infringement, including compensatory damages;

C.      Awarding Plaintiff costs (including all disbursements) and expenses incurred in this action;

D.      Awarding Plaintiff pre- and post-judgment interest on its damages; and

E.      Awarding Plaintiff such other and further relief in law or in equity as this Court deems just and proper.

**Answer:**

These paragraphs set forth the statement of relief requested by ChanBond, to which no response is required.  Atlantic Broadband denies that ChanBond is entitled to any of the requested relief and denies any allegations contained in these paragraphs.  Atlantic Broadband requests that a take-nothing judgment be entered in its favor against ChanBond on each and every count contained in the Complaint.

## JURY DEMAND

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any and all issues so triable by right.

**Answer:**

This paragraph sets forth ChanBond's demand for a jury trial, to which no response is required.

## DEFENSES

Without assuming any burden of proof that it would not otherwise bear, Atlantic Broadband asserts the following defenses.  Atlantic Broadband reserves the right to amend this answer with additional defenses as further information is obtained.  Atlantic Broadband asserts each of these defenses in the alternative, without admitting that Atlantic Broadband is in any way liable to ChanBond, that ChanBond has been or will be injured or damaged in any way, or that ChanBond is entitled to any relief whatsoever.  As a defense to the Complaint and each and every allegation contained therein, Atlantic Broadband alleges as follows:

## FIRST DEFENSE
### (Failure to State a Claim for Relief)

1.      ChanBond's claims fail to allege facts sufficient to state a claim for relief against Atlantic Broadband.

## SECOND DEFENSE
### (Non-Infringement)

2.      Atlantic Broadband has not directly or indirectly infringed, literally or under the doctrine of equivalents, any valid and enforceable claim of the '822, '679, or '565 Patents (the "Asserted Patents").

## THIRD DEFENSE
### (Invalidity)

3.      The claims of the Asserted Patents are invalid and/or void for failure to meet the conditions of patentability set forth in 35 U.S.C. §§ 101 et seq., including more particularly failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and 112 thereof, and/or the Rules and Regulations of the U.S. Patent & Trademark Office set forth in Title 37 of the Code of Federal Regulations.

## FOURTH DEFENSE
### (Failure to Provide Notice)

4.      To the extent that ChanBond failed to meet the requirements of 35 U.S.C. § 287, ChanBond is precluded from seeking damages from Atlantic Broadband for any and all alleged infringement prior to the date of notice of any alleged infringement.

## FIFTH DEFENSE
### (Laches / Estoppel / Waiver)

5.      ChanBond cannot recover any damages from Atlantic Broadband for alleged infringement of the Asserted Patents due to laches, estoppel, and/or waiver.  On information and belief, ChanBond and/or its predecessors or affiliates were aware of Atlantic Broadband's

allegedly infringing products and services long before filing the Complaint and, by not pursuing these claims sooner, any right to assert those claims was waived and/or rendered unwarranted due to laches, estoppel, and/or acquiescence.  Such delay was unreasonably long and prejudicial to Atlantic Broadband.

### SIXTH DEFENSE
### (License / Patent Exhaustion)

6.      To the extent that ChanBond has granted any of Atlantic Broadband's suppliers a license under the Asserted Patents, or to the extent any of Atlantic Broadband's suppliers otherwise have a license under the Asserted Patents, the relief sought by ChanBond in relation to the Asserted Patents is barred by license and/or under the doctrine of patent exhaustion.

### SEVENTH DEFENSE
### (Prosecution History Estoppel)

7.      ChanBond is barred by the doctrine of prosecution history estoppel from asserting disclaimed claim constructions or alleging causes of action for infringement of the Asserted Patents in light of arguments and amendments made to obtain allowance of the applications that issued as the Asserted Patents.

### EIGHTH DEFENSE
### (Limits on Doctrine of Equivalents)

8.      To the extent that ChanBond's alleged causes of action for infringement of the Asserted Patents contradict their statements to the U.S. Patent and Trademark Office in obtaining the Asserted Patents, or related patents, ChanBond is barred under the doctrine of prosecution history estoppel and/or other limits to the doctrine of equivalents, and ChanBond is estopped from claiming that the Asserted Patents cover any accused Atlantic Broadband method, system, service, and/or product.

## PRAYER FOR RELIEF

WHEREFORE, Atlantic Broadband respectfully requests that this Court enter a Judgment and Order in its favor and against Chanbond as follows:

A.     Dismissing with prejudice Chanbond's Complaint and all claims asserted therein against Atlantic Broadband, such that Chanbond takes nothing by way of its Complaint;

B.     Declaring that Atlantic Broadband does not, and has not, infringed, contributed to the infringement of, and/or induced the infringement of any valid claim of the valid claim of the '822, '679, or '565 patents;

C.     Declaring that the claims of the '822, '679, or '565 patents are invalid, void and/or unenforceable;

D.     Entering an award to Atlantic Broadband of its attorneys' fees and expenses under 35 U.S.C. § 285;

F.     Entering an award to Atlantic Broadband of costs incurred; and

G.     Granting to Atlantic Broadband such other and further relief as the Court may deem just, proper and equitable under the circumstances.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

_____
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
jying@mnat.com

OF COUNSEL:

Michael L. Brody
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL  60601
(312) 558-5600

*Attorneys for Defendant*

Krishnan Padmanabhan
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY  10166-4193
(212) 294-6700

Alexandra McTague
WINSTON & STRAWN LLP
3300 Hillview Avenue
Palo Alto, CA  94304-1203
(650) 858-6500

November 23, 2015
9657380.3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 23, 2015, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on November 23, 2015, upon the following in the manner indicated:

Richard D. Kirk, Esquire                                    *VIA ELECTRONIC MAIL*
Stephen B. Brauerman, Esquire
Vanessa R. Tiradentes, Esquire
Sara E. Bussiere, Esquire
BAYARD, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE  19801
*Attorneys for Plaintiff*

Mark Raskin, Esquire                                        *VIA ELECTRONIC MAIL*
Robert Whitman, Esquire
John F. Petrsoric, Esquire
Michael S. DeVincenzo, Esquire
MISHCON DE REYA NEW YORK LLP
2 Park Avenue, 20th Floor
New York, NY  10016
*Attorneys for Plaintiff*

                                        */s/ Jennifer Ying*
                                        Jennifer Ying (#5550)