IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHANBOND, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 15-842 (RGA) |
| | ) | |
| ATLANTIC BROADBAND | ) | |
| FINANCE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| CHANBOND, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 15-843 (RGA) |
| | ) | |
| BRIGHT HOUSE NETWORKS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| CHANBOND, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 15-844 (RGA) |
| | ) | |
| CABLE ONE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| CHANBOND, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 15-845 (RGA) |
| | ) | |
| CABLEVISION SYSTEMS | ) | |
| CORPORATION and | ) | |
| CSC HOLDINGS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

| | |
|---|---|
| CHANBOND, LLC,             ) | |
|             ) | |
|         Plaintiff,     ) | |
|             ) | |
|        v.         ) | C.A. No. 15-846 (RGA) |
|             ) | |
| CEQUEL COMMUNICATIONS, LLC and  ) | |
| CEQUEL COMMUNICATIONS     ) | |
| HOLDINGS I, LLC d/b/a SUDDENLINK   ) | |
| COMMUNICATIONS,        ) | |
|             ) | |
|        Defendants.   ) | |

| | |
|---|---|
| CHANBOND, LLC,             ) | |
|             ) | |
|         Plaintiff,     ) | |
|             ) | |
|        v.         ) | C.A. No. 15-847 (RGA) |
|             ) | |
| CHARTER COMMUNICATIONS, INC.,   ) | |
|             ) | |
|        Defendant.   ) | |

| | |
|---|---|
| CHANBOND, LLC,             ) | |
|             ) | |
|         Plaintiff,     ) | |
|             ) | |
|        v.         ) | C.A. No. 15-848 (RGA) |
|             ) | |
| COMCAST CORPORATION and    ) | |
| COMCAST CABLE COMMUNICATIONS,  ) | |
| LLC,            ) | |
|             ) | |
|        Defendants.   ) | |

| | |
|---|---|
| CHANBOND, LLC,             ) | |
|             ) | |
|         Plaintiff,     ) | |
|             ) | |
|        v.         ) | C.A. No. 15-849 (RGA) |
|             ) | |
| COX COMMUNICATIONS, INC.,   ) | |
|             ) | |
|        Defendant.   ) | |

CHANBOND, LLC,                                    )
                                                  )
                              Plaintiff,           )
                                                  )
                      v.                           )          C.A. No. 15-850 (RGA)
                                                  )
MEDIACOM COMMUNICATIONS                           )
CORPORATION,                                      )
                                                  )
                              Defendant.           )

CHANBOND, LLC,                                    )
                                                  )
                              Plaintiff,           )
                                                  )
                      v.                           )          C.A. No. 15-851 (RGA)
                                                  )
RCN TELECOM SERVICES, LLC,                        )
                                                  )
                              Defendant.           )

CHANBOND, LLC,                                    )
                                                  )
                              Plaintiff,           )
                                                  )
                      v.                           )          C.A. No. 15-852 (RGA)
                                                  )
TIME WARNER CABLE INC. and                        )
TIME WARNER CABLE ENTERPRISES                     )
LLC,                                              )
                                                  )
                              Defendants.           )

CHANBOND, LLC,                                    )
                                                  )
                              Plaintiff,           )
                                                  )
                      v.                           )          C.A. No. 15-853 (RGA)
                                                  )
WAVEDIVISION HOLDINGS, LLC,                       )
                                                  )
                              Defendant.           )

| | |
|---|---|
| CHANBOND, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WIDEOPEN WEST FINANCE, LLC, | ) |
| | ) |
| Defendant. | ) |

C.A. No. 15-854 (RGA)

## NOTICE OF THIRD-PARTY SUBPOENAS

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, defendants will serve the subpoenas attached hereto as Exhibits A-B on Arris Group, Inc.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

OF COUNSEL:

Michael L. Brody
Jonathan E. Retsky
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL  60601

Krishnan Padmanabhan
Anup K. Misra
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY  10166-4193

Alexandra McTague
James C. Lin
WINSTON & STRAWN LLP
275 Middlefield Road
Menlo Park, CA  94025

