

222 Delaware Avenue • Suite 900  
P.O. Box 25130 • Wilmington, DE 19899  
Zip Code For Deliveries 19801

Writer's Direct Access:  
(302) 429-4232  
sbrauerman@bayardlaw.com

June 24, 2016

**VIA CM/ECF & HAND DELIVERY**
The Honorable Richard G. Andrews
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, Delaware 19801

      Re:    *ChanBond, LLC v. Atlantic Broadband Group, LLC, et al.*,
               C.A. Nos. 15-842-RGA-MPT through 15-854-RGA-MPT

Dear Judge Andrews:

      I write on behalf of Plaintiff ChanBond LLC ("ChanBond") regarding two issues we would like to discuss at the June 28, 2016 discovery conference.

      The first issue concerns defendants' core technical productions under the Court's Default Standard for Discovery. There are thirteen defendants in this action, each represented by the same counsel, and each has failed to produce core technical documents as required under the Court's Default Standard for Discovery.

      On January 19, 2016, as part of its infringement contentions, ChanBond identified the infringing DOCSIS 3.0 cable modems and services offered by defendants based on their own public documentation.[1] ChanBond also generally identified defendants' infringing cable modem termination systems (CMTS) and other cable modems (the exact identity of which are not publicly available).

      On March 25, 2016 each of the thirteen defendants certified to the Court that they served their "Core Technical Documents" pursuant to Paragraph 4(b) of the Local Rules and the Court's Scheduling Order. *See, e.g.*, D.I. 30 (15cv842), 28 (15cv843).

      On April 11, 2016 ChanBond requested a meet and confer because none of the defendants (save for WideOpenWest ("WOW")) produced documents sufficient to even identify the DOCSIS 3.0 cable modems or CMTS's currently and historically employed by defendants. Defendants' productions also omitted technical information for the cable modems and high-speed data service offerings that ChanBond had expressly identified in its initial infringement contentions. Not a single defendant produced internal documents directed to its

---

[1] ChanBond could not identify all potentially infringing DOCSIS 3.0 cable modems because many are proprietary and known only to the defendants.



DOCSIS 3.0 high-speed data services, or the manner in which defendants sell, lease or offer for sale the accused DOCSIS 3.0 products used to provide those services. (*See* Ex. A, April 11, 2016 Correspondence.)

As examples of responsive core technical documents, ChanBond provided documents WOW produced, which identified the cable modems, the CMTS's and CMTS configurations (line cards, etc. – but not software) that WOW provided to its customers.

Nine days later, on April 20, 2016, defendants' counsel responded. Instead of agreeing to a date for a meet and confer, defendants asked Chanbond for "a more specific letter," stating that only then would defendants "schedule a meet and confer." (Ex. B, April 20, 2016 Correspondence.) On April 21, 2016, ChanBond again requested a meet and confer, reminding defendants that it already identified the deficiencies in defendants' core technical document productions in the April 11, 2016 correspondence.

Since then, ChanBond has written numerous emails and had multiple meet and confer teleconferences with counsel for defendants, to no avail. Each defendant has failed to properly supplement its production. Defendants have even failed to produce core technical documents from their own company websites, despite acknowledging that such documents (e.g. user manuals, installation manuals, and specifications) were required to be produced under the Court's Default Standard for Discovery. (*See* Ex. C, May 25, 2016 Correspondence.) ChanBond has still not received from defendants documents sufficient to disclose the identity, configuration and utilization of DOCSIS 3.0-compatible cable modems and CMTS's employed by defendants in their networks and ChanBond requests an order compelling their production. Defendants' refusal to produce these documents has wasted months, hampering ChanBond's ability to pursue its case.[2]

The second issue concerns defendants' responses to ChanBond's document requests. Defendants believe they do not have to produce documents responsive to the document requests ChanBond served in January until the deadline for "substantial completion" for document discovery in December.

On January 14, 2016, ChanBond served a first set of requests for production on each defendant. On February 19, 2016, each defendant responded only with objections. For many of the requests, defendants (i) requested a meet and confer, (ii) stated that the production would be part of the Core Technical Production, or (iii) stated that documents would be produced "on a rolling basis to be completed before the document production deadline set in the Scheduling Order." Despite five months having passed since their deadline to respond, defendants have failed to begin their "rolling production."

On March 21, 2016, the parties' conferred and counsel for the defendants indicated that a "rolling production" of responsive documents would begin shortly.

On May 16, 2016, ChanBond requested a meet and confer because every defendant failed to provide any "rolling production" and each defendant had failed to produce documents

---

[2] During an April 26 meet and confer, defendants indicated they would begin to identify their cable modems and identify and provide documents for the configuration of their CMTS's. While certain defendants have since identified their cable modems and CMTS's, nearly nine weeks later many defendants have not. However, even the information provided has been insufficient (e.g., defendants have not identified the underlying hardware and software configurations of the CMTS's).



concerning numerous requests for production including numbers 5, 7-22, 24-28, 31, 35, 37, 38, 41-43, 45-47, 49, 50, 52, and 54-66. (*See* Ex. D, May 16 Correspondence.)

On May 25, 2016, defendants' counsel represented that a rolling production from some of the defendants would begin "soon." However, defense counsel could not and would not give a date certain when such production would begin for even a single defendant. On June 10, 2016, defense counsel further argued that the Scheduling Order's date for "substantial completion" of discovery alters the requirements of the Federal Rules of Civil Procedure (particularly Rule 34(b)(2)(B)) and that defendants are not obligated to produce documents before December 2016. (*See* Ex. E, June 10, 2016 Correspondence.)

To aid defendants' efforts, during one the many meet and confers, ChanBond offered to limit the products at issue if defendants would first produce information on the extent of their use of the Accused Products. Defendants refused. ChanBond has repeatedly given counsel for defendants' descriptions of the types of documents it needs and wants in order to help defendants prioritize their production, to no avail.

Five months after the service of document requests none of the thirteen defendants has begun producing documents on a rolling basis in earnest. Such a deficiency among thirteen different parties represents a coordinated strategy that has hampered and will continue to impair ChanBond's ability to conduct expert discovery and prepare this case for trial. Given the number of products and defendants at issue, ChanBond requests an order compelling each of the thirteen defendants to produce documents within 30 days following a reasonable investigation for responsive documents.

Respectfully submitted,

*/s/ Stephen B. Brauerman*

Stephen B. Brauerman (No. 4952)

cc:   All counsel