## MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

(302) 658-9200
(302) 658-3989 FAX

JENNIFER YING
(302) 351-9243
(302) 225-2570 FAX
jying@mnat.com

June 24, 2016

The Honorable Richard G. Andrews                                **BY E-FILING**
The United States District Court
 for the District of Delaware
844 North King Street
Wilmington, DE 19801

    Re: *Chanbond LLC v. Atlantic Broadband Finance, LLC, et al.*,
       C.A. No. 15-842 (RGA) through C.A. No. 15-854 (RGA)

Dear Judge Andrews:

  The Defendants in these actions write in connection with the June 28 discovery dispute conference. Defendants request that the Court impose a limit on the number of patent claims that Plaintiff ChanBond LLC may assert in these matters. At present, Plaintiff asserts 69 claims across three patents. The parties are set to exchange their proposed lists of terms for construction on July 11, 2016. C.A. No. 15-842, D.I. 42. Reducing the number of asserted claims in advance of that date will eliminate the need to construe an excessive number of claim terms, and prevent the *Markman* process from becoming unwieldy. Defendants believe that a limit of 8 asserted claims per patent, or 24 total claims, will permit a workable *Markman* process, and should allow the parties to brief 15 or fewer *Markman* terms as Plaintiff has previously requested.[1] Defendants have discussed this matter with Plaintiff, but have been unable to reach agreement.

  Ironically, Plaintiff first raised the concern of a *Markman* process burdened by too may claim terms. To address this concern, during the January 7, 2016 scheduling conference, Plaintiff proposed the parties be restricted to construing a total of 15 claim terms.[2] In discussing this proposal, Defendants noted that the asserted patents contain over 100 claims, and that assertion of a large number of claims would make Plaintiff's proposal to limit the number of

---

[1] For purposes of this proposal, claim terms that can be commonly briefed and argued will be considered a single claim term.

[2] *See* Jan. 7, 2016 Hearing Tr. at 9:7-20 (Ex. A).

The Honorable Richard G. Andrews
June 24, 2016
Page 2

*Markman* terms unworkable. Plaintiff assured the Court that it had no intention of asserting a large number of claims as the parties entered the *Markman* process.

> THE COURT: Again, I'm pretty sure Mr. Brauerman can predict what my reaction is going to be if they're asserting 80 claims before the Markman. I don't think they'll be doing that, right.
>
> MR. BRAUERMAN: We will not, your Honor.[3]

But, contrary to their assurances, Plaintiff's initial disclosure of asserted claims on May 12, 2016 identified almost every claim of the three patents-in-suit – 108 claims in total – as asserted.[4] Defendants promptly raised the issue with Plaintiff. In response, rather than reduce the number of asserted claims to a manageable number, ChanBond insisted on asserting 69 claims in its initial infringement contentions on May 26, 2016.[5] ChanBond's infringement contentions also set forth two theories of infringement, against very different types of equipment, for many of the asserted claims. The first theory accuses equipment used in the homes of Defendants' high-speed data subscribers, and the second theory accuses equipment in Defendants' networks used to support high-speed data service.[6] And although the allegations center around a common industry standard (DOCSIS 3.0), the differences in the allegations against these two types of equipment raises additional claim term disputes, and has the effect of increasing the size of the case beyond just 69 asserted claims.

In complex cases, such as this one, the court has "broad discretion to administer the proceeding." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1232 (9th Cir. 2006). Limitations on the number asserted patent claims have been regularly used as a docket management tool in this Court, as well as in courts around the country, to promote judicial economy in cases involving complicated technology. *Masimo Corp. v. Philips Elecs. N. Am. Corp.*, 918 F. Supp. 2d 277, 282 (D. Del. 2013) ("In this jurisdiction, limiting the number of claim terms the court will construe and the number of patent claims a party may assert is well recognized."); *EMC Corp. v. Pure Storage, Inc.*, C.A. No. 13-1985-RGA, D.I. 66 (D. Del. Sept. 19, 1994) (limiting case to 32 asserted claims in five patents) (Ex. E); *Agincourt Gaming LLC v. Zynga, Inc.*, C.A. No. 11-720-RGA, D.I. 125 (D. Del. May 14, 2014) (limiting case to eight asserted claims per patent) (Ex. F); *see, also, In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1302, 1311 (Fed. Cir. 2011) (affirming claim limitation procedure); *Havco Wood Prods., LLC v. Indus. Hardwood Prods., Inc.*, No. 10-cv-566-WMC, 2011 WL 5513214, at *6 (W.D. Wis. Nov. 10, 2011) (limiting case to three asserted claims per patent); *Eagle Harbor Holdings, LLC v. Ford Motor Co.*, 2013 WL 6173761, at *1 (W.D. Wash. Nov. 25, 2013) (limiting case to 35 asserted claims); *Medtronic Minimed Inc. v. Animas Corp.*, 2013 WL

---

[3] *See* Jan. 7, 2016 Hearing Tr. at 10:21-25 (Ex. A).

[4] *See* ChanBond's Rule 3(c) Disclosure, dated May 12, 2016 (Ex. B).

[5] *See* ChanBond'sSecond Amended Rule 3(c) Disclosure, dated May 26, 2016 (Ex. C).

[6] *See* ChanBond's Rule 4(c) Infringement Contentions, dated May 26, 2016 (Ex. D).

Case 1:15-cv-00842-RGA   Document 44   Filed 06/24/16   Page 3 of 3 PageID #: 814

The Honorable Richard G. Andrews
June 24, 2016
Page 3

3322248, at *1 (C.D. Cal. April 5, 2013) (limiting case to four asserted claims per patent); *Adobe Sys. Inc. v. Wowza Media Sys. LLC*, No. 11-cv-02243-JST, 2013 WL 9541126, at *1 (N.D. Cal. May 6, 2013) (limiting case to 20 asserted claims).

      Good cause exists for reducing the number of asserted claims in this matter. Each of the three patents is asserted against the same two types of equipment, and the practice of the same industry standard (DOCSIS 3.0). All three asserted patents also share a common specification, descend from the same parent application, have the same inventors, and address the same subject matter. This commonality between the asserted patents supports the reduction of the number of asserted claims in this action. *Masimo*, 918 F. Supp. 2d at 284 (limitation of asserted claims appropriate in light of "the genealogy of the asserted patents and the relationship among them"). The 69 asserted claims encompass largely overlapping subject matter that could readily be represented by a smaller number of claims. As it stands, the sheer number of claims makes this litigation "unwieldy." *See, e.g., id.* at 282 ("[M]ore than 95 claims are asserted by Masimo on seven patents, averaging more than 12 claims per patent, making this litigation unwieldy.").

      Respectfully,

      */s/ Jennifer Ying*

      Jennifer Ying (#5550)

JY:pab
Attachments

cc:    Clerk of Court (by hand; w/attachments)
       All Counsel of Record (by e-mail; w/attachments)