IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE CHANBOND, LLC<br>PATENT LITIGATION | ) ) ) ) | C.A. No. 15-842 (RGA)<br>CONSOLIDATED<br><br>REDACTED -- PUBLIC VERSION |

## LETTER TO THE HONORABLE RICHARD G. ANDREWS
## FROM JENNIFER YING REGARDING DISCOVERY DISPUTE

OF COUNSEL:

Michael L. Brody
Jonathan E. Retsky
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL  60601

Krishnan Padmanabhan
Anup K. Misra
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY  10166-4193

James C. Lin
WINSTON & STRAWN LLP
275 Middlefield Road, Suite 205
Menlo Park, CA  94025

Original Filing Date:  May 1, 2018
Redacted Filing Date:  May 10, 2018

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
jying@mnat.com

*Attorneys for Defendants*

Dear Judge Andrews:

ChanBond has engaged in classic misuse of privilege, applying it as both sword and shield, to suit its convenience. Not only has ChanBond made improper assertions of privilege that have prevented Defendants from obtaining relevant testimony, ChanBond has refused to provide sufficient detail in its privilege log that would permit Defendants to evaluate whether the purported claims of privilege are proper.

**I.     Relevant Factual Background.** In 2012, the named inventors and owners of CBV[1] – Messrs. Hennenhoefer, Snyder, and Stine – marketed their patent portfolio, including the asserted patents, for sale. In pursuit of that effort, CBV authorized its patent attorney, Patrick Keane, to ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ (emphasis in original).

In October 2013, ███████████████████████████████████████ Ex. D (CHANBOND-12194-5); Ex. E (Carter Tr.), 54:2-9, 29:10-14. In August 2014, ChanBond, LLC was formed █████████████████████ Ex. E (Carter Tr.), 52:25-53:6; 54:6-9. ████████████████████████ Ex. E (Carter Tr.), 54:2-9, 29:10-14. On April 9, 2015, ████████████████████████████████████████████████████████████████████ *Id.* at Ex. F (CHANBOND-001498-51).

Shortly after this case was filed in 2015, ████████████████████████████████████ Ex. G (CHANBOND-11835-869). ████████████████████████████ Ex. E (Carter Tr.) at 20:18-21:2. All of the relevant documents from CBV and Ms. Leane in her role with IP Navigation and ChanBond have been turned over to litigation counsel for ChanBond. Further, all of the Plaintiff-related entities – Z-Band, CBV, ChanBond, Unified Online, and those entities' respective attorneys – are represented by ChanBond's litigation counsel.

---

[1] CBV was a holding company formed by the named inventors, and into which the patent applications were transferred in 2008. Ex. I (Stine Tr.) at 218:22 – 219:14. The inventors also had an operating company, Z-Band, which was the original patent assignee. *Id.*

**II.     The Offer for Sale Through AST Is Not Privileged.**  There is no dispute that



*Idenix Pharmas., Inc. v. Gilead Sci., Inc.*, 195 F. Supp. 3d 639, 644 (D. Del. 2016) (holding communications non-privileged "[i]f the primary purpose . . . is to solicit or render advice on non-legal matters").  Accordingly, Defendants ask the Court to reopen the deposition of Mr. Keane regarding CBV's marketing efforts.

**III.     The ChanBond and UOL's Materials Are Not Privileged.**  In connection with its acquisition of the ChanBond patents in October 2015, ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ UOL and CB Capital produced the final valuation in response to subpoenas from Defendants, and its witnesses testified about it.  The valuation utilizes multiple methodologies, one of which yielded a ▌ ▌▌▌▌ figure, based on ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ ▌▌▌ Ex. E (Carter Tr.), 214:5-215:8, 216:10-218:18 (discussing ▌▌▌▌▌▌ ▌▌▌ at Ex. J (UNIFIED000001-174) at UNIFIED_000011).  The final valuation also contained another methodology ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ *See* Ex. J (UNIFIED000011) ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌; Ex. K (CBCAP_000574).

Despite producing the final valuation containing multiple figures, UOL and CB Capital have purported to claim privilege over the documents underlying both methodologies, including documents that ChanBond (the seller) sent to CB Capital, the financial analysis firm of UOL (the purchaser).  *See e.g.,* Ex. L (CB Capital Privilege Log) at No. 7 (Leane of ChanBond to CB Capital ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌.  Those documents are undoubtedly relevant to issues of damages. *See Acceleration Bay LLC v. Activision Blizzard*, Inc., 2018 WL 798731, at *3 (D. Del. Feb. 9, 2018).  It cannot be that the final valuation is not privileged, but the underlying documents are—

either all are, or none are. *See Net2Phone, Inc. v. Ebay, Inc.*, No. CIV.A. 06-2469 KSH, 2008 WL 8183817, at *12 (D.N.J. June 26, 2008). ChanBond has never claimed privilege to these final valuations, presumably because they help its case. As such, Defendants request an order to produce valuation materials ChanBond provided to UOL/CB Capital, and vice-versa.

