IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IN RE CHANBOND, LLC, PATENT LITIGATION | ) ) ) ) ) ) ) ) | C.A. No. 15-842 (RGA) CONSOLIDATED<br><br>REDACTED -- PUBLIC FILING |

**DEFENDANTS' LETTER BRIEF RELATED TO *IN CAMERA* REVIEW
OF CERTAIN CHANBOND DOCUMENTS**

OF COUNSEL:

Michael L. Brody
Jonathan E. Retsky
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL  60601
(312) 558-5600

Krishnan Padmanabhan
Anup K. Misra
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY  10166-4193
(212) 294-6700

James C. Lin
WINSTON & STRAWN LLP
275 Middlefield Road
Menlo Park, CA  94025
(650) 858-6500

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
jying@mnat.com

*Attorneys for Defendants*

Original Filing Date:  September 19, 2018
Redacted Filing Date:  October 3, 2018

Dear Judge Andrews:

Pursuant to the Court's September 17, 2018 Oral Order (D.I. 312), Defendants provide this letter concerning the 29 documents submitted for *in camera* review from plaintiff ChanBond's Seventh Amended Privilege Log.[1]  As explained below, each of the 29 documents at issue falls into one or more categories, none of which are privileged.

By way of background, following the August 9, 2018 discovery conference, the parties engaged in several meet and confers, at which point counsel for ChanBond informed Defendants, for the first time, that certain documents were being withheld not based on any ChanBond privilege, but rather, based on the alleged privilege of third-party IP Navigation ("IP Nav").  *See* D.I. 305.  Counsel for ChanBond then served the August 23 log (Ex. 1), which contained for the first time an identification of the purported privilege holder.

## I.   IP Navigation Cannot Claim Any Work Product Privilege

Entries 481 – 483 are being withheld based on IP Nav's supposed work product privilege, even though tha███████████████████████████████████████████████████████ ████████████████████████ (*see* D.I. 291, Ex. 6).  But, IP Nav's principal, Ms. Deirdre Leane, testified that ████████████████████████████████████████████████████████████ ████████████████ *See* Ex. 2, Leane Tr. 169:16 – 170:17.  And IP Nav's only agreement related to the asserted patents – a ███████████ agreement – states that ███████████ ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ██████████████████████████ Ex. 3, CHANBOND 010611-12 (emphasis added).  Thus, IP Nav's  pre-acquisition  analysi███████████████████████████████████████████████ ████████████████████████████████████████████████████ and there can be no claim of "work product" for these pre-acquisition documents.  *See Acceleration Bay LLC v. Activision Blizzard, Inc.,* C.A. No. 16-453, 2018 WL 798731, at *1 (D. Del. Feb. 9, 2018) (ordering production of documents prepared primarily for business purposes, obtaining a loan to fund litigation); *Diagnostics Sys. Corp. v. Symantec Corp.*, C.A. No. 06-1211, 2008 WL 9396387, at *6 (C.D. Cal. Aug. 12, 2008) (initial efforts to monetize patents before specific litigation plans cannot be afforded work product protection).  Indeed, no ██████████████ agreement between IP Nav and the inventors was ever finalized or executed.  *See* D.I. 294, Ex. 2 ████████

Entries 545, 794 – 795, 804 – 805, 824, 894 – 895, 899, 901, and 903 are being withheld as IP Nav's supposed work product and attorney-client privilege.  As discussed above, work product cannot apply.  Nor can there be any attorney-client privilege.  As IP Nav's own principal testified (Ex. 2, Leane Tr. 173:3 – 175:9), ████████████████████████████████████ ██████████████████████████████████████ *See In re Bristol-Myers Squibb Sec. Litig.*, C.A. No. 00-1990, 2003 WL 25962198, at *5 (D.N.J. June 25, 2003) ("When a client's ultimate goal is not legal advice, but rather, business advice, the attorney-client privilege is inapplicable." (citing *United States v. Rockwell, Int'l*, 897 F.2d 1255, 1264 (3d Cir.1990));

---

[1]   These documents are the following entries on ChanBond's Seventh Supplemental Privilege Log: 2, 3, 51, 162, 163, 164, 165, 166, 167, 180, 266, 290, 481, 482, 483, 545, 588, 794, 795, 804, 805, 822, 824, 825, 894, 895, 899, 901, and 903.  Although document 594 was initially identified (*see* D.I. 302), Defendants are no longer challenging entry 594.

