

600 N. King Street ● Suite 400                                                                      Writer's Direct Access:
P.O. Box 25130 ● Wilmington, DE 19899                                      (302) 429-4232
Zip Code For Deliveries 19801                                                           sbrauerman@bayardlaw.com

September 21, 2018
Redacted Version Filed: October 3, 2018

**VIA CM/ECF & HAND DELIVERY (FILED UNDER SEAL)**
**REDACTED VERSION**

The Honorable Richard G. Andrews
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, Delaware 19801

      Re:    *ChanBond, LLC v. Atl. Broadband Group, LLC, et al.*, Cons. C.A. No. 15-842-RGA

Dear Judge Andrews:

      Pursuant to the Court's September 17, 2018 Oral Order (D.I. 312), ChanBond LLC provides this response to Defendants' September 19, 2018 letter.

      ChanBond notes that while Defendants stated that following the August 9, 2018 discovery conference "counsel for ChanBond informed Defendants, for the first time, that certain documents were being withheld not based on any ChanBond privilege, but rather, based on the alleged privilege of third-party IP Navigation," this issue was first raised by Defendants during a meet and confer after the conference. This should have been anticipated by Defendants in light of the fact that Defendants were aware that Deirdre Leane was a principal and/or executive of both IP Nav and ChanBond. Defendants should have expected Ms. Leane to have documents for both IP Nav and ChanBond.

### I.    IP Navigation Can Claim Work Product Privilege

      In order to claim work product privilege for a document, it must be determined if that document was prepared in anticipation of litigation. The test employed by courts is whether "in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *United States v. Rockwell Int'l*, 897 F.2d 1255, 1266 (3rd Cir. 1990) (internal quotations and citation omitted). Defendants argue that entries 481–483, 545, 794–795, 804–805, 824, 894–895, 899, 901, and 903 are not covered by the work product privilege because they were prepared solely for business reasons. However, "work product protection cannot be decided simply by looking at one motive that contributed to a document's preparation. The circumstances surrounding the document's preparation must also be considered." *In re Grand Jury Subpoena (Torf)*, 357 F.3d 900, 908 (9th Cir. 2004). While the documents may have had a business purpose, the nature of the documents indicates that the primary purpose was clearly for litigation purposes. *See Phillips Elecs. N. Am.*



<div style="text-align:right">
The Honorable Richard G. Andrews
September 21, 2018
Page 2
</div>

*Corp. v. Universal Elecs. Inc.*, 892 F.Supp. 108, 110 (3rd Cir. 1995); *see also Acceleration Bay LLC v. Activision Blizzard, Inc.*, C.A. No. 16-453, 2018 WL 798731, at *1 (D. Del. Feb. 9, 2018) ("A document will be granted protection from disclosure if the court finds that the "primary" purpose behind its creation was to aid in possible future litigation.").

### II. Entry 180 Is Protected Under Work Product Privilege

Defendants argue that entry 180 is not protected because IP Nav did not provide legal advice to ChanBond. However, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ who prepared the documents in anticipation of litigation and this is clear from the nature of the documents. *See Phillips, supra.*

### III. Entries 2, 3, 51, 266, 290, and 822 Are Protected Under Work Product Privilege

Defendants' argument that entries 2, 3, 51, 266, 290, and 822 are not protected fails for the same reasons stated in Section I, *supra*. These documents were prepared in anticipation of litigation.

### IV. Entry 588 Is Protected Under Work Product Privilege

Entry 588 is a draft patent prosecution document. When patent prosecution activities take place concurrently with, or are in anticipation of, litigation, the work product privilege applies. *See In re Gabapentin Patent Litig.*, 214 F.R.D. 178, 186 (D.N.J. 2003) ("[D]ocuments pertaining to the patent application process which were also prepared because of actual or anticipated litigation may be protected by the work product doctrine.") (internal quotations and citation omitted). ChanBond acknowledges that the scope of the privilege is limited but asserts that here the document was prepared in anticipation of litigation. *See Hercules, Inc. v. Exxon Corp.*, 434 F. Supp. 136, 151–152 (D. Del. 1977) ("The scope of that privilege is still limited, however, by the requirement that the document be prepared 'with an eye toward litigation.'"). The privilege is established by the fact that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Ex. 1 of Defendants' September 19, 2018 Letter to the Court, Entry 594.) Additionally, Defendants' argument that ChanBond cannot claim this as its privilege because it was prepared a few days before ChanBond acquired the patents at issue takes an unrealistic view of the world. It is reasonable to say that prior to the formality of signing the patent acquisition agreement that ChanBond would have begun to prepare documents in anticipation of litigation.

ChanBond respectfully requests that the Court deny Defendants' request to produce the 29 documents.

<div style="margin-left:3em">
Respectfully submitted,

*/s/ Stephen B. Brauerman*

Stephen B. Brauerman (No. 4952)
</div>

cc: All counsel
37710-1