IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE CHANBOND, LLC PATENT LITIGATION | No. 15-cv-842-RGA<br>CONSOLIDATED |

MEMORANDUM ORDER

Presently before the Court is Defendants' motion regarding their invalidity combinations. (D.I. 353).[1] I have reviewed the parties' briefing and related letters. (D.I. 348, 349, 354, 382, 385). Defendants' motion builds on the issues discussed at the February 26, 2019 discovery conference. (D.I. 351).

## I. BACKGROUND

In September 2015, Plaintiff ChanBond, LLC ("ChanBond") filed thirteen suits against numerous defendants (collectively, "Defendants"). (*E.g.*, D.I. 1 (complaint against Atlantic Broadband Group, LLC)). On February 23, 2018, the Patent Trial and Appeal Board ("PTAB") issued a Final Written Decision invalidating certain asserted claims. (D.I. 244, Ex. A).[2] The PTAB decision is currently on appeal before the Federal Circuit. Fact discovery closed on July 6, 2018, and expert discovery closed on February 22, 2019. Opening summary judgment and *Daubert* briefs have been filed. (D.I. 358, 361, 364, 367, 370). No trial date has been set in view of the pending appeal. (D.I. 347).

The present dispute stems from a September 2017 agreement between the parties, which the Court adopted as a scheduling order. (D.I. 142). The parties stipulated to certain discovery

---

[1] Unless otherwise noted, all docket citations are to C.A. No. 15-842. The consolidated member cases are C.A. Nos. 15-843, 15-844, 15-845, 15-846, 15-847, 15-848, 15-849, 15-850, 15-851, 15-852, 15-853, and 15-854.

[2] Specifically, claims of U.S. Patent No. 7,941,822 ("the '822 patent"). The '822 patent is not at issue in the present motion.

deadlines, three of which are relevant here. First, by November 3, 2017, the parties agreed to "[s]ubstantially comply with outstanding written discovery and document production." Second, by November 10, 2017, ChanBond agreed to reduce its number of asserted claims to eighteen. Third, by December 4, 2017, Defendants agreed to reduce their number of prior art references to eighteen and their number of invalidity combinations to four per claim. (*Id.* at 2). The parties made their respective reductions.

On January 4, 2019, Defendants introduced a new invalidity combination relating to U.S. Patent No. 8,341,679 ("the '679 patent") via the reply report of their invalidity expert, Dr. Prucnal. (D.I. 355, Ex. O). Dr. Prucnal combines two references—U.S. Patent Nos. 7,017,176 ("Lee") and 7,274,679 ("Amit")—that he independently addressed in his opening report. (*Id.*, Ex. M §§ IX.A-B, X.A.2, X.C.2). Defendants argue that the Lee/Amit combination is in response to ChanBond's new validity argument presented by its expert, Dr. Akl, in his opposition report. (D.I. 354 at 6). Dr. Akl opined, "Lee's purported innovation only relates to the upstream transmission from the cable modem to the head end" (D.I. 355, Ex. N ¶ 154), and similarly, "Amit's purported innovation only relates to the downstream transmission from the [head end] to the cable modem" (*id.*, ¶ 176). In response, Dr. Prucnal testified that a person of ordinary skill in the art would have been motivated to combine Lee and Amit to produce a "bidirectional" device, having both "upstream" and "downstream" transmission, as required by the '679 patent claims. (*Id.*, Ex. O ¶ 495).

ChanBond moved to strike Dr. Prucnal's reply testimony regarding the Lee/Amit combination as a violation of the September 2017 scheduling order. (D.I. 348). I heard argument at the February 26, 2019 discovery conference. (D.I. 351). I declined to decide the issue at the time but gave the parties the option of further briefing. (*Id.* at 27:25-28:21).

2

Defendants then filed the present motion requesting an order allowing Defendants to rely on the Lee/Amit combination. (D.I. 353, 354).

## II. ANALYSIS

The parties disagree on the legal standard that should apply. ChanBond argues that, since Defendants seek to add a new invalidity theory in violation of the September 2017 scheduling order, they must show good cause under Federal Rule of Civil Procedure 16. (D.I. 382 at 6-7). Defendants argue that this Court generally applies the *Pennypack* factors, under Federal Rule of Civil Procedure 37, to assess whether exclusion is an appropriate sanction. (D.I. 354 at 7-10).

This Court addressed a similar situation in *St. Clair Intellectual Property Consultants, Inc. v. Matsushita Electric Industrial Co.*, 2012 WL 1015993 (D. Del. Mar. 26, 2012), *aff'd*, 522 F. App'x 915 (Fed. Cir. 2013). In *St. Clair*, the plaintiff sought to add additional infringement theories past the Court's scheduling order deadline for serving infringement contentions. *Id.* at *5. The Court applied both Rule 16 and *Pennypack*, first finding no good cause under Rule 16 and then finding exclusion appropriate under the *Pennypack* factors. *Id.* at *5-9. Although I come out differently on good cause, I will still consider both standards. *See Rowe v. E.I. du Pont de Nemours & Co.*, 2010 WL 703210, at *4-5 (D.N.J. Feb. 24, 2010) (finding an extension of time to serve expert reports and disclosures supported by good cause, as well as "further supported" by the *Pennypack* factors).

