**BAYARD**

600 N. King Street • Suite 400
P.O. Box 25130 • Wilmington, DE 19899
Zip Code For Deliveries 19801

November 18, 2019

Writer's Direct Access:
(302) 429-4232
sbrauerman@bayardlaw.com

<u>**VIA CM/ECF & HAND DELIVERY**</u>  **PUBLIC REDACTED VERSION**

The Honorable Richard G. Andrews
United States District Court for the District of Delaware
844 North King Street
Wilmington, Delaware 19801

Re:   *ChanBond, LLC v. Atl. Broadband Group, LLC, et al.*, Cons. C.A. No. 15-842-RGA

Dear Judge Andrews:

Pursuant to the Court's November 4, 2019 Order (D.I. 449), ChanBond provides the following responses to the questions raised by the Court.

**1. In Plaintiffs view, how many hours would it need for opening statement, direct and cross-examination for it to present its case if the case were consolidated as it proposes?**

ChanBond provides the following time estimates for its opening statement, direct examination, cross examination, and closing statement in both a consolidated trial and the trial of any single Defendant. Presumably, Defendants will need the same or a similar amount of total time for presentation of their case. Since there are many undisputed facts in these cases, ChanBond expects that, in either a single Defendant or consolidated trial, trial time will be reduced through stipulation.

| **Trial Phase** | **Individual Defendant** | **Consolidated** |
|---|---|---|
| Opening | 2 hours | 2 hours |
| Direct Exam – Fact Witnesses | 4 hours | 7.5 hours |
| Direct Exam – Infringement | 5 hours | 6 hours |
| Direct Exam – Damages | 4 hours | 6.5 hours |
| Cross Exam – Infringement | 2 hours | 2 hours |
| Cross Exam – Validity | 2 hours | 2 hours |
| Cross Exam – Damages | 1.5 hours | 1.5 hours |
| Direct Exam – Validity | 2.5 hours | 2.5 hours |
| Closing | 2 hours | 2 hours |
| **TOTAL CHANBOND TIME** | 25 hours | 32 hours |

**2. There seems to be a dispute about whether Defendants (as opposed to Cisco, Arris, and Casa) have any different views on infringement. (D.I. 445 at 5: D.I. 447 at 2). I see a lengthy (820 pages) report of Plaintiffs expert Nettles (D.I. 445-1 at 20) but I do not see the non-infringement report of Defendants' expert Cromarty. I would like Defendants to file Cromarty's complete report with a letter identifying the "top five" places where Defendants' non-infringement arguments vary among Defendants.**

Not applicable to ChanBond.



The Honorable Richard G. Andrews
November 18, 2019
Page 2

**3. I think it would also be helpful to have Plaintiffs and Defendants' main damages reports filed, with Defendants identifying the most significant differences among the various Defendants' positions.**

ChanBond is providing herewith, via Notice of Lodging, an exemplary report (directed to Defendant Comcast) from Dr. David J. Teece, ChanBond's main damages expert. The body of Dr. Teece's reports is substantively identical for all Defendants. The reports differ in the Defendant-specific numbers and calculations presented in Exhibits 1-11. Should the Court so desire, ChanBond will lodge the remaining reports of Dr. Teece.

**4. Are there any reasonable options other than all or nothing? For example, what about a consolidated invalidity trial? What about consolidating trials of Defendants who now have common ownership? What about consolidating infringement trials based on which of the three suppliers (Cisco, Arris, Casa) makes the equipment? What about having a first trial with either Cablevision or Time Warner Cable, who appear to use all the CMTSs at issue? (D .I. 442-1 at 2).**

ChanBond maintains that complete consolidation is the most practical and appropriate way to proceed. Defendants disagree and request thirteen separate trials.

The Court has provided several criteria to consider in the determination, including a consolidated invalidity trial, consolidation based on common ownership, and consolidation based on common CMTS usage.

Regarding invalidity, and as noted in the opening brief (D.I. 442 at 3), consolidation on the common theory of invalidity is warranted. But a single, consolidated invalidity trial would still require thirteen infringement and damages trials. Regarding common ownership, consolidation based on changes in corporate ownership would only result in a reduction to nine or ten separate trials.

As an alternative to complete consolidation, ChanBond proposes partial consolidation based on the Defendants' CMTS usage. Using this approach would reduce the number of trials to five or less. ChanBond proposes a first trial for Defendants that ▌ Focusing on the ▌ makes logical sense for multiple reasons. First, ▌ Second, this group includes the greatest number of Defendants (five in total). Third, ▌ Fourth, as noted in the IPRs filed by Cisco and Arris in this case, both Cisco and Arris are in privity with the Defendants, and at least Arris is indemnifying Defendants. *See, e.g.,* IPR2018-00570, Paper 21. ChanBond thus proposes that this group of five Defendants be tried first, which would be ▌.

The next logical group of Defendants to be tried would comprise ▌ which are ▌. These two Defendants also happen to collectively represent the next largest percentage of total damages sought by ChanBond. The third group of Defendants would be those that ▌



which also happen to represent the next largest percentage of total damages, then those Defendants ( ▮▮▮▮▮▮▮ ), and finally, the one Defendant (and smallest Defendant) that ( ▮▮ ) ( ▮▮ ).

These groupings are noted in the table below.

ChanBond further proposes that validity be tried only with the first group. Defendants are seeking separate trials because they, and their privies Cisco and Arris, desire to try invalidity and non-infringement as many times as possible.

| Group 1 | ( ▮▮▮▮ ) | ( ▮▮▮▮▮ ) | Infringement<br>Validity<br>Damages |
|---|---|---|---|
| Group 2 | ( ▮▮▮▮▮ ) | ( ▮▮▮▮ ) | Infringement<br>Damages |
| Group 3 | ( ▮▮ ) | ( ▮▮▮▮ ) | Infringement<br>Damages |
| Group 4 | ( ▮▮▮ ) | ( ▮▮▮ ) | Infringement<br>Damages |
| Group 5 | ( ▮▮ ) | ( ▮▮▮ ) | Infringement<br>Damages |

**5. Finally, when should I decide this? I'll have a much better picture of the case at the time of the summary judgment argument.**

A Trial Scheduling Conference has been set for January 31, 2020. During the course of meeting and conferring, the parties agreed that this conference would be the most appropriate time for the Court to resolve the issues regarding consolidation and trial schedule.

Respectfully submitted,

*/s/ Stephen B. Brauerman*

Stephen B. Brauerman (No. 4952)