IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHANBOND, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 15-842-RGA |
| | : | Consolidated |
| ATLANTIC BROADBAND GROUP, LLC, et al., | : | |
| | : | |
| | : | |
| Defendants. | : | |

**ORDER AFTER PRETRIAL CONFERENCE**

Now, this 2nd day of July, 2020, after a pretrial conference, and upon consideration of the proposed pretrial order (D.I. 500) and the discussion at the pretrial conference, IT IS HEREBY ORDERED that:

1. The Proposed Pretrial Order is **ADOPTED** as modified by any discussion at the pretrial conference.

2. A jury trial will begin on August 18, 2020 at 9:30 a.m. with jury selection. Each party should be prepared to present its case until 5:00 p.m. of each trial day, although the end of the trial day may, in the discretion of the Court, be earlier than 5:00 p.m.

3. The trial is timed. Each side is allowed **12 ½** hours for its opening statement and its direct and cross-examination of witnesses. Time during the trial day that does not neatly fit into one of those categories will be attributed to one side or the other as the Court thinks most appropriate. The amount of time allowed for closing argument will be decided during trial.

4. Trial counsel are to be present and ready to proceed at 9:00 a.m. each and every day of trial. **COUNSEL SHOULD UNDERSTAND THAT THERE MAY BE LONG LINES**

**(PARTICULARLY WHEN A JURY IS BEING SELECTED) TO ENTER THE COURTHOUSE AND SHOULD PLAN ACCORDINGLY.**  Issues that need to be addressed outside the presence of the jury will be taken up at 9 a.m. and at the end of the day.  There will be a recess for lunch and a fifteen-minute break in both the morning and the afternoon.  The Court does not generally want to use the lunch and break time to take up issues that need to be addressed outside the presence of the jury.

5.  Unless otherwise ordered, Plaintiff is responsible for the preparation and revising of the jury instructions and verdict form that will be given to the jury.  The Court expects to give the bulk of the jury instructions before the closing arguments are made.

6.  Plaintiff's motions in limine were dismissed, and a schedule was agreed upon for refiling them.  Defendant's motions in limine will be addressed after Plaintiff's motions are refiled.  I ordered additional briefing related to the issue of whether Mr. Wechselberger's deposition testimony should be admitted.  (*See* D.I. 500 at 33-36).

7.  I ordered a timetable for reducing the number of exhibits on each side's exhibit list.

8.  I resolved the issue relating to sequestration of the inventors.

9.  The question of the viability of a civil jury trial a month and a half from now, complicated in this case by a multitude of witnesses being located within the United States but distant from Delaware, and the procedures that would be necessary should we be able to go forward, were left for another day. *See Sunoco Partners v. Powder Springs Logistics*, No. 17-1390-LPS, D.I. 583 (D.Del. July 2, 2020).

10.  Any trial logistics should be coordinated through the Courtroom Deputy.

    __/s/ Richard G. Andrews_____
    United States District Judge