# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

(302) 658-9200
(302) 658-3989 FAX

Jennifer Ying
(302) 351-9243
(302) 225-2570 FAX
jying@mnat.com

July 14, 2020

The Honorable Richard G. Andrews  **BY ELECTRONIC FILING**
The United States District Court
 for the District of Delaware
844 North King Street
Wilmington, DE 19801

      Re:    *ChanBond, LLC vs. Cox Communications, Inc.*, C.A. No. 15-842 (RGA)
              (Consolidated for Pretrial)

Dear Judge Andrews:

      Cox and ChanBond are scheduled to start trial on August 18, 2020. During the Pretrial Conference, the Court indicated that the "question of the viability of a civil jury trial" in mid-August will be addressed during the week of July 13. D.I. 507 ¶ 9; Hr'g Tr. (July. 2, 2020) at 45:1–46:9; *see also* D.I. 507. We understand that even if the Court decides to go forward with trial in mid-August, it will still need to decide on procedures to safely conduct a trial. We appreciate the Court's thoughtful approach, and write to express Cox's belief that a trial as scheduled will not serve the interests of the parties and will impose significant health risks upon the jury, Court personnel, the local community, and those coming to Delaware for the trial. Accordingly, Cox formally requests a three-month continuance of the trial, by which time the current health crisis will hopefully be under control.

The Current Health Crisis

      As the Court is aware, the COVID-19 health crisis is worsening by the day. Yesterday, the United States continued its upward trajectory for new coronavirus cases with over 60,000 infections.[1] On July 6, recognizing that the "State of Delaware continues to face a serious public health threat from COVID-19," Governor Carney extended the state of emergency an additional 30 days—the maximum allowed—through August 5, 2020. We also understand that the *Sunoco* trial, which was set to begin August 3, has been continued in view of the worsening situation. At present, there are no indications that it will be safe to impanel a jury and conduct a trial in mid-August. Continuing to make accommodations for a mid-August trial poses substantial difficulties and risks. For example, out-of-state attorneys and staff are expected to arrive in Delaware at least

---

[1]   https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html.

The Honorable Richard G. Andrews
July 14, 2020
Page 2

14 days before the trial and self-quarantine.[2] Many of those people will be required to quarantine a second time upon their return home.[3] There are also numerous third party trial witnesses for whom rescheduling at the last minute imposes a significant burden.

While we understand that the Court is considering procedures to allow all witnesses to testify remotely, a trial team for each party will still need to travel to Delaware for the trial. For Cox, that trial team includes lawyers and staff from Texas and California, as well as Cox's corporate representatives from Atlanta, Georgia. These states are seeing a significant surge in infections. In fact, Atlanta's mayor has just re-issued a stay-at-home order prohibiting non-essential travel.[4] The Center for Disease Control's guidelines ask travelers to consider whether COVID-19 is spreading in their community to assess whether their travel poses a risk that the disease will further spread. Given the locations from which participants are traveling, the interaction with others during travel, a lengthy hotel stay, and with Court personnel, vendors, and Wilmington residents, conducting trial under these circumstances poses significant risks.

<u>The Inefficiency of Attempting to Proceed with the Cox Trial</u>

In discussing trial sequencing for the 13 cases brought by ChanBond, defendants proposed, and the Court recognized the value of, scheduling a first trial that could serve as a bellwether. The Court indicated that "it might learn something during the course of the trial, and that might give [the Court] more insight as to what to do further down the road." *See* D.I. 484, Hr'g Tr. (2/18/20) at 79:5-20; *see also* D.I. 453 at 1, 4 (defendants acknowledging the same).

A trial conducted under the present circumstances will not provide a bellwether. For example, using *Sunoco* as a guidepost for the modifications the parties may expect, presenting all witnesses by video, and limiting the number of counsel who can appear live, might substantially impact the trial presentation. Many courts acknowledge that remote testimony impairs a factfinder's ability to judge credibility.[5] These concerns are reflected in Fed. R. Civ. P. 43(a), which does not contemplate remote trial testimony in the ordinary course, but only "for good cause in compelling circumstances and with appropriate safeguards." As the 1996 Advisory Committee Notes explain, the "compelling circumstances" requirement was added to Rule 43 because:

> The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for

---

[2] *See Sunoco Partners v. Powder Springs Logistics*, No. 17-1390-LPS, D.I. 583 at 5, n.3 (D. Del. July 2, 2020).

[3] *See e.g.*, New York Travel Advisory (https://www.governor.ny.gov/news/governor-cuomo-announces-individuals-traveling-new-york-three-additional-states-will-be); New Jersey Travel Advisory (https://covid19.nj.gov/faqs/nj-information/general-public/which-states-are-on-the-travel-advisory-list-are-there-travel-restrictions-to-or-from-new-jersey).

[4] https://www.atlantaga.gov/Home/Components/News/News/13408/672.

[5] *See, e.g.*, *Perotti v. Quinones*, 790 F.3d 712, 725-26 (7th Cir. 2015); *United States v. Lawrence*, 248 F.3d 300, 304 (4th Cir. 2001).

The Honorable Richard G. Andrews
July 14, 2020
Page 3

truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition.

In addition, because COVID-19 poses heightened risks to people of a certain age, the jury that is available to serve may not be representative of the jury that would traditionally be seated. Ultimately, the Defendant may believe itself prejudiced by some of these changes, and Plaintiff by others, but nobody will consider the case a good test of how to proceed with the remaining 12 cases. In fact, any appeal from the Cox case may focus on prejudice perceived by the losing party, rather than on the merits.

<u>A Continuance Will Not Prejudice Any Party and Will Serve to Avoid Prejudice.</u>

This is not a competitor litigation. While Cox appreciates that ChanBond is eager to try its case, as a non-practicing entity with no business other than seeking monetary damages for the asserted patents, ChanBond will suffer no prejudice by a short continuance. *See ActiveVideo Networks, Inc. v. Verizon Communs.*, Inc., 694 F.3d 1312, 1339–41 (Fed. Cir. 2012). For Courts in Phase I, like the District of Delaware, the Federal Judiciary COVID-19 Recovery Guidelines propose that on-site proceedings should be conducted for "critical cases only."[6] A patent trial between non-competitors, in which only monetary damages are at stake, cannot be deemed "critical." Even if the District of Delaware were to enter Phase II by mid-August and deem jury trials possible, the Court and the parties would only receive notice a few days before August 18th. This trial does not justify leaving numerous third party witnesses in limbo regarding the obligation to testify, and potentially requiring trial participants to travel to Delaware by August 4th to quarantine, and then quarantine again upon their return home, for a trial that may not occur.

ChanBond seeks significant damages and neither side should be advantaged, or disadvantaged, by foreseeable impacts upon the jury's composition or ability to perform its task, or witnesses' location, age, or underlying health issues. These factors can have a disproportionate impact on fairness of a trial in the current environment. A continuance can serve to remedy that.

Cox respectfully requests that the Court continue the trial of this matter for three months during the present health crisis. We are happy to further discuss these issues at the Court's convenience.

Respectfully,

*/s/ Jennifer Ying*

Jennifer Ying (#5550)

cc:   All Counsel of Record (by e-mail)

---

[6]   Federal Judiciary COVID-19 Recovery Guidelines at 10.