IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IN RE CHANBOND, LLC, PATENT LITIGATION | ) ) ) ) ) ) ) ) ) | C.A. No. 15-842 (RGA) CONSOLIDATED  REDACTED -- PUBLIC VERSION |

## DEFENDANTS' OPENING BRIEF IN SUPPORT OF
## THEIR MOTION TO REOPEN FACT DISCOVERY
## FOR LIMITED INVESTIGATION OF STANDING ISSUES

OF COUNSEL:

Thomas M. Melsheimer
WINSTON & STRAWN LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201
(214) 453-6500

Michael L. Brody
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
(312) 558-5600

David P. Enzminger
Nimalka Wickramasekera
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
(213) 615-1780

Krishnan Padmanabhan
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
(212) 294-6700

Original Filing Date: October 8, 2020
Redacted Filing Date: October 15, 2020

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jying@mnat.com

*Attorneys for Defendants*

## <u>TABLE OF CONTENTS</u>

**Page**

I.     Introduction & Summary of the Argument.................................................................. 1

II.    Nature and Stage of the Proceedings ...................................................................... 1

III.   Statement of Relevant Facts..................................................................................... 2

      A.    Formation of ChanBond by Deirdre Leane .............................................. 2

      B.    Ms. Leane Now Asserts a Right to Control Licensing of the Asserted Patents ....................................................................................................... 2

      C.    Defendants Promptly Raised Their Concerns with ChanBond ............................. 4

IV.   Legal Standard ......................................................................................................... 4

V.    Argument ................................................................................................................. 5

      A.    Good Cause Exists Because Ms. Leane Now Disputes Whether ChanBond has Key Rights with Respect to the Asserted Patents, Creating a Potential Standing Issue ........................................................................ 5

      B.    Defendants Acted Diligently Both Before and After Receiving the September 2020 Email ............................................................................. 6

      C.    Re-opening Fact Discovery for The Limited Purpose of Determining Standing Does Not Unduly Prejudice ChanBond.................................................. 10

VI.   Conclusion ............................................................................................................. 11

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alfred E. Mann Found. For Sci. Research v. Cochlear Corp.*,
    604 F.3d 1354 (Fed. Cir. 2010)................................................................5

*AntennaSys, Inc. v. AQYR Techs., Inc. et al.*,
    No. 19-2244, slip op. (Fed. Cir. Oct. 7, 2020) ......................................11

*Balandran v. Safeco Ins. Co. of Am.*, 972 S.W.2d 738 (Tex. 1998) ..............................8

*Clouding IP, LLC v. Google Inc.*,
    61 F.Supp.3d 421 (D. Del. 2014).............................................................6

*Dow Chem. Canada Inc. v. HRD Corp.*, 287 F.R.D. 268 (D. Del. 2012)...................4, 9

*Harris v. Ass'n of Water Bd. Directors*,
    No. 14-19-00199-CV, 2020 WL 4211691 (Tex. App. July 23, 2020) ...................8

*Int'l Constr. Prod. LLC v. Caterpillar Inc.*,
    No. CV 15-108-RGA, 2018 WL 4611216 (D. Del. Sept. 26, 2018) .................4, 7

*MAZ Partners LP v. Shear*, 208 F. Supp. 3d 384 (D. Mass. 2016) ................................7

*Siemens Medical Solutions USA, Inc. v. Humedica, Inc.*,
    No. CV 14-880-LPS-CJB, 2015 WL 1738186 (D. Del. Apr. 8, 2015)................4, 5

*Waterman v. Mackenzie*,
    138 U.S. 252 (1891).................................................................................5

**Rules**

Fed. R. Civ. P. 16(b) .......................................................................................1, 4

**TABLE OF EXHIBITS**

| EXHIBIT | DESCRIPTION |
|---|---|
| Ex. A | Corporate Formation (CHANBOND_011226-41) |
| Ex. B | Excerpts from April 24, 2018 Leane Dep. Tr. |
| Ex. C | April 2015 Agreement (CHANBOND_001483-536) |
| Ex. D | October 2015 Agreement (CHANBOND_011835-69) |
| Ex. E | September 2, 2020 A. Cohen Email |
| Ex. F | September 9, 2020 K. Padmanabhan Email to ChanBond's Counsel |
| Ex. G | Emails Between Defendants' Counsel and ChanBond |
| Ex. H | April 22, 2016 Defendants' First Set of Common Requests for Production to Plaintiff |
| Ex. I | July 26, 2016 ChanBond's Supplemental Responses to Defendant's First Set of Interrogatories |
| Ex. J | August 16, 2017 Subpoena to Produce Documents to Deirdre Leane |
| Ex. K | May 17, 2016 Subpoena to Produce Documents to Unified Online |
| Ex. L | August 23, 2018 ChanBond LLC Seventh Amended Privilege Log |
| Ex. M | *AntennaSys, Inc. v. AQYR Techs., Inc. et al.*, No. 19-2244, slip op. (Fed. Cir. Oct. 7, 2020) |

