# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| IN RE CHANBOND, LLC<br>PATENT LITIGATION | C.A. No. 15-842-RGA<br><br>**CONSOLIDATED**<br><br>**<u>PUBLIC_VERSION</u>** |

## PLAINTIFF CHANBOND, LLC'S BRIEF
## IN OPPOSITION TO DEFENDANTS' MOTION TO REOPEN DISCOVERY FOR
## INVESTIGATION OF STANDING ISSUES

Date: October 22, 2020

*Of Counsel:*

Robert A. Whitman *(pro hac vice)*
Mark S. Raskin *(pro hac vice)*
John F. Petrsoric *(pro hac vice)*
Michael DeVincenzo *(pro hac vice)*
Andrea Pacelli *(pro hac vice)*

**KING & WOOD MALLESONS LLP**
500 Fifth Avenue, 50th Floor
New York, New York 10110
212-319-4755
robert.whitman@us.kwm.com
mark.raskin@us.kwm.com
john.petrsoric@us.kwm.com
michael.devincenzo@us.kwm.com
andrea.pacelli@us.kwm.com

Stephen B. Brauerman (sb4952)

**BAYARD, P.A.**
600 N. King Street, Suite 400
Wilmington, Delaware 19801
(302) 655-5000
sbrauerman@bayardlaw.com

*Counsel for Plaintiff*
*ChanBond, LLC*

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................ 1

II.   BACKGROUND FACTS ..................................................................................... 3

    A.    ChanBond's Ownership of the Patents-in-Suit ........................................ 3

    B.    UnifiedOnline Purchases ChanBond ........................................................ 3

    C.    Discovery Concerning the October 2015 Agreement .............................. 4

    D.    Relevant Procedural History Following the Close of Fact Discovery ................... 6

    E.    New "Reading" of October 2015 Agreement .......................................... 6

III.  LEGAL STANDARD ........................................................................................... 7

IV.   ARGUMENT ........................................................................................................ 8

    A.    Mr. Cohen's Misreading of the October 2015 Agreement Does Not Constitute
Good Cause to Reopen Discovery ........................................................... 8

    B.    Defendants Identify No Ambiguity Rendering the Discovery Sought Relevant .. 11

    C.    Ms. Leane's ██████████████ Would Not Impact ChanBond's Standing ... 14

V.    CONCLUSION ................................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cloud Farm Assocs., L.P. v. Volkswagen Grp. of Am. Inc.*,
  C.A. No. 10-CV-502–LPS, 2012 WL 3069390 (D. Del. July 27, 2012)...................................7

*Dow Chem. Can. Inc. v. HRD Corp.*,
  287 F.R.D. 268 (D. Del. 2012) .................................................................................7, 9

*Eastern Minerals & Chemicals Co. v. Mahan*,
  225 F.3d 330, 340 (3rd Cir. 2000) ............................................................................10

*Enzo APA & Son, Inc. v. Geapag A.G.*,
  134 F.3d 1090 (Fed. Cir. 1998)................................................................................13

*Holland v. Hannan*,
  456 A.2d 807 (D.C. 1983) .......................................................................................12

*Int'l Constr. Prod. LLC v. Catepillar Inc*,
  15-CV-108-RGA, 2018 WL 4611216 (D. Del. Sept. 26, 2018)................................11

*Kachina Pipeline Co., Inc. v. Lillis*,
  471 S.W.3d 445 (Tex. 2015).....................................................................................12

*MAZ Partners LP v. Shear*,
  208 F. Supp. 3d 384 (D. Mass. 2016) ................................................................. 10-11

*McDerby v. Daniels*,
  C.A. No. 8-CV-882–GMS, 2010 WL 2403033 (D. Del. June 16, 2010) ...............7, 9

*McNeilab, Inc. v. Scandipharm, Inc.*,
  95 F.3d 1164 (Fed. Cir. 1996)..................................................................................15

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. CBI Indus., Inc.*,
  907 S.W.2d 517 (Tex. 1995).....................................................................................12

*Orth Pharm. Corp. v. Genetics Inst., Inc.*,
  52 F.3d 1026 (Fed. Cir. 1995)..................................................................................14

*Rhone-Poulenc Basic Chems. Co. v. Am. Motorists Ins. Co.*,
  616 A.2d 1192 (Del. 1992) .................................................................................. 11-12

*Sempier v. Johnson & Higgins*,
  45 F.3d 724 (3d Cir.1995)..........................................................................................7

*Universal C.I.T. Credit Corp. v. Daniel*,
  243 S.W.2d 154 (Tex. 1951)......................................................................................12

*Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.*,
     944 F.2d 870 (Fed. Cir. 1991) ................................................................................15

*Watson v. United States*,
     222 F.2d 689 (10th Cir. 1955) ........................................................... 15-16

