# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347

(302) 658-9200
(302) 658-3989 FAX

**Jennifer Ying**
(302) 351-9243
(302) 225-2570 FAX
jying@mnat.com

March 9, 2021

The Honorable Richard G. Andrews           **BY ELECTRONIC FILING**
The United States District Court
for the District of Delaware
844 North King Street
Wilmington, DE 19801

> Re: *In Re Chanbond, LLC Patent Litigation,*
> C.A. No. 15-842 (RGA) (Consolidated)

Dear Judge Andrews:

Pursuant to D. Del. LR 7.1.2(b), Defendants respectfully submit the attached supplemental authority in support of their Motion to Reopen Fact Discovery.  D.I. 524, 525, 530, 535.

Attached are copies of two recent opinions from courts in the District of Delaware on the issue of standing relevant to the above-captioned matters.

- *ChromaDex, Inc. et al. v. Elysium Health, Inc.*, C.A. 18-1434-CFC-JLH, 2020 WL 7360212 (D. Del. Dec. 17, 2020) (Ex. 1); and

- *Uniloc USA, Inc. v. Motorola Mobility, LLC*, C.A. 17-1658-CFC, 2020 WL 7771219 (D. Del. Dec. 30, 2020) (Ex. 2).

In *ChromaDex,* Judge Connolly found that the plaintiff did not have standing to bring suit for alleged infringement occurring after the effective date of a restated license agreement, where there were two entities – plaintiff and a third party – that had the ability to license the patents-in-suit after that effective date. 2020 WL 7360212, at *1, 5.  The Court noted that "[a] plaintiff does not have the right to prevent a defendant from using a patent if another party has the right to allow the defendant to use the patent," and it was of no consequence whether the other party would have actually granted such a license, only that it had the ability to do so.  *Id*. at *4-5.

In *Uniloc,* Judge Connolly found that the plaintiffs lacked standing to bring suit after they failed to satisfy a revenue obligation under a purchase agreement for the patents-in-suit. 2020 WL 7771219, at *7.  Upon plaintiffs' failure to meet this revenue obligation, third party Fortress had

The Honorable Richard G. Andrews
March 9, 2021
Page 2

the right to license the patents-in-suit under the purchase agreement. *Id*. That Fortress may not have viewed the plaintiffs as having defaulted on the agreement, or that it (Fortress) did not believe it had the right to sublicense the patent-in-suit was irrelevant. *Id*. Consequently, the Court found that the plaintiffs did not have exclusionary rights and therefore lacked standing. *Id*. at *8.

      Defendants respectfully submit that *ChromaDex* and *Uniloc* are directly applicable to the standing issue here. Pursuant to the ASA agreement (D.I. 536, Ex. S), which ChanBond withheld during discovery, Ms. Deirdre Leane's consulting company, IPNAV, served as the "worldwide intellectual property licensing agent" for the ChanBond patents. (D.I. 536, Ex. S at §1(a)). The ASA also establishes that Ms. Leane (acting as IPNAV) was to perform this agency subject to the direction of ChanBond's "Company Designee," who "had full authority to bind" ChanBond, and that the ChanBond Company Designee was Ms. Leane. (*Id.*, §2(c)). Thus, the ASA gave Ms. Leane "full authority" to license the ChanBond patents. Ms. Leane sold her shares in ChanBond in October 2015, but the ASA – and Ms. Leane's licensing authority – remained in effect without amendment at least until the ASA was purportedly terminated in April 2018. Ms. Leane has alleged facts that indicate that this termination agreement was ineffective, including because it lacked consideration, and was entered into for improper purposes, such as fraud. If that is true, then from April 2015 to the present, both Ms. Leane and the current owners of ChanBond have had authority to license the patents. *ChromaDex* and *Uniloc* hold that when a non-party has the ability to license the patent, as the ASA indicates Ms. Leane had here, the plaintiff lacks the exclusionary rights necessary to establish standing.

      Counsel is available should the Court have any questions.

Respectfully,

*/s/ Jennifer Ying*

Jennifer Ying (#5550)

Enclosures

cc:    Clerk of the Court (by hand delivery)
       All Counsel of Record (by e-mail)