June 2, 2016

Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
jying@mnat.com

*Attorneys for Defendants*

# Exhibit A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Delaware

| | | |
|---|---|---|
| Chanbond, LLC | ) | |
| *Plaintiff* | ) | |
| | ) | Civil Action No.   C.A. Nos.15-842; 15-843; 15-844; |
| Atlantic Broadband Group, LLC, Bright House Networks, LLC, Cable One Inc., Cablevision Systems Corp., CSC Holdings, LLC, Cequel Communications, LLC, Cequel Communications Holdings I, LLC d/b/a Suddenlink Communications, Charter Communications, Inc., Comcast Corp., Comcast Cable Communications, LLC, Cox Communications, Inc., Mediacom Communications Corp., RCN Telecom Services, LLC, Time Warner Cable Inc., Time Warner Cable Enterprises LLC, WaveDivision Holdings, LLC, and WideOpen West Finance, LLC | ) ) ) ) ) ) ) | 15-845; 15-846; 15-847; 15-848; 15-849; 15-850; 15-851; 15-852; 15-853; 15-854 (RGA) |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Arris Group, Inc., 3871 Lakefield Drive, Suwanee, GA 30024
c/o Carol Ansley and Troy VanAacken, 3871 Lakefield Drive, Suwanee, GA 30024

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment A

| Place: Tiffany Alley Reporting and Video 1075 Peachtree St. NE Suite 3625 Atlanta, GA 30308 | Date and Time: 06/23/2016 9:00 am |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   06/01/2016

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Anup K. Misra |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
all defendants _____ , who issues or requests this subpoena, are:

Anup K. Misra, Winston & Strawn LLP, 200 Park Avenue, New York, NY 10166; (212) 294-6697, amisra@winston.com

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    C.A. Nos.15-842; 15-843; 15-844;

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                    _____

                                                          *Server's signature*

                                                 _____

                                                          *Printed name and title*

                                                 _____

                                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

        **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS

The following definitions are applicable to terms employed in responding to this Subpoena *Duces Tecum* ("Subpoena") for the production of documents:

1.      "ARRIS," "You," or "Yours" means ARRIS Group, Inc., and its predecessor in interest, Motorola Mobility, Inc.

3.      "DOCSIS 3.0" shall mean the Data Over Cable Service Interface 3.0 Specification released by CableLabs.

4.      "DOCSIS 3.0 MULPI SPEC" shall mean the DOCSIS 3.0 MAC and Upper Layer Protocols Interface Specification.

5.      "CMTS" shall mean cable modem termination system.

6.      "eMTA" shall mean embedded multimedia terminal adapter.

7.      "CM" shall mean cable modem or eMTA.

8.      "ARRIS DOCSIS 3.0 CMTS" shall mean an ARRIS CMTS that is compliant with the DOCSIS 3.0 Specification.

9.      "ARRIS DOCSIS 2.0 CMTS" shall mean an ARRIS CMTS that is compliant with the DOCSIS 2.0 Specification.

10.      "ARRIS DOCSIS 3.0 CM" shall mean an ARRIS CM that is compliant with the DOCSIS 3.0 Specification.

11.      "ARRIS DOCSIS 2.0 CM" shall mean an ARRIS CM that is compliant with the DOCSIS 2.0 Specification.

12.     "INITIALIZE" or "INITIALIZATION" shall mean performing the process of Cable Modem initialization or eMTA initialization as disclosed in the DOCSIS 3.0 Specification, and in particular, in the DOCSIS 3.0 MULPI SPEC.

13.     "REGISTER" or "REGISTRATION" shall mean performing the process of Cable Modem registration or eMTA registration as disclosed in the DOCSIS 3.0 Specification, and in particular, in the DOCSIS 3.0 MULPI SPEC.

14.     "CHANNEL" shall have the same meaning  as  used in the following excerpt of the DOCSIS 3.0 MULPI SPEC: "[t]he CMTS connects the operator's back office and core network with the HFC network. Its main function is to forward packets between these two domains, and optionally forward packets between upstream and downstream channels on the HFC network."

15.     "BONDED CHANNELS" shall mean CHANNELS that are used in a CHANNEL BONDING scenario as detailed in the DOCSIS 3.0 Specification, and in particular, in the DOCSIS 3.0 MULPI SPEC.