**IV.  ChanBond's Deficient Privilege Log.** In ChanBond's first privilege log, served on February 26, 2018, the "description" for each of the 1,300 entries is nothing more than a conclusory statement that the withheld document "███████████████████████ ██████ or was ██████████████████████." Ex. M (ChanBond's Priv. Log). The log also failed to identify whether communications were sent to/from an attorney. Defendants immediately identified these deficiencies and asked ChanBond to supplement to include sufficient information so as to allow Defendants to "assess the claim," which necessarily included an identification of the date, author, recipient(s), and a brief description of the subject matter of the communication or document. *See* Ex. N (Feb. 28, 2018 Letter) at 2 (citing Fed. R. Civ. P. 26(b)(5)(ii); *Affinion Net Patents, Inc.*, C.A. No. 04-cv-360-JJF (D. Del. Aug. 23, 2006); *Endeavor Energy Resources, L.P. v. Gatto & Reitz, LLC*, C.A. No. 13-cv-542, 2017 WL 1190499, at *14 (W.D. Pa. Mar. 31, 2017)). On March 9, 2018 ChanBond served a First Amended Privilege Log, but rather than address these deficiencies, the amended log relies on the same conclusory descriptions as the original log. Ex. O (ChanBond's 1st Amended Priv. Log). Defendants renewed their request, and pointed ChanBond to the level of description found in the privilege log of ChanBond's affiliate Z-Band. Ex. P (Mar. 21, 2018 Brody to Raskin).

Despite these repeated requests, ChanBond has refused to supplement its log with adequate descriptions. Ex. Q (Apr. 11, 2018 Brody to Raskin). The only substantive update ChanBond has provided is a list of attorneys to help identify potential attorney-client communications. Ex. R (Mar. 9, 2018 Attorney List). But even with that list, the amended log still claims privilege/work product over entries for which no attorney is disclosed. *See, e.g.,* Ex. O, Entries 13, 19-21 (IP Nav to File); Ex. O, Entries 22-23 (alleged work product and common interest documents without attorneys listed). And even this disclosure of attorneys appears incomplete. For example, ChanBond asserts that documents ████████████████████ ██████████████████████, are privileged based on ██████████████████████. Ex. S (Apr. 27, 2018 Whitman to Padmanabhan). But patent agent communications are only privileged when the agent is acting under the direction of an attorney, during patent prosecution activities, or when representing a party in a proceeding (e.g., USPTO proceeding). *E.I. du Pont de Nemours & Co. v. MacDermid, Inc.*, Case No. 06–3383-MLC, 2009 WL 3048421, at *4-5 (D. NJ Sept. 17, 2009). None of those scenarios is applicable here.

It is ChanBond's burden to show that the documents are entitled to a claim of privilege. *In re Joy Global, Inc.*, No. 01-039-LPS, 2008 WL 2435552, at *4–5 (D. Del. June 16, 2008). Courts have held that where a party fails to meet that burden, production of the withheld documents is an appropriate remedy. *Schwarz Pharma, Inc. v. Teva Pharmas. USA, Inc.*, 2007 WL 2892744, at *2 (D.N.J.2007) (finding that the appropriate sanction for failure to provide a legally sufficient privilege log is production of the logged documents). Should ChanBond refuse to supplement, or fail to adequately supplement its privilege log to meet the requirements of the Federal Rules, ChanBond should be ordered to produce the withheld documents.

Respectfully,

*/s/ Jennifer Ying*

Jennifer Ying (#5550)
Counsel for Defendants

cc: Clerk of Court (by hand)
     All Counsel of Record (by e-mail)

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on May 1, 2018, upon the following in the manner indicated:

| | |
|---|---|
| Richard D. Kirk, Esquire<br>Stephen B. Brauerman, Esquire<br>Sara E. Bussiere, Esquire<br>BAYARD, P.A.<br>600 North King Street, Suite 400<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Mark Raskin, Esquire<br>Robert Whitman, Esquire<br>John F. Petrsoric, Esquire<br>Michael S. DeVincenzo, Esquire<br>MISHCON DE REYA NEW YORK LLP<br>156 Fifth Avenue, Suite 904<br>New York, NY  10010<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Jennifer Ying*
Jennifer Ying (#5550)