*Immersion Corp. v. HTC Corp.*, C.A. No. 12-259, 2014 WL 3948021, at *2 (D. Del. Aug. 7, 2014) (no attorney-client privilege for documents provided "primarily for business purposes" relating to "licensing/royalty rates, [which was] the primary purpose of the Plaintiff's business").

## II.   There is No Privilege Because IP Navigation Did Not Provide Legal Advice

Entry 180 is supposedly being withheld as ChanBond's privileged material.  But, that document was authored by, and reflects the advice of, ████████████████████████████. Counsel for ChanBond has repeatedly made clear that IP Nav did not provide legal advice to ChanBond, or anyone else.  D.I. 279 (June 13, 2018) Tr. at 38:5 – 12 ("[THE COURT]: And tell me if I'm being unfair in characterizing it here – what you're saying is, IP Nav, which is not in the business of providing legal services . . . . MR. RASKIN: Yes."); *see also id.* at 34:5 – 15; Ex. 4, Carter Tr. at 41:9 – 12 ████████████████████████████████████████ ███████████████████████   It is unclear how a document authored by ███████████████—which did not provide legal services—can be protected under ChanBond's privilege.

## III.   Entries with No Privilege Holder Identification Should be Produced

For entries 2, 3, 51, 266, 290, and 822, ChanBond did not identify the party, *i.e.* ChanBond or IP Nav, purporting to assert privilege/work product.  *See* Ex. 1.  ChanBond bears the burden of demonstrating that each of the withheld documents is entitled to a claim of privilege or work product.  *In re Joy Global, Inc.*, No. 01-039-LPS, 2008 WL 2435552, at *4–5 (D. Del. June 16, 2008).  To satisfy that burden, ChanBond must provide sufficient information to "assess the applicability" of privilege.  *Chao v. Koresko*, No. 04-3614, 2005 WL 2521886, at *4 (3d Cir. Oct. 12, 2005) (quoting Fed. R. Civ. P. 26(b)(5)).  Without the basic information of whose privilege is purportedly being asserted, there is no credible way to assess the privilege claim.  Moreover, ChanBond's log is now on its seventh revision, and any shortcoming now cannot be inadvertent.  Indeed, based on the date and recipients, these documents appear to be related to IP Nav's business practice of assessing the viability of patents for monetization.  *See* Section I, *supra*.  Thus, there is substantial doubt regarding any claim of privilege/work product by IP Nav.  *See Acceleration Bay*, 2018 WL 798731, at *1.  Alternatively, these documents were all exchanged between IP Nav personnel prior to the █████████ acquisition of the patents-in-suit, and therefore cannot be withheld based on any purported ChanBond privilege.  Having failed to show a *prima facie* case of privilege, these documents should be produced.

## IV.   Work Product Protection Does Not Apply to Draft Patent Applications

Entry 588 is a draft patent prosecution document supposedly prepared "in anticipation of litigation" dated April 6, 2015.  Counsel for ChanBond confirmed that the █████████████ ███████████████████████████████.  It is unclear how ChanBond can claim work product protection over prosecution files for an unissued patent.  *See Application of Minebea Co., Ltd.,* 143 F.R.D. 494, 499 (S.D.N.Y. 1992) ("Generally, work performed by an attorney to prepare and prosecute a patent application does not fall within the parameters of the work-product protection . . . since the prosecution of patent application is a non-adversarial, *ex parte* proceeding." (citing *Hercules v. Exxon Corp.,* 434 F. Supp. 136, 152 (D. Del. 1977))).  In addition, it is unclear how ChanBond can claim this work product benefit for a document prepared on ███████████████████ before Chanbond acquired any rights to the portfolio containing the asserted patents and its continuations on ██████████.

Defendants request that ChanBond be ordered to produce the 29 challenged documents.

2

Respectfully,

*/s/ Jennifer Ying*

Jennifer Ying (#5550)

cc:     Clerk of Court (by hand)
        All Counsel of Record (by e-mail)