### A. Defendants Show Good Cause under Rule 16

Rule 16(b)(4) provides, "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause is present when the schedule cannot be met despite the moving party's diligence." *Meda Pharm. Inc. v. Teva Pharm. USA, Inc.*, 2016 WL 6693113, at *1 (D. Del. Nov. 14, 2016).

3

Defendants argue that they have been diligent because the new Lee/Amit combination is responsive to ChanBond's new validity theory that was first disclosed in Dr. Akl's opposition report, served on November 30, 2018. (D.I. 354 at 3-6, 13-15; D.I. 355, Ex. N). Defendants assert that prior to then, ChanBond had only provided boilerplate answers to discovery requests about its validity theories. (D.I. 354 at 3-6). Therefore, Defendants raised the Lee/Amit combination at the first available opportunity—Dr. Prucnal's reply report, served on January 4, 2019. (D.I. 354 at 15; D.I. 355, Ex. O).

Defendants rely on ChanBond's responses to Interrogatory No. 9, which states:

> If you contend that any of the references cited in the exhibits in Defendants' Invalidity Contentions (and any supplements thereto) do not invalidate or render obvious the asserted claim of the Asserted Patent(s) for which it was cited, identify each claim limitation that You believe is missing from the reference and provide each and every basis for Your contention that the limitation is missing.

(D.I. 355, Ex. D at 13). Defendants' invalidity contentions, served on October 12, 2017 and December 22, 2017, indicate that Lee and Amit teach bi-directional communication as claimed in the '679 patent. (*Id.*, Ex. B (Ex. B-15 at 49), Ex. C (Ex. B-18 at 1)). Defendants thus argue that ChanBond was required to disclose, in response to Interrogatory No. 9, its contrary theory that Lee and Amit do not teach bi-directional communication.

ChanBond argues that it did disclose its theory in its second supplemental response to Interrogatory No. 9, served on July 6, 2018. (D.I. 382 at 8; D.I. 355, Ex. F).[3] I disagree. ChanBond merely listed the claim limitations that each reference allegedly failed to disclose, without any explanation. (D.I. 355, Ex. F at 128-31, 173-77). Therefore, I find ChanBond first

---

[3] ChanBond's original response, served on August 24, 2016, does not address either Lee or Amit with respect to the '679 patent. (D.I. 355, Ex. D at 35-52). ChanBond's first supplemental response, served on November 27, 2017, only addressed Lee. (*Id.*, Ex. E at 128-31).

4

disclosed its theory that Lee and Amit do not teach bi-directional communication in Dr. Akl's opposition report.

Defendants appear to have been diligent since receiving Dr. Akl's report. Thus, I find Defendants have shown good cause under Rule 16.

## B. The *Pennypack* Factors Do Not Support Exclusion

Federal Rule of Civil Procedure 37(c)(1) provides, "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." To determine whether a failure to disclose was harmless, courts in the Third Circuit consider the *Pennypack* factors: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the possibility of curing the prejudice; (3) the potential disruption of an orderly and efficient trial; (4) the presence of bad faith or willfulness in failing to disclose the evidence; and (5) the importance of the information withheld. *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977)). "[T]he exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *Id.* The determination of whether to exclude evidence is within the discretion of the district court. *Id.*

The first two *Pennypack* factors weigh against exclusion. ChanBond argued at the discovery conference that it might have asserted different claims had it known Defendants would rely on the Lee/Amit combination. (D.I. 351 at 8:6-15). In the briefing, however, the only prejudice ChanBond identifies is the "fundamental[] unfair[ness]" of Defendant violating the

5

parties' agreement. (*See* D.I. 382 at 18).[4] Thus, it seems any prejudice to ChanBond may be cured by a sur-reply report, which Dr. Akl indicated he "would be happy to do." (D.I. 355, Ex. P at 132:9-19).

The third *Pennypack* factor weighs against exclusion as no trial date has been set.

The fourth *Pennypack* factor is neutral.

The fifth *Pennypack* factor weighs against exclusion. Defendants have indicated that the Lee/Amit combination is critical to their case. (D.I. 385 at 8-9).

Therefore, on balance, the *Pennypack* factors do not support exclusion of Defendants' Lee/Amit invalidity theory.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion (D.I. 353) is **GRANTED WITH THE FOLLOWING CONSTRAINTS**. First, Defendants are limited to two invalidity combinations for the '679 patent, one of which is the new Lee/Amit combination. Second, if desired, Dr. Akl may file a sur-reply report responding to Dr. Prucnal's testimony on the Lee/Amit combination, and the parties may take additional depositions as necessary.

IT IS SO ORDERED this 14 day of May 2019.

United States District Judge

---

[4] In fact, at the discovery conference, counsel for ChanBond indicated that he did not think the new invalidity combination was "that devastating." (D.I. 351 at 12:17-13:5).