## I.      Introduction & Summary of the Argument

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, Defendants respectfully move to modify the schedule to reopen discovery for a limited purpose.  Recently, counsel for a non-party wrote Defendants' counsel for the first time claiming an interest in the asserted patents and advised that ████████████████████████████████████████ and, by implication, any judgment rendered in the present case could be nullified subsequently by a lack of standing.  This issue therefore must be resolved prior to any attempt to resolve the case through ████████ trial.   Defendants seek documents regarding the agreements transferring the ChanBond entity and asserted patents, and two depositions, of Ms. Leane and Unified Online, the potential co-owner of the patents and the present owner of ChanBond, to investigate the rights held by these parties in the asserted patents.

Because the facts giving rise to this issue are newly revealed, and the issue of standing can be raised at any juncture, good cause exists to reopen discovery for these limited purposes.

## II.     Nature and Stage of the Proceedings

ChanBond filed lawsuits against thirteen defendants on September 21, 2015.  The cases were consolidated for pretrial purposes on March 6, 2017.  D.I. 107.  Fact discovery closed on July 6, 2018 and expert discovery closed on February 22, 2019.  D.I. 271, 347.  At the February 18, 2020 scheduling conference, the Court selected defendant Cox Communications, Inc. ("Cox") as being the first case to be tried.   D.I. 484 at 72:18-21, 79:10-11.   The Court held a pre-trial conference for the Cox case on July 2, 2020.  D.I. 507.

A trial for the Cox case was originally set to begin on August 18, 2020, but was postponed due to the current COVID-19 pandemic.  D.I. 513.  A new trial date for the Cox case has not yet been set, but is expected to be sometime in spring 2021.  Trial dates have not been scheduled for the remaining twelve Defendants.

### III.    Statement of Relevant Facts

### A.    Formation of ChanBond by Deirdre Leane

ChanBond is a patent holding company that was setup by, and solely owned by, Deirdre Leane in August 2014.  *See* Ex. A, Corporate Formation (CHANBOND_011226-41) at 11226, 11241; *see also* Ex. B, April 24, 2018 Leane Dep. Tr., at 59:12-15.  At the time, Ms. Leane was also a principal at IP Navigation, which was an entity that invested in patent litigation and patent monetization campaigns.  *See* Ex. B at 14:8-16:15. On April 9, 2015, ChanBond entered into an agreement to acquire the patents-in-suit from the inventors.  *See* Ex. C, April 2015 Agreement (CHANBOND_001483-536).

A few months later, ChanBond filed these cases on September 23, 2015.  A month later, on October 27, 2015, Ms. Leane executed an agreement to sell ChanBond to Unified Online, which is a company run by one of her former business partners at IP Navigation, Mr. William Carter. *See* Ex. D, October 2015 Agreement (CHANBOND_011835-69).  The October 2015 Agreement grants Ms. Leane a right to a ██████████████████████████████████ and various other rights.  *Id*. §§ 3.1, 3.2, 8.2-8.3.

### B.    Ms. Leane Now Asserts a Right to Control Licensing of the Asserted Patents



██████████████████████████████████████████████████

███████████████████████████████████.  On the evening of September 2, 2020, Akiva Cohen, counsel for third-party Deirdre Leane, sent correspondence ("the September 2020 Email") (Ex. E) to Defendants' counsel, copying Plaintiff ChanBond's counsel.  Mr. Cohen's correspondence was sent to place Defendants on ███████████████████████████

████████████████████████████████████████████████████

██████  the patents-in-suit.  *See* Ex. E, September 2, 2020 A. Cohen Email.  The correspondence continues by explaining that according to Ms. Leane's understanding of the October 2015

Agreement between Ms. Leane, ChanBond, and Unified Online, the patents-in-suit cannot be licensed without Ms. Leane's written authorization.  Mr. Cohen's correspondence warned that 

Ex. E (emphasis added).