*XCoal Energy & Res. v. Bluestone Energy Sales Corp.*,
     C.A. No. 18-CV-819-LPS, 2020 WL 5369109 (D. Del. Sept. 8, 2020) ........................ 7-8, 10

*Zullo v. Smith*,
     427 A.2d 409 (Conn. 1980) ................................................................................12

## I.      INTRODUCTION

Twenty-six months after the close of fact discovery, and three months after the first pre-trial conference in these matters, Defendants move to reopen discovery "to investigate the rights held [in the Patents-in-Suit] by" Deirdre Leane, a former owner of Plaintiff ChanBond, LLC ("ChanBond"), and UnifiedOnline, Inc. ("UnifiedOnline"), the current owner of ChanBond. Defendants allege they need additional discovery regarding an October 2015 agreement between Ms. Leane and UnifiedOnline concerning the sale of ChanBond (the "October 2015 Agreement"), because the October 2015 Agreement could impact ChanBond's standing.

In order to reopen discovery following submission of a pretrial order, a "manifest injustice" must be present and, at a minimum, Defendants must demonstrate "good cause," requiring Defendants to show they could not have obtained the evidence they now seek during discovery. Yet, Defendants deposed UnifiedOnline, ChanBond, William Carter, and Ms. Leane (twice) regarding the ownership of the Patents-in-Suit in general, and the specific facts surrounding the October 2015 Agreement. Following discovery, Defendants failed to raise any issue with respect to ownership. No new, previously unavailable facts or evidence have been discovered that would warrant reopening discovery.

Defendants' only basis for their request is an email from Akiva Cohen, counsel for Ms. Leane, informing them of his misreading of the October 2015 Agreement that Defendants' counsel contends it failed to consider until now. Of course, Mr. Cohen's interpretation of the October 2015 Agreement cannot evidence good cause or Defendants' diligence and does not justify reopening discovery. To the extent Defendants believed any interpretation of the October 2015 Agreement was relevant to ownership, Defendants had a full and complete opportunity to investigate such interpretation. Under these circumstances, Defendants cannot establish the requisite good cause.

Defendants' motion should also be denied because the requested discovery is not relevant for two independent reasons.  Initially, Defendants fail to identify any ambiguity in the October 2015 Agreement that renders extrinsic evidence relevant to the agreement's interpretation.  ███

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████

Further, Defendants present no explanation or argument concerning how or why Mr. Cohen's misreading of the October 2015 Agreement would be relevant to standing.  There is no dispute that ChanBond had standing when it filed the present action in September 2015.  After September 2015, ChanBond did not transfer any ownership interest in the Patents-in-Suit to Ms. Leane or any other individual or entity.  Defendants do not contend otherwise.  ███

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████

At heart, Defendants' newly alleged standing concerns are nothing more than a last-ditch effort to delay a case on the verge of trial.  But these purported standing concerns fail to justify Defendants' belated attempt to reopen discovery concerning an agreement that they have already explored thoroughly in discovery.

## II.    BACKGROUND FACTS

### A.  ChanBond's Ownership of the Patents-in-Suit

ChanBond is a patent holding company that Ms. Leane created in August 2014.  (*See* Defs. Mem. at 2; Defs. Ex. A,[1] Corporate Formation (CHANBOND_011226–41) at 11226, 11241; Defs. Ex. B, Apr. 24, 2018 Leane Dep. Tr., at 59:12–15.)  In April 2015, ChanBond acquired all right, title, and interest in the Patents-in-Suit.  (*See* Defs. Ex. C, April 2015 Patent Purchase Agreement (CHANBOND_001483-536); Defs. Mem. at 2.)

ChanBond filed these cases on September 21, 2015.  There is no dispute that ChanBond owned all right, title, and interest to the Patents-in-Suit on September 21, 2015.

### B.  UnifiedOnline Purchases ChanBond

On October 27, 2015, Ms. Leane sold ChanBond to UnifiedOnline and Mr. Carter was appointed sole manager of ChanBond.  (*See* Defs. Ex. D, October 2015 Agreement, at CHANBOND_011835-69.)  The October 2015 Agreement did not transfer ownership of the Patents-in-Suit from ChanBond to Ms. Leane or UnifiedOnline.  Instead, the October 2015 Agreement transferred Ms. Leane's ownership interest in ChanBond to UnifiedOnline.



---

[1] "Defs. Ex." refers to the exhibits attached to *Defendants' Opening Brief in Support of Their Motion to Reopen Fact Discovery for Limited Investigation of Standing Issues* ("Defs. Mem") (D.I. 525).