16.     "BONDED CHANNEL SET" shall have the same meaning as detailed in the DOCSIS 3.0 Specification, and in particular, in the DOCSIS 3.0 MULPI SPEC.

17.     "BONDING GROUP" shall l have the same meaning as detailed in the DOCSIS 3.0 Specification, and in particular, in the DOCSIS 3.0 MULPI SPEC.

18.     "END POINT" shall mean a device that communicates through a CM, such as a personal computer, tablet, or smartphone.

19.     "CUSTOMER PREMISES ROUTER" shall mean a router that allows one or more END POINTS to communicate through an ARRIS CM.

20.     "ADDRESS" shall mean characters that uniquely identify a device in a network.

21.     "MAC ADDRESS"  shall mean a Media Access Control ADDRESS.

22.     "RECEIVE CHANNEL SET" shall mean the receive channel set as disclosed in the DOCSIS 3.0 Specification, and in particular, in the DOCSIS 3.0 MULPI SPEC.

23.     "DSID" shall mean downstream service identifier as detailed in the DOCSIS 3.0 Specification, , and in particular, in the DOCSIS 3.0 MULPI SPEC.

24.     "SERVICE FLOWS" shall have the same meaning as detailed in the DOCSIS 3.0 Specification, , and in particular, in the DOCSIS 3.0 MULPI SPEC.

25.     "DYNAMIC BONDING CHANGE" or "DBC" shall have the same meaning as detailed in the DOCSIS 3.0 Specification, , and in particular, in the DOCSIS 3.0 MULPI SPEC.

## INSTRUCTIONS

1.     Unless otherwise stated in a request, the time period covered by the command of this Subpoena is January 1, 2005 to Present.

2.     It is your duty in answering these requests to conduct a reasonable investigation so that you disclose and produce all available responsive and non-privileged documents.

3.     You are under a continuing obligation to respond to the requests set forth herein. Accordingly, if you subsequently gain actual or constructive possession, custody, or control of any document called for in the requests set forth herein that has not been produced to Defendants, you must produce such document to Defendants as soon as possible or provide a written explanation to Defendants as to why you will not produce the document.

4.     The documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the requests.

## DOCUMENT REQUESTS

1.      Documents sufficient to demonstrate how ARRIS DOCSIS 3.0 CMs are INITIALIZED and REGISTERED.

2.      Documents sufficient to demonstrate how communications can be established using BONDED CHANNELS between ARRIS DOCSIS 3.0 CMTSs and CMs.

3.      Documents sufficient to demonstrate whether any information exchanged between a CMTS and CM in the process of INITIALIZATION, REGISTRATION, or establishment of BONDED CHANNELS, indicates whether any channel in the BONDED CHANNEL SET carries data information addressed to a specific END POINT.

4.      Documents sufficient to determine whether any ARRIS DOCSIS 3.0 CMTS or CM detects the channels being used on a DOCSIS network.

5.      Documents sufficient to determine whether any ARRIS DOCSIS 3.0 CMTS or CM can dynamically allocate channels in a DOCSIS network.

6.      Documents sufficient to demonstrate how ARRIS DOCSIS 3.0 CMTSs determine whether to use BONDED CHANNELS to transmit data to a CM.

7.      Documents sufficient to demonstrate how ARRIS DOCSIS 3.0 CMs determine whether to use bonded CHANNELS or a BONDED CHANNEL SET to transmit data to a CMTS.

8.      Documents sufficient to demonstrate the number of carrier frequencies in a BONDED CHANNEL SET used to communicate between an ARRIS CMTS and a CM.

9.      Documents sufficient to demonstrate how ARRIS DOCSIS 3.0 CMs resequence packets received over BONDED CHANNELS, including:

        a.      The use of DSIDs to resequence packets;

      b.       The use of attributes of the Internet Protocol to resequence packets;

      c.       The use of attributes of the MAC to resequence packets.

10.     Documents sufficient to demonstrate how ARRIS DOCSIS 3.0 CMs forward packets received over BONDED CHANNELS to the appropriate END POINT, including:

      a.       the use of DSIDs to resequence packets;

      b.       the use of attributes of the Internet Protocol to resequence packets;

      c.       the use of attributes of the MAC to resequence packets.