Prior to this new correspondence, Ms. Leane did not appear to assert the right to control licensing of the asserted patents.  In fact, Ms. Leane previously testified at her deposition that she has transferred all rights and interests to the asserted patents, termed the "ChanBond Patents" below, to Unified Online pursuant to the October 2015 Agreement.



Ex. B at 106:3-19.

However, as explained by the recent correspondence from Ms. Leane's counsel, Ms. Leane now contends that under the October 2015 Agreement she holds rights that limit the Plaintiff's

ability to license the asserted patents.

### C.    Defendants Promptly Raised Their Concerns with ChanBond

Upon receiving the September 2020 Email from Ms. Leane's counsel, Defendants promptly reached out to counsel for ChanBond explaining the significant concern raised by the correspondence.  *See* Ex. F, September 9, 2020 K. Padmanabhan Email to ChanBond's Counsel. Defendants explained that it appears Ms. Leane now believes that she is a necessary party ███ ██████ ███████ involving the asserted patents.  Defendants further explained that the September 2020 Email, and Ms. Leane's understanding of the October 2015 Agreement, suggest that Ms. Leane may have retained residual rights in the asserted patents, and thus, transferred less than all substantial rights in the asserted patents to ChanBond.[1]  *See* Ex. G, Emails Between Defendants' Counsel and ChanBond, at 1.

The parties met and conferred on September 24, 2020, during which Defendants asked counsel for ChanBond whether it would agree to the limited discovery requests for deposition testimony and documents.  ChanBond refused, thus necessitating this motion.

### IV.    Legal Standard

"Federal courts have broad discretion in managing discovery."  *Siemens Med. Sols. USA, Inc. v. Humedica, Inc.,* No. CV 14-880-LPS-CJB, 2015 WL 1738186, at *1 (citing *Dow Chem. Canada Inc. v. HRD Corp.*, 287 F.R.D. 268, 270 (D. Del. 2012), *aff'd*, 587 F. App'x 741 (3d Cir. 2014)).  Under Rule 16(b) of the Federal Rules of Civil Procedure, a party must show good cause to modify the case schedule to reopen discovery.  *See* FED. R. CIV. P. 16(b)(4).  "Good cause" exists when, "despite diligence on the part of the party seeking to amend, the deadline in the

---

[1]    During the meet and confer process, ChanBond provided no substantive explanation as to why less than "all substantial rights" were transferred, but rather, simply stated it disagrees that ChanBond possesses less than "all substantial rights."

scheduling order 'cannot reasonably be met.'" *Int'l Constr. Prod. LLC v. Caterpillar Inc.*, No. CV 15-108-RGA, 2018 WL 4611216, at *2 (D. Del. Sept. 26, 2018(citing Fed. R. Civ. P. 16. Advisory Committee's Notes (1983 Amendments)).  Thus, whether the "good cause" requirement is met depends on the "diligence of the movant, and not on prejudice to the non-moving party." *Siemens Med. Sols.*, 2015 WL 1738186, at *1 (citations omitted).

## V.     Argument

### A.     Good Cause Exists Because Ms. Leane Now Disputes Whether ChanBond has Key Rights with Respect to the Asserted Patents, Creating a Potential Standing Issue

Defendants seek to reopen discovery for limited purposes because, despite their diligence during fact discovery, Defendants could not have reasonably obtained discovery on the issues raised by the September 2020 Email, which came well after fact discovery closed.  The email from Mr. Cohen, who serves as Ms. Leane's attorney, reflects a change in Ms. Leane's understanding of her rights in the asserted patents from the testimony given during fact discovery.

In particular, the September 2020 Email calls into question whether there exists standing sufficient to proceed to trial with the current parties.  An entity with fewer than all substantial rights fails to meet the definition of a "patentee," and therefore cannot sue on its own.  *See Waterman v. Mackenzie*, 138 U.S. 252, 255 (1891) ("Any assignment or transfer, short of [conveying the whole patent, an undivided part of the patent, or the exclusive right under the patent within a specified part of the United States], is a mere license, giving the licensee no title in the patent, and no right to sue at law in his own name for an infringement."); *Alfred E. Mann Found. For Sci. Research v. Cochlear Corp.*, 604 F.3d 1354, 1360 (Fed. Cir. 2010) ("When a plaintiff lacking a sufficiently large portion of rights brings suit, that plaintiff does not have standing to sue on his own, and the suit must be dismissed, or additional holders of rights under the patent must be joined as parties to the suit . . . .").  And in assessing whether all substantial rights were

5

conveyed, courts look to the intention of the parties and the substance of the agreement.  *See Clouding IP, LLC v. Google Inc.*, 61 F.Supp.3d 421, 430–32 (D. Del. 2014).