████████████████████████████████████

███████████████████████████████████

██████████████████████████████████

█████████████████████████████████

████████████████████████████████

██████████████████████████████████

████████████████████████████████████

███████████████████████████████

### C.  Discovery Concerning the October 2015 Agreement

On January 7, 2016, the Court entered the first scheduling order in this action, opening discovery.  (D.I. 15.)  Fact discovery was initially scheduled to close on April 10, 2017.  (*Id.* at 5.)  The fact discovery deadline was extended five times in this action.  (*See* D.I. 114 at 2 (extending fact discovery to November 10, 2017); D.I. 142 at 2 (extending fact discovery to January 26, 2018); D.I. 181 (extending fact discovery to March 30, 2018); D.I. 247 (extending fact discovery to June 1, 2018); and D.I. 271 (extending fact discovery to July 6, 2018).)

On July 6, 2018, fact discovery closed.  (D.I. 241, 347.)

Over thirty months of fact discovery, Defendants conducted exhaustive discovery concerning the October 2015 Agreement and the ownership of the Patents-in-Suit.  Defendants do not dispute that ChanBond produced (almost four years ago) the October 2015 Agreement and the assignments transferring the Patents-in-Suit.  Defendants do not request any additional discovery with respect to the patent assignments.  Instead, Defendants request additional discovery regarding the October 2015 Agreement.  Defendants speculate that the October 2015 Agreement may become relevant if they are able to reopen discovery by re-deposing the same witnesses regarding the same agreement.  Defendants further request, for the first time, privilege

logs concerning documents created after filing of the complaints, and production of documents not previously identified as relevant to anything in dispute.[2]

The discovery Defendants now seek concerns the depositions of both Ms. Leane and UnifiedOnline. Yet, Defendants already deposed Ms. Leane, the signatory of the October 2015 Agreement on behalf of ChanBond and herself, twice in this action.  At Ms. Leane's first deposition on April 24, 2018, Defendants extensively questioned Ms. Leane regarding the ownership of the Patents-in-Suit in general, and the October 2015 Agreement in particular. ███

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████

Defendants concluded Ms. Leane's deposition early and chose not to ask any questions directed to the ██████████████████

On March 3, 2018, Defendants deposed Mr. Carter on behalf of ChanBond and UnifiedOnline (and individually).  Defendants questioned Mr. Carter extensively regarding UnifiedOnline's motives for entering into the October 2015 Agreement and the circumstances surrounding the agreement. █████████████████████████

███████████████████████████████████████

---

[2] Defendants criticism of ChanBond for failing to provide a privilege log identifying documents created after the date of the Complaint is baseless.  (Defs. Mem. at 9, n.3.)  The parties stipulated to a scheduling order specifying that documents withheld as protected created after the date of the Complaints were not required to be logged.  (D.I. 15, *Scheduling Order* at pp. 8-9.)  Despite conducting extensive discovery regarding the October 2015 Agreement, Defendants never asked for a reprieve from the stipulated agreement.

██████████████   Mr. Carter's deposition ended early and Defendants' counsel did not ask

any questions directed to the ███████████████████████████

On October 4, 2018, after the close of fact discovery, the Court granted, in part, and

denied, in part, Defendants' request for documents identified on ChanBond's privilege log.  (D.I.

317.)  Thereafter, on October 24, 2018, Defendants again deposed Ms. Leane.  (*See* D.I. 321.)

### D.  Relevant Procedural History Following the Close of Fact Discovery

On February 22, 2019, expert discovery closed.  During expert discovery, Defendants'
damages expert relied extensively on the October 2015 Agreement in support of his
royalty calculation.  ChanBond moved to strike Defendants' expert's opinion because, in
part, the October 2015 Agreement was not relevant.  (D.I. 481 at 3–4.)  On February 4,
2020, the Court addressed Defendants' arguments regarding the October 2015 Agreement
and found the agreement and the statements surrounding them inadmissible.  (*Id.* at 4.)

On February 18, 2020, the Court determined that defendant Cox

Communications, Inc. ("Cox") would be the first defendant to be tried in these actions.

On June 29, 2020, Cox and ChanBond submitted a joint pretrial order.  (D.I. 500.)  In

preparing the pretrial order, Cox represented that it would not dispute ownership of the

Patents-in-Suit and the parties amended the draft pretrial order accordingly.  (*See* Ex. B,

June 29, 2020 *E-mail from K. Padmanabhan* at 1 (Cox "is not challenging ownership").)

On July 2, 2020, the Court held a pre-trial conference.  (D.I. 507.)

### E.  New "Reading" of October 2015 Agreement

████████████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████

---

[3] Defendants' assertion that ChanBond improperly responded to an interrogatory "seeking
information regarding all ownership interest" in the Patents-in-Suit is baseless.  (Defs. Mem. at
6.)  The interrogatory in question merely sought the identify of individuals with a financial
interest in the litigation.  (See Defs. Ex. I at Interrogatory No. 6.)