11.     Documents sufficient to demonstrate how ARRIS DOCSIS 3.0 CMs forward packets received over BONDED CHANNELS to the appropriate END POINT when connected to a CUSTOMER PREMISES ROUTER.

12.     Documents sufficient to demonstrate how ARRIS DOCSIS 3.0 CMTSs or ARRIS DOCSIS 3.0 CMs determine how to distribute packets across BONDED CHANNELS, including a BONDED CHANNEL SET or a BONDING GROUP.

13.     Documents sufficient to demonstrate whether ARRIS DOCSIS 3.0 CMTSs (transmitting in the downstream direction) and CMs (transmitting in the upstream direction) consider (a) throughput, (b) channel capacity when determining how to distribute packets across BONDED CHANNELS, including a BONDED CHANNEL SET or a BONDING GROUP.

14.     Documents sufficient to understand the effect of issuance of a DBC command by an ARRIS DOCSIS 3.0 CMTS, or receipt of a DBC command by an ARRIS DOCSIS 3.0 CM.

15.     Documents sufficient to demonstrate the process of upgrading each ARRIS DOCSIS 2.0 CMTS to an ARRIS DOCSIS 3.0 CMTS.

16.     Documents sufficient to determine the cost, if any, to upgrade each ARRIS DOCSIS 2.0 CMTS to an ARRIS DOCSIS 3.0 CMTS.

17.     Documents sufficient to determine the cost differential, if any, between ARRIS DOCSIS 2.0 CMs and ARRIS DOCSIS 3.0 CMs.

18.     Documents sufficient to identify, and demonstrate the functionality of, line cards for ARRIS DOCSIS 3.0 CMTSs.

19.     Documents sufficient to identify, and demonstrate the functionality of, software releases that support ARRIS DOCSIS 3.0 CMTSs.

# Exhibit B

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
District of Delaware

| | | | |
|---|---|---|---|
| Chanbond, LLC | | ) | |
| *Plaintiff* | | ) | |
| Atlantic Broadband Group, LLC, BrightHouse Networks, LLC, Cable One Inc., Cablevision Systems Corp., CSC Holdings, LLC, Cequel Communications, LLC, Cequel Communications Holdings I, LLC d/b/a Suddenlink Communications, Charter Communications, Inc., Comcast Corp., Comcast Cable Communications, LLC, Cox Communications, Inc., Mediacom Communications Corp., RCN Telecom Services, LLC, Time Warner Cable Inc., Time Warner Cable Enterprises LLC, WaveDivision Holdings, LLC, and WideOpen West Finance, LLC | | ) ) ) ) ) ) | Civil Action No.   C.A. Nos.15-842; 15-843; 15-844; 15-845; 15-846; 15-847; 15-848; 15-849; 15-850; 15-851; 15-852; 15-853; 15-854 (RGA) |
| *Defendant* | | | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:             Arris Group, Inc., 3871 Lakefield Drive, Suwanee, GA 30024
                c/o Carol Ansley and Troy VanAacken, 3871 Lakefield Drive, Suwanee, GA 30024
                *(Name of person to whom this subpoena is directed)*

  ☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Attachment B

| Place:  Tiffany Alley Reporting and Video<br>1075 Peachtree St. NE Suite 3625<br>Atlanta, GA 30308 | Date and Time:<br><br>08/04/2016 9:00 am |
|---|---|

          The deposition will be recorded by this method:     audio-visual and stenographic means

  ☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

          The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:       06/01/2016

                    *CLERK OF COURT*
                                                                OR
_____            _____
*Signature of Clerk or Deputy Clerk*                            */s/ Anup K. Misra*
                                                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
all defendants
                                                , who issues or requests this subpoena, are:
Anup K. Misra, Winston & Strawn LLP, 200 Park Avenue, New York, NY 10166; (212) 294-6697, amisra@winston.com

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. C.A. Nos.15-842; 15-843; 15-844;

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT B

Pursuant to Federal Rule of Civil Procedure 45(B), the deposition will be recorded by stenographic, audio, video, and/or real-time transcription (e.g. LiveNote) means. The examination will be taken for the purposes of discovery, for use at trial in this action, and for any purposes permitted under the Federal Rules of Civil Procedure.