**B.    Defendants Acted Diligently Both Before and After Receiving the September 2020 Email**

Defendants diligently sought discovery on the ownership of the asserted patents during fact discovery.  In Defendants' First Set of Common Requests for Production to Plaintiff (Nos. 1-81) (Ex. H), served on April 22, 2016, Defendants sought discovery regarding the ownership of, and transfer of rights in, the asserted patents.  *See, e.g.*, Ex. H at Request for Production No. 44 ("All documents, communications, and/or things concerning the acquisition, ownership, or assignment of the Asserted Patents, Related Applications, and/or Related Patents."); *see also id*. at Request for Production Nos. 61-64, 72.  Further, Defendants specifically requested discovery concerning the sale of the asserted patents to Unified Online, which is captured in the October 2015 Agreement now at issue.  *See, e.g.*, Ex. H at Request for Production No. 63 ("All documents, communications, and/or things concerning ChanBond's sale, assignment, transfer, lease, or license of any of their rights, assets, facilities, operations, or services to UnifiedOnline."); *see also id*. at Request for Production No. 67 ("All documents, communications, and/or things concerning the ownership and financing of ChanBond from its formation to the present.").   And Defendants posed an interrogatory seeking information regarding all ownership interests in the asserted patents, but ChanBond simply declined to respond on the basis of relevance and privilege.  *See* Ex. I, July 26, 2016 ChanBond's Supplemental Responses to Defendant's First Set of Interrogatories, at Interrogatory No. 6.

In addition to party discovery, Defendants also served document and deposition subpoenas on third parties, including Ms. Leane and Unified Online.  These subpoenas explicitly requested documents about, and set forth deposition topics centered around, the transfer of rights in the

asserted patents.  *See, e.g.*, Ex. J, August 16, 2017 Subpoena to Produce Documents to Deirdre Leane, at Request No. 8 ("Documents related to the agreement between ChanBond and Unified Online attached as Exhibit 1 to this Subpoena."); Ex. K, May 17, 2016 Subpoena to Produce Documents to Unified Online, at Document Request No. 2 ("All documents or communications related to the agreement between ChanBond and UnifiedOnline, as discussed in the agreement attached as exhibit Ex. 2 to this Subpoena.").  Despite numerous document requests concerning the October 2015 Agreement (s*ee* Ex. K at Document Request No. 2; *see also, e.g., id.* at Document Request Nos. 3, 4, 5, 6, 7, 10, 17, and 18), Unified Online, represented by the same attorneys as ChanBond, only produced two relevant documents during fact discovery and no privilege log.

As shown above, Defendants made diligent efforts to investigate the rights-holders in the asserted patents during fact discovery, but only received limited discovery which did not indicate the present dispute between Ms. Leane and ChanBond.  It is only one month ago, on September 2nd, that Defendants were made aware that ChanBond may lack ownership rights sufficient to resolve these matters.  The recent nature of this information justifies reopening discovery to permit investigation.  *See MAZ Partners LP v. Shear,* 208 F. Supp. 3d 384, 388 (D. Mass. 2016) ("Given that plaintiff happened upon the information . . . after discovery was closed and then diligently sought discovery about it, one cannot fault plaintiff for any delay."); *see also Int'l Constr. Prod.*, 2018 WL 4611216, at *2–3 (finding that plaintiff has shown diligence and good cause to modify the deadline to amend because plaintiff "only discovered the evidence motivating its motion for leave to amend after the . . . deadline . . . had passed").

After receiving the September 2020 Email, Defendants promptly reached out to ChanBond with their concerns, only to have ChanBond dismiss them because it finds Ms. Leane's interpretation of the October 2015 Agreement to be "objectively inaccurate in view of the

agreement itself and Ms. Leane's extensive deposition testimony on the subject." *See* Ex. G, Emails Between Defendants' Counsel and ChanBond, at 2. But this "dispute" over the party's intent in entering the October 2015 Agreement is precisely the reason that reopening discovery for limited purposes is appropriate at this juncture. Ms. Leane testified in April 2018 that she transferred 100% membership interest and all rights and obligations to the asserted patents in the October 2015 Agreement (Ex. B at 106:3-19) but now in September 2020 warns Defendants in these matters ███████████████████████████████████ (Ex. E (emphasis added)).