█████████████████████████████████████████

█████████████████████████████████████████

Mr. Cohen's misreading of the ████████████████████ which like

Defendants, ChanBond only recently learned of, is the new "fact" that Defendants contend

requires reopening discovery regarding ownership of the Patents-in-Suit.

## III.    LEGAL STANDARD

Federal courts have broad discretion to manage discovery. *See Sempier v. Johnson &*

*Higgins*, 45 F.3d 724, 734 (3d Cir.1995).  However, as a general matter, a party seeking to

modify a Scheduling Order must have "good cause."  Fed. R. Civ. P. 16(b)(4).  In the context of

a motion to reopen discovery, good cause requires a "show[ing] that a more diligent pursuit of

discovery was impossible." *Dow Chem. Can. Inc. v. HRD Corp.*, 287 F.R.D. 268, 270 (D. Del.

2012).  In other words, Defendants must demonstrate that despite their diligence they could not

meet the discovery deadline in this action. *McDerby v. Daniels*, C.A. No. 8-CV-882–GMS,

2010 WL 2403033, at *6 (D. Del. June 16, 2010) ("'Good cause' means that scheduling

deadlines cannot be met despite a party's diligent efforts.") (internal quotation marks and citation

omitted); *see also Cloud Farm Assocs., L.P. v. Volkswagen Grp. of Am. Inc.*, C.A. No. 10-CV-

502–LPS, 2012 WL 3069390, at *2 (D. Del. July 27, 2012).

With respect to Cox, good cause alone is not sufficient to re-open discovery because a

pre-trial order has been submitted in which Cox stipulated that discovery was complete.  (D.I.

500.)  Cox has further stipulated that it would not dispute ownership. (*See* Ex. B, at 1 (Cox "is

not challenging ownership").)  When a pretrial order has been submitted, discovery may only be

re-opened if Cox demonstrates that a "manifest injustice" would occur.  Fed. R. Civ. P. 16(e);

*see also XCoal Energy & Res. v. Bluestone Energy Sales Corp.*, C.A. No. 18-CV-819-LPS, 2020

WL 5369109, at n. 9 (D. Del. Sept. 8, 2020) (recognizing requests to reopen following submission of "pretrial order" requires "manifest injustice").

## IV.    ARGUMENT

### A.  Mr. Cohen's Misreading of the October 2015 Agreement Does Not Constitute Good Cause to Reopen Discovery

Mr. Cohen's recent interpretation of the October 2015 Agreement's ████████ ████████████ does not represent "good cause."  ChanBond produced the October 2015 Agreement to Defendants almost four years ago.  To the extent Defendants believed that the ████████████████████ was relevant to patent ownership, they had more than ample opportunity to ask about that section or seek additional discovery.  Defendants had a full and fair opportunity to seek all of the discovery concerning the October 2015 Agreement they wished. Defendants' desire to revisit discovery already completed, on topics known to them for years, because another implausible interpretation of the contract has surfaced, does not evidence manifest injustice or good cause.

The Cohen Email does not present a new fact or evidence.  Instead, it provides an interpretation of the October 2015 Agreement that Defendants' counsel allegedly had not considered. ███████████████████████████
████████████████████████████████████████████
████████████
█████████████████████████████████████
███████████████████████████████████
██████████████████████

The discovery period in this litigation was more than sufficient for Defendants to complete discovery regarding the October 2015 Agreement generally, and the ████████████

██████████ particularly.  Defendants deposed each party about the October 2015 Agreement including Ms. Leane (twice), UnifiedOnline, ChanBond, and Mr. Carter.  Now, as the parties proceed to trial, Defendants wish to re-depose those witnesses and ask questions regarding contract interpretation that Defendants could have, and should have, asked years ago.

Defendants took Ms. Leane's first deposition on April 24, 2018.  As recognized by Defendants, Ms. Leane testified with respect to patent ownership, her motives for entering into the agreement and the circumstances surrounding the agreement.  (*See* § II.C, *supra*.)  Similarly, Defendants questioned Mr. Carter as ChanBond's and UnifiedOnline's corporate witness, as well as in his personal capacity, regarding the October 2015 Agreement, and he testified regarding UnifiedOnline's motives for entering into the agreement and the circumstances surrounding the agreement.  (*See* § II.C, *supra*.)  Defendants had more than sufficient opportunity and time to question Ms. Leane and Mr. Carter about all possible interpretations of the October 2015 Agreement, and all the depositions ended without Defendants using all their allotted time.