## DEFINITIONS

The following definitions are applicable to terms employed in responding to this Subpoena *Duces Tecum* ("Subpoena") for the production of documents:

1.      "ARRIS," "You," or "Yours" means ARRIS Group, Inc., and its predecessor in interest, Motorola Mobility, Inc.

3.      "DOCSIS 3.0" shall mean the Data Over Cable Service Interface 3.0 Specification released by CableLabs.

4.      "DOCSIS 3.0 MULPI SPEC" shall mean the DOCSIS 3.0 MAC and Upper Layer Protocols Interface Specification.

5.      "CMTS" shall mean cable modem termination system.

6.      "eMTA" shall mean embedded multimedia terminal adapter.

7.      "CM" shall mean cable modem or eMTA.

8.      "ARRIS DOCSIS 3.0 CMTS" shall mean an ARRIS CMTS that is compliant with the DOCSIS 3.0 Specification.

9.      "ARRIS DOCSIS 2.0 CMTS" shall mean an ARRIS CMTS that is compliant with the DOCSIS 2.0 Specification.

10.     "ARRIS DOCSIS 3.0 CM" shall mean an ARRIS CM that is compliant with the DOCSIS 3.0 Specification.

11.     "ARRIS DOCSIS 2.0 CM" shall mean an ARRIS CM that is compliant with the DOCSIS 2.0 Specification.

12.     "INITIALIZE" or "INITIALIZATION" shall mean performing the process of Cable Modem initialization or eMTA initialization as disclosed in the DOCSIS 3.0 Specification, and in particular, in the DOCSIS 3.0 MULPI SPEC.

13.     "REGISTER" or "REGISTRATION" shall mean performing the process of Cable Modem registration or eMTA registration as disclosed in the DOCSIS 3.0 Specification, and in particular, in the DOCSIS 3.0 MULPI SPEC.

14.     "CHANNEL" shall have the same meaning  as  used in the following excerpt of the DOCSIS 3.0 MULPI SPEC: "[t]he CMTS connects the operator's back office and core network with the HFC network. Its main function is to forward packets between these two domains, and optionally forward packets between upstream and downstream channels on the HFC network."

15.     "BONDED CHANNELS" shall mean CHANNELS that are used in a CHANNEL BONDING scenario as detailed in the DOCSIS 3.0 Specification, and in particular, in the DOCSIS 3.0 MULPI SPEC.

16.     "BONDED CHANNEL SET" shall have the same meaning as detailed in the DOCSIS 3.0 Specification, and in particular, in the DOCSIS 3.0 MULPI SPEC.

17.     "BONDING GROUP" shall l have the same meaning as detailed in the DOCSIS 3.0 Specification, and in particular, in the DOCSIS 3.0 MULPI SPEC.

18.     "END POINT" shall mean a device that communicates through a CM, such as a personal computer, tablet, or smartphone.

19.     "CUSTOMER PREMISES ROUTER" shall mean a router that allows one or more END POINTS to communicate through an ARRIS CM.

20.     "ADDRESS" shall mean characters that uniquely identify a device in a network.

21.     "MAC ADDRESS"  shall mean a Media Access Control ADDRESS.

22.     "RECEIVE CHANNEL SET" shall mean the receive channel set as disclosed in the DOCSIS 3.0 Specification, and in particular, in the DOCSIS 3.0 MULPI SPEC.

23.     "DSID" shall mean downstream service identifier as detailed in the DOCSIS 3.0 Specification, , and in particular, in the DOCSIS 3.0 MULPI SPEC.

24.     "SERVICE FLOWS" shall have the same meaning as detailed in the DOCSIS 3.0 Specification, , and in particular, in the DOCSIS 3.0 MULPI SPEC.

25.     "DYNAMIC BONDING CHANGE" or "DBC" shall have the same meaning as detailed in the DOCSIS 3.0 Specification, , and in particular, in the DOCSIS 3.0 MULPI SPEC.