Notwithstanding Defendants' previous efforts during fact discovery, Defendants believe there exist specific documents that may inform the rights retained by Ms. Leane that have not yet been produced. For example, Defendants have not received any negotiation documents, correspondence, or draft agreements related to the October 2015 Agreement. These negotiation documents are relevant to resolving a dispute regarding the agreement and determining whether Ms. Leane in fact has the rights she now claims. *See* Ex. D § 8.2 (all disputes arising under the agreement are resolved under the laws of Texas); *Balandran v. Safeco Ins. Co. of Am.*, 972 S.W.2d 738, 741 (Tex. 1998) (stating that under Texas law, a "contract may be read in light of the surrounding circumstances to determine whether an ambiguity exists."); *Harris v. Ass'n of Water Bd. Directors*, No. 14-19-00199-CV, 2020 WL 4211691, at *3 (Tex. App. July 23, 2020) (Under Texas law, parole evidence is considered to resolve the ambiguity. . . . ."). Similarly, Defendants have not received correspondence subsequent to the October 2015 Agreement between Ms. Leane and either ChanBond or Unified Online. That correspondence may either corroborate, or undermine Ms. Leane's recently expressed understanding regarding her rights in the asserted

patents.[2]

A review of ChanBond's privilege log also indicates that documents regarding Ms. Leane's and ChanBond's rights in the asserted patents may exist, but were withheld on the basis of privilege. *See, e.g.*, Ex. L, August 23, 2018 ChanBond LLC Seventh Amended Privilege Log, at Nos. 124, 282-88, 1304.[3]  Given that the subject of those documents – the transfer of rights in the patents-in-suit – is now a source of dispute between Ms. Leane and ChanBond, there is no common interest to protect, and those documents should be produced so the issue can be investigated. Similarly, Ms. Leane should have additional relevant documents.  As consideration for the October 2015 Agreement, Unified Online granted Ms. Leane ████████████████.  Defendants have not received the agreement that conveyed ██████████████ or any agreement regarding the rights Ms. Leane may have in Unified Online ███████████████.  Production of these documents can be performed quickly, through enforcement of existing requests, and issuance of fewer than ten additional requests.  In addition to production of the relevant documents, Defendants would seek to depose Ms. Leane and Unified Online again to investigate the bases for the change in their positions between 2018 and now.

Any ownership dispute between Ms. Leane and ChanBond must be investigated, and

---

[2]    Defendants asked for documents and correspondence between Ms. Leane and either ChanBond or Unified Online subsequent to the October 2015 Agreement during the parties' September 24, 2020 meet and confer.  ChanBond, however, claimed that no documents *relevant to the provision at issue* exist.  ChanBond did not confirm that no documents or correspondence relevant to the parties' respective interests in the asserted patents exist.

[3]    Ms. Leane and Unified Online did not produce privilege logs, on the representation of Plaintiff's counsel, which also served as counsel to Ms. Leane and Unified Online in response to Defendants' subpoenas, that Ms. Leane's and Unified Online's privileged documents would be reflected on ChanBond's privilege log.  The present dispute brings that into question, and Ms. Leane and Unified Online should prepare separate privilege logs.  In addition, it does not appear that documents after the date of the complaint were identified on ChanBond's privilege log.  Post-complaint documents are certainly relevant in view of the dispute between Ms. Leane and ChanBond, which relates to an agreement that was signed after the filing of the complaint.

resolved, so that the parties and the Court do not proceed with litigations that ChanBond may not have had the authority to bring in its own name, and which the Court therefore lacks the authority to adjudicate.

### C.   Re-opening Fact Discovery for The Limited Purpose of Determining Standing Does Not Unduly Prejudice ChanBond.

Though the good cause standard turns on the diligence of the movant, the Court, when deciding to modify a scheduling order, may consider any prejudice to the party opposing the motion. *Dow Chem. Canada Inc.*, 287 F.R.D at 270. ChanBond, however, will not suffer any prejudice should the Court reopen discovery because the discovery sought is limited, and therefore (1) will not delay trial, (2) will not be costly to ChanBond, and (3) will benefit ChanBond in determining its rights to conclude the dispute.