The Court should not reopen discovery merely because Defendants claim they have not previously considered the misinterpretation offered in the Cohen Email.  Where, as here, the discovery sought could and should have been obtained during discovery, good cause does not exist to reopen discovery.  As such, Defendants' ample opportunity to complete discovery regarding all interpretations of the October 2015 Agreement is fatal to their belated attempt to reopen discovery.  *See Dow Chem.*, 287 F.R.D. at 270 (recognizing that "good cause" following the close of discovery requires a defendant to demonstrate "a more diligent pursuit of discovery was impossible"); *McDerby*, 2010 WL 2403033 at *6 ("'Good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts.") (internal quotation marks and citation omitted).  As recently explained by Chief Judge Stark:

> In the Court's view, the new discovery Defendants now seek overlaps substantially with discovery they already pursued (or had a basis to pursue and chose not to) during the discovery period provided for in the scheduling order. That is, Defendants already had ample opportunity to pursue the discovery they now wish to obtain.

*XCoal Energy*, 2020 WL 5369109 at *7 (citations omitted); *see also* Fed. R. Civ. P. 26(b)(2)(C)(ii) (providing that Court "must limit the frequency or extent of discovery . . . if it determines that . . . the party seeking discovery has had ample opportunity to obtain the information by discovery in the action").

Moreover, Defendants provide no explanation for their apparent failure to consider all possible interpretations of the October 2015 Agreement during the many years of discovery.[4]  In *Eastern Minerals & Chemicals Co. v. Mahan*, the Third Circuit affirmed a finding that good cause did not exist to amend a scheduling order where a party failed to explain "why information from independent sources could not have been obtained earlier."  225 F.3d 330, 340 (3rd Cir. 2000).  Here, to the extent Defendants believe Mr. Cohen's reading of the ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮ is plausible, they provide no explanation why a member of Defendants' considerable legal team did not pursue discovery concerning that interpretation during the years of discovery.  Defendants have failed to establish good cause to reopen discovery.

Defendants' cited cases do not support their assertions of diligence.  In *MAZ Partners LP v. Shear*, 208 F. Supp. 3d 384 (D. Mass. 2016), the plaintiff sought information regarding an SEC investigation made public after discovery closed.  During discovery, the defendants failed to inform the plaintiff about the SEC investigation, despite discovery requests directed to such subject matter.  *Id.* at 388.  Ultimately, the court granted the plaintiff limited discovery regarding

---

[4] Defendants' failure further demonstrates the implausibility of Mr. Cohen's interpretation.

the subject matter of the SEC investigation.  *Id.* at 390.[5]  Here, of course, Defendants were

provided a copy of the October 2015 Agreement almost four years ago, and Defendants had

more than a year-and-a-half of discovery to explore the subject matter of that agreement.

In sum, to the extent Defendants believed the ███████████████████████ was

subject to more than one reasonable interpretation that could affect standing, they had ample

opportunity to conduct discovery regarding the ████████████████████.  As such,

good cause does not exist to reopen discovery.

## B. Defendants Identify No Ambiguity Rendering the Discovery Sought Relevant

Even if they could show the requisite good cause, Defendants' motion should be denied

because the discovery sought is neither relevant nor likely to lead to the discovery of relevant

information.  Defendants claim that the requested discovery is relevant to the interpretation of

the October 2015 Agreement.  Yet, extrinsic evidence concerning contract interpretation is

irrelevant in the absence of contractual ambiguity.  Here, there is no contractual ambiguity.  Mr.

Cohen's interpretation of the October 2015 Agreement is inconsistent with, and thus precluded

by, the unambiguous language of the ████████████████████████

████████████████████.  The discovery sought is not relevant because it cannot

be used to manufacture an ambiguity where none exists on the face of the October 2015

Agreement.

---

[5] Defendants' other case concerns an amendment to a pleading based on discovery conducted
within the discovery period.  *See Int'l Constr. Prod. LLC v. Catepillar Inc*, 15-CV-108-RGA,
2018 WL 4611216, at *2-3 (D. Del. Sept. 26, 2018).  In that case, the Court determined that the
plaintiff acted diligently during discovery and promptly sought amendment based on the
evidence acquired during discovery.  *Id.*  Here, Defendants seek to reopen discovery to
investigate a theoretical standing defense based on a contract interpretation that Defendants
failed to investigate during discovery.

"A contract is ambiguous only when the provisions in controversy are reasonably or fairly susceptible of different interpretations or may have two or more different meanings." *Rhone-Poulenc Basic Chems. Co. v. Am. Motorists Ins. Co.*, 616 A.2d 1192, 1196 (Del. 1992). Ambiguity does not exist where a court can determine a contract's meaning "without any other guide than a knowledge of the simple facts on which, from the nature of language in general, its meaning depends," *Holland v. Hannan,* 456 A.2d 807, 815 (D.C. 1983) (internal quotation marks and citations omitted), and courts "will not torture words to impart ambiguity where ordinary meaning leaves no room for ambiguity," *Zullo v. Smith,* 427 A.2d 409, 412 (Conn. 1980).