## DEPOSITION TOPICS

1.      The process by which ARRIS DOCSIS 3.0 CMs are INITIALIZED and REGISTERED.

2.      The process by which communications can be established using BONDED CHANNELS between ARRIS DOCSIS 3.0 CMTSs and CMs.

3.      The information exchanged between a CMTS and CM in the process of INITIALIZATION, REGISTRATION, or establishment of BONDED CHANNELS.

4.      Any detection of channels being used on a DOCSIS network by ARRIS DOCSIS 3.0 CMTSs or CMs.

5.      The method by which channels are allocated, including any dynamic allocation of channels, for an ARRIS DOCSIS 3.0 CMTS or CM in a DOCSIS network.

6.      The process used by

   a.      *ARRIS* DOCSIS 3.0 CMTSs to determine whether to use BONDED CHANNELS to transmit data to a CM.

   b.      *ARRIS* DOCSIS 3.0 CMs to determine whether to use BONDED CHANNELS to transmit data to a CMTS.

7.      The number of carrier frequencies in a BONDED CHANNEL SET used to communicate between an ARRIS CMTS and a CM.

8.      The process by which ARRIS DOCSIS 3.0 CMs perform any resequencing of packets received over BONDED CHANNELS, including the use of DSIDs or attributes of the IP or MAC protocols.

9.      The process by which ARRIS DOCSIS 3.0 CMs forward packets received over BONDED CHANNELS to the appropriate END POINT, including the use of DSIDs or attributes of the IP or MAC protocols.

10.     The process by which ARRIS DOCSIS 3.0 CMs forward packets received over BONDED CHANNELS to the appropriate END POINT, including the use of DSIDs or attributes of the IP or MAC protocols, when connected to a CUSTOMER PREMISES ROUTER.

11.     The process by which an ARRIS DOCSIS 3.0 CMTSs or ARRIS DOCSIS 3.0 CMs determine how to distribute packets across BONDED CHANNELS, including a BONDED CHANNEL SET or a BONDING GROUP.

12.     Consideration of (a) throughput or (b) channel capacity by an ARRIS DOCSIS 3.0 CMTS (transmitting in the downstream direction) or ARRIS DOCSIS 3.0 CM (transmitting in the upstream direction) during any determination of how to distribute packets across BONDED CHANNELS, including a BONDED CHANNEL SET or a BONDING GROUP.

13.     The effect of issuance of a DBC command by an ARRIS DOCSIS 3.0 CMTS, or receipt of a DBC command by an ARRIS DOCSIS 3.0 CM.

14.     Hardware within an ARRIS DOCSIS 3.0 CMTS or ARRIS DOCSIS 3.0 CM involved in INITIALIZATION, REGISTRATION, or establishment of the use of BONDED CHANNELS.

15.     The ability to upgrade, and process of upgrading, each ARRIS DOCSIS 2.0 (or lower) CMTS to an ARRIS DOCSIS 3.0 CMTS.

16.     The cost to upgrade each ARRIS DOCSIS 2.0 (or lower) CMTS, if any, to an ARRIS DOCSIS 3.0 CMTS.

17.     The cost differential, if any, between ARRIS DOCSIS 2.0 CMs and ARRIS DOCSIS 3.0 CMs.

18.     Authenticity of documents produced response to the Document Requests in Exhibit A.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 2, 2016, copies of the foregoing were caused to be

served upon the following in the manner indicated:

Richard D. Kirk, Esquire                                      *VIA ELECTRONIC MAIL*
Stephen B. Brauerman, Esquire
Vanessa R. Tiradentes, Esquire
Sara E. Bussiere, Esquire
BAYARD, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE  19801
*Attorneys for Plaintiff*

Mark Raskin, Esquire                                          *VIA ELECTRONIC MAIL*
Robert Whitman, Esquire
John F. Petrsoric, Esquire
Michael S. DeVincenzo, Esquire
MISHCON DE REYA NEW YORK LLP
2 Park Avenue, 20th Floor
New York, NY  10016
*Attorneys for Plaintiff*


*/s/ Jennifer Ying*

_____
Jennifer Ying (#5550)