First, the limited discovery will cause no delay. The limited discovery requested by Defendants—production of documents and correspondence related to the October 2015 Agreement and subsequent correspondence regarding Ms. Leane's and ChanBond's relative rights, as well as two depositions—can be completed well before the trial date proposed for the Cox trial,[4] which is seven months away. In fact, the proposed discovery is so narrow that any subsequent briefing to challenge ChanBond's ability to bring suit in its own name should also be fully complete before the Cox trial date. Further, with no other pending pretrial deadlines, the case schedule can accommodate Defendants' discovery because it will not impact any other deadlines.

Second, the limited discovery will cause minimal expense. For the proposed depositions, Defendants plan to depose only two witnesses (*e.g.*, Ms. Leane and a representative of Unified

---

[4]      Cox notified counsel for ChanBond that it is available for trial on the May 17, 2021 trial date proposed by the Court. ChanBond has confirmed that it is available on any of the trial dates proposed by the Court, including the May 17, 2021 date.

Online) and to conduct those depositions via videoconference.  This will mitigate costs and travel time for the attorneys and deponents.  Defendants have also identified the documents (negotiation documents, correspondence, draft agreements, and ███████ related to the October 2015 Agreement) they seek to request, which are limited in scope and consistent with the document requests previously served during fact discovery.  This narrow subset of documents will be neither costly nor burdensome to produce.

Lastly, this discovery will not prejudice ChanBond because it has as much a reason as Defendants to ascertain if any ownership issue exists before attempting what could be a futile effort at ██████ judicial resolution.  *AntennaSys, Inc. v. AQYR Techs., Inc. et al.*, No. 19-2244, slip op. at 5, 12 (Fed. Cir. Oct. 7, 2020) (declining to address claim construction and summary judgment issues and remanding for district court to resolve "threshold" factual issues pertaining to "whether the agreement limits one patent co-owner's right to practice a patent in a way that prevents it from issuing a license to the alleged infringer").  If Ms. Leane indeed retains the patent rights she alleges, ChanBond will not be able to resolve this matter, or further license the asserted patents, without her consent.  During the meet and confer process, ChanBond could not identify any prejudice to providing the requested discovery.  By contrast, the prejudice to Defendants in not granting this limited discovery is substantial, as they cannot be reasonably asked to proceed to trial against a party that may not hold all substantial rights in the asserted patents, and therefore may not even have sufficient standing to maintain this litigation by itself.

## VI.     Conclusion

Based on the above, Defendants respectfully request that the Court grant their motion to reopen discovery for the limited purpose of investigating Ms. Leane's claims regarding an interest in the asserted patents, so that it may subsequently raise any standing issues for the Court's consideration.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

OF COUNSEL:

Michael L. Brody
Saranya Raghavan
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL  60601
(312) 558-5600

David P. Enzminger
Nimalka Wickramasekera
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA  90071-1543
(213) 615-1780

Krishnan Padmanabhan
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY  10166-4193
(212) 294-6700

James C. Lin
WINSTON & STRAWN LLP
275 Middlefield Road
Menlo Park, CA  94025
(650) 858-6500

Thomas M. Melsheimer
Renee Skinner
Alex C. Wolens
WINSTON & STRAWN LLP
2121 North Pearl Street, Suite 900
Dallas, TX  75201
(214) 453-6500

October 8, 2020

Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
jying@mnat.com

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 8, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 8, 2020, upon the following in the manner indicated:

Stephen B. Brauerman, Esquire                    *VIA ELECTRONIC MAIL*
BAYARD, P.A.
600 North King Street, Suite 400
Wilmington, DE  19801
*Attorneys for Plaintiff*

Lana Milojevic, Esquire                          *VIA ELECTRONIC MAIL*
Eric P. Berger, Esquire
MISHCON DE REYA NEW YORK LLP
156 Fifth Avenue, Suite 904
New York, NY  10010
*Attorneys for Plaintiff*

Mark Raskin, Esquire                             *VIA ELECTRONIC MAIL*
Robert Whitman, Esquire
John F. Petrsoric, Esquire
Michael S. DeVincenzo, Esquire
Andrea Pacelli, Esquire
KING & WOOD MALLESONS LLP
500 Fifth Avenue, 50th Floor
New York, NY 10110
*Attorneys for Plaintiff*

                                    */s/ Jennifer Ying*

                                    _____
                                    Jennifer Ying (#5550)