███████████████████████████████████████████ the analysis does not change because Texas courts are in accord with Delaware.  In Texas, interpretation of a contract is not a fact issue to be resolved by extrinsic evidence unless applying the pertinent rules of construction leaves a genuine uncertainty as to which of two meanings is proper,  *Universal C.I.T. Credit Corp. v. Daniel*, 243 S.W.2d 154 (Tex. 1951), and evidence of intent is not admissible to create the ambiguity,  *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. CBI Indus., Inc.*, 907 S.W.2d 517, 521 (Tex. 1995).  A party's interpretation of its own contract, such as the one Mr. Cohen provided, "is parol evidence and cannot be used to create ambiguity or show motive."  *Kachina Pipeline Co., Inc. v. Lillis*, 471 S.W.3d 445, 453 (Tex. 2015).





. The Federal Circuit has explained that, in the context of patents, anything less than an assignment is a license, and that "title remains with the owner of the patent" in the context of a license. *Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed. Cir. 1998).

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████ No
amount of discovery can make the interpretation provided in the Cohen Email plausible; the
agreement is unambiguous.  Indeed, ████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████

    Put simply, Defendants fail to identify any ambiguous language in the October 2015
Agreement that would render the requested information relevant.  To the extent Defendants
contend that the ███████████████████████ is ambiguous, it was incumbent on them to
take discovery regarding that ambiguity while fact discovery was open in this action.
Defendants cannot plausibly claim that the section is ambiguous and, at the same time, contend
that they were diligent in investigating the reasonable interpretations of that section and the
October 2015 Agreement as a whole.

## C.  Ms. Leane's Purported Veto Power Would Not Impact ChanBond's Standing

    Even if the Court were to determine that the October 2015 Agreement provides ████
████████████████████████████████████████████████████,
ChanBond's standing to maintain this action would not be affected.

    Here, ChanBond filed the complaints before Ms. Leane entered into the October 2015
Agreement.  Thus, Defendants do not dispute that ChanBond possessed all ownership rights in
the Patents-in-Suit, and had standing when the complaints were filed.  Instead, Defendants allege
that standing could have been destroyed when UnifiedOnline acquired the ChanBond interests.
For a party to have co-plaintiff standing in an infringement suit they "must hold some of the
proprietary sticks from the bundle of patent rights," which are the rights "to exclude others from
making, using or selling the invention in the United States."  *Orth Pharm. Corp. v. Genetics*

*Inst., Inc.*, 52 F.3d 1026, 1031–32 (Fed. Cir. 1995).  Ms. Leane has no such right and Mr. Cohen

does not claim Ms. Leane has an ownership interest in any of the proprietary rights associated

with the Patents-in-Suit.



Neither the Cohen Email nor

Defendants contend otherwise.  Thus, Ms. Leane has no ownership interest in the Patents-in-Suit

that would affect ChanBond's status as the owner of the Patents-in-Suit, or impact ChanBond's

standing to maintain these litigations.

Further, even if Mr. Cohen's reading of ███████ were correct, that would mean ██

███████████████████████████████████████████████████████████████████████████

███████  The Federal Circuit has made clear that such a "sub-licensing veto," which required

a licensee to obtain written consent of the patent owner for all sub-licenses, was only "a minor

derogation from the grant of rights" and thus did not deprive the licensee of standing to sue in its

own name.  *Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.*, 944 F.2d 870, 875

(Fed. Cir. 1991); *see also McNeilab, Inc. v. Scandipharm, Inc.*, C.A. No. 94-1508, 1996 WL

431352, 95 F.3d 1164, *4 (Fed. Cir. 1996) (holding provision requiring "consent of the patentee

to any assignment of the license other than to an affiliated company" did not defeat licensee's

standing, and explaining "[w]hen payment depends on the licensee's commercial performance in

the future, the grant of the exclusive right to make, use, and sell the licensed subject matter is not

significantly diminished by reasonable conditions to assure that the license remains with the

chosen licensee"); *Watson v. United States,* 222 F.2d 689, 691 (10th Cir. 1955) (finding that the

sub-licensing veto did not deprive licensee of standing to sue in its own name because it "was

intended to protect the rights of the parties under the contract, not to proscribe, limit, or nullify

their intent and purpose to vest immediately in the transferee the right to manufacture, sell, and

use the [patented products] throughout the life of the patent").

      Even if the October 2015 Agreement were ambiguous, Mr. Cohen's interpretation would

not affect standing in this action.  Notably, Defendants suggest that █████████████████

███████ could affect standing in this action, but they fail to articulate how.  Defendants'

unsubstantiated musings cannot support the re-opening of discovery.

## V.    CONCLUSION

      For the reasons stated herein, ChanBond respectfully requests that the Court deny

Defendants' motion to reopen discovery.

Date: October 22, 2020

*Of Counsel:*

Robert A. Whitman *(pro hac vice)*
Mark S. Raskin *(pro hac vice)*
John F. Petrsoric *(pro hac vice)*
Michael DeVincenzo *(pro hac vice)*
Andrea Pacelli *(pro hac vice)*

**KING & WOOD MALLESONS LLP**
500 Fifth Avenue, 50th Floor
New York, New York 10110
212-319-4755
robert.whitman@us.kwm.com
mark.raskin@us.kwm.com
john.petrsoric@us.kwm.com
michael.devincenzo@us.kwm.com
andrea.pacelli@us.kwm.com

**BAYARD, P.A.**

*/s/ Stephen B. Brauerman*
Stephen B. Brauerman (sb4952)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
(302) 655-5000
sbrauerman@bayardlaw.com

*Counsel for Plaintiff*
*ChanBond, LLC*

17

# EXHIBIT A

# REDACTED IN ITS ENTIRETY

# EXHIBIT B

| | |
|---|---|
| **From:** | Padmanabhan, Krishnan  <KPadmanabhan@winston.com> |
| **Sent:** | Monday, June 29, 2020 5:52 PM |
| **To:** | Petrsoric, John (US) |
| **Cc:** | Winston ChanBond; ChanBond_KWM; 'jying@mnat.com' |
| **Subject:** | RE: ChanBond v Cox - Draft Pretrial Order [KWM-LIVE.FID323420] |

John,

Cox is not challenging ownership, so you can remove paragraph 109.

We would request that you place the paragraph regarding the health crisis (paragraph 129) at the head of the section on "Other Matters," as it's a discussion that Cox and ChanBond need to have with the Court; we would prefer that it not be relegated to an afterthought.

With those changes, I think we are good to go.

Thanks,
-KP

**From:** Petrsoric, John (US) <john.petrsoric@us.kwm.com>
**Sent:** Monday, June 29, 2020 5:27 PM
**To:** Padmanabhan, Krishnan <KPadmanabhan@winston.com>
**Cc:** Winston ChanBond <WinstonChanBond@winston.com>; ChanBond_KWM <ChanBond_KWM@us.kwm.com>
**Subject:** RE: ChanBond v Cox - Draft Pretrial Order [KWM-LIVE.FID323420]

KP –

Our further edits (in Track Changes) to the Pretrial Order are attached.

Thanks much,
John

**From:** Padmanabhan, Krishnan <KPadmanabhan@winston.com>
**Sent:** Monday, June 29, 2020 5:04 PM
**To:** Petrsoric, John (US) <john.petrsoric@us.kwm.com>
**Cc:** Winston ChanBond <WinstonChanBond@winston.com>; ChanBond_KWM <ChanBond_KWM@us.kwm.com>
**Subject:** RE: ChanBond v Cox - Draft Pretrial Order [KWM-LIVE.FID323420]

John –

Please see further edits to the PTO attached (clean) with a redline (pdf).

Thanks
KP

**From:** Petrsoric, John (US) <john.petrsoric@us.kwm.com>
**Sent:** Monday, June 29, 2020 2:44 PM

1

**To:** Padmanabhan, Krishnan <KPadmanabhan@winston.com>
**Cc:** Winston ChanBond <WinstonChanBond@winston.com>; ChanBond_KWM <ChanBond_KWM@us.kwm.com>
**Subject:** RE: ChanBond v Cox - Draft Pretrial Order [KWM-LIVE.FID323420]

KP –

Pretrial Order with tracked change attached.  A couple of points:
1. We added the signature block;
2. We modified the MIL section in response to your edits;
3. We added your case cites in the IPR section;
4. We modified the settlement section; and
5. We removed the verdict forms as being exhibits (Steve informs us that they should be separately filed).
We did not put anything back in with respect to ownership, but reserve the right to do so in light of our discussions.

Thanks much,
John

---

**From:** Padmanabhan, Krishnan <KPadmanabhan@winston.com>
**Sent:** Monday, June 29, 2020 1:22 PM
**To:** Petrsoric, John (US) <john.petrsoric@us.kwm.com>
**Cc:** Winston ChanBond <WinstonChanBond@winston.com>; ChanBond_KWM <ChanBond_KWM@us.kwm.com>
**Subject:** RE: ChanBond v Cox - Draft Pretrial Order [KWM-LIVE.FID323420]

John –

See attached.  I have tried to address the filter, but it doesn't seem to be working.  We haven't had this problem before, so it's weird.

Thanks
KP

---

**From:** Petrsoric, John (US) <john.petrsoric@us.kwm.com>
**Sent:** Monday, June 29, 2020 1:20 PM
**To:** Padmanabhan, Krishnan <KPadmanabhan@winston.com>
**Cc:** Winston ChanBond <WinstonChanBond@winston.com>; ChanBond_KWM <ChanBond_KWM@us.kwm.com>
**Subject:** RE: ChanBond v Cox - Draft Pretrial Order [KWM-LIVE.FID323420]

KP –

Can you send PDF of the redline?

Thanks,
John

---

**From:** Padmanabhan, Krishnan <KPadmanabhan@winston.com>
**Sent:** Monday, June 29, 2020 1:09 PM
**To:** Petrsoric, John (US) <john.petrsoric@us.kwm.com>
**Cc:** Winston ChanBond <WinstonChanBond@winston.com>; ChanBond_KWM <ChanBond_KWM@us.kwm.com>
**Subject:** RE: ChanBond v Cox - Draft Pretrial Order [KWM-LIVE.FID323420]

John –

Please find edits to the pretrial order in clean, and with a redline compare.

Thanks
KP

---

**From:** Petrsoric, John (US) <john.petrsoric@us.kwm.com>
**Sent:** Monday, June 29, 2020 9:11 AM
**To:** Padmanabhan, Krishnan <KPadmanabhan@winston.com>
**Cc:** Winston ChanBond <WinstonChanBond@winston.com>; ChanBond_KWM <ChanBond_KWM@us.kwm.com>
**Subject:** RE: ChanBond v Cox - Draft Pretrial Order [KWM-LIVE.FID323420]

KP –

Updated draft of the PTO, with edits in Track Changes, is attached.

Thanks much,
John

---

**From:** Padmanabhan, Krishnan <KPadmanabhan@winston.com>
**Sent:** Saturday, June 27, 2020 8:49 PM
**To:** Petrsoric, John (US) <john.petrsoric@us.kwm.com>
**Cc:** Winston ChanBond <WinstonChanBond@winston.com>; ChanBond_KWM <ChanBond_KWM@us.kwm.com>
**Subject:** RE: ChanBond v Cox - Draft Pretrial Order

John-

Please find further updates to the Pretrial Order, along with a redline form the version you previously sent.

A few points regarding paragraphs we were discussing previously:

On ¶ 110 (ownership), I think we can come to agreement.  Just give me a ring when you have a moment (tomorrow is obviously fine) so we can talk it through.  If we are in the same place after that conversation, you can put back in the ownership paragraphs that were previously in place.

On ¶ 70 (demonstrative stipulation), we have proposed a rewording that we believe is clearer.  If there's some daylight between what you proposed and what we have written, just let me know when we speak, but I think we are generally in the same place.

A note on a change that is intended to be non-substantive/clerical:
On ¶ 78, we removed identifiers that that were next to only certain witnesses, since all of the witnesses are being called in their personal capacity and on behalf of any entity with whom they are affiliated.

Look forward to talking.

Thanks,
-KP

**Krishnan Padmanabhan**
Winston & Strawn LLP
D: +1 212-294-3564

3

M: +1 415-632-8214

winston.com



---

**From:** Petrsoric, John (US) <john.petrsoric@us.kwm.com>
**Sent:** Friday, June 26, 2020 1:17 PM
**To:** Padmanabhan, Krishnan <KPadmanabhan@winston.com>
**Cc:** Winston ChanBond <WinstonChanBond@winston.com>; ChanBond_KWM <ChanBond_KWM@us.kwm.com>
**Subject:** ChanBond v Cox - Draft Pretrial Order

KP –

Attached are ChanBond's updates to the draft Pretrial Order along with a redline from the version you sent yesterday afternoon.

Thanks much,
John

**John Petrsoric**
**Of Counsel**
**King & Wood Mallesons LLP**
500 Fifth Avenue, 50th Floor
New York, NY 10110, USA
T: +1.212.319.4755 | D: +1.347.926.7571 | M: +1.516.521.6326
john.petrsoric@us.kwm.com | www.kwm.com

This e-mail is from King & Wood Mallesons LLP, a New York Limited Liability Partnership. This email and any attachments are intended for the use of the intended recipient and may contain information that is privileged or confidential. If you have received this e-mail in error, please notify King & Wood Mallesons LLP immediately by replying to this e-mail, then delete all copies of the e-mail and the attachments thereto (if any).

Disclaimer: King & Wood Mallesons refers to the firms that are members of the King & Wood Mallesons network. See www.kwm.com for more information. Legal services are provided independently by each of the separate member firms. The term "partner" refers to any individual who is a member of any King & Wood Mallesons entity or an employee or consultant with equivalent standing and qualifications. No member firm nor any of its partners, consultants or employees acts as agent for any other member firm or any of its partners, consultants or employees. No individual partner, consultant, or employee in any member firm has authority to bind any other member firm

---

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

# EXHIBIT C

# REDACTED IN ITS ENTIRETY