**BAYARD**

| | | |
|---|---|---|
| 600 N. King Street • Suite 400<br>P.O. Box 25130 • Wilmington, DE 19899<br>Zip Code For Deliveries 19801 | March 10, 2021 | Writer's Direct Access:<br>(302) 429-4232<br>sbrauerman@bayardlaw.com |

**VIA CM/ECF & HAND DELIVERY**
**[PUBLIC VERSION]**

The Honorable Richard G. Andrews
United States District Court for the District of Delaware
844 North King Street
Wilmington, Delaware 19801

      Re:    *ChanBond, LLC v. Atl. Broadband Group, LLC, et al., Cons. C.A. No. 15-842-RGA*

Dear Judge Andrews:

      Defendants' notice of supplemental authority in support of their Motion to Reopen Fact Discovery (D.I. 551) cites two cases, neither of which are new,[1] and neither of which support Defendants' initial argument that reopening discovery was warranted based on alleged licensing veto rights vested in Ms. Leane by the October 2015 Agreement. Defendants instead use the notice as a pretext to raise a *new* (and objectively incorrect) argument that reopening discovery is warranted because the ASA purportedly granted Ms. Leane a general right to license the Patents-in-Suit, thereby impacting ChanBond's standing. Accordingly, ChanBond respectfully submits this response letter to briefly explain why Defendants' newly identified cases do not support either their previous arguments or their new argument in support of reopening discovery.

      First, Defendants initially alleged in their motion that reopening discovery was appropriate because Ms. Leane's counsel raised a new interpretation of the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Defendants' newly cited cases have nothing to do with Defendants' previous argument that a veto right affects ChanBond's standing here. Instead, those cases stand for the unremarkable, and inapplicable, proposition that a third-party's right to grant a license under a patent may impact an owner's standing to bring suit without that party. *See ChromaDex, Inc. v. Elysium Health, Inc.*, C.A. 18-1434-CFC-JLH, 2020 WL 7360212, at *4-5. (D. Del. Dec. 17, 2020) (attached as Ex. 1 to D.I. 551)); *Uniloc USA, Inc. v. Motorola Mobility, LLC*, C.A. 17-1658-CFC, 2020 WL 7771219, at *4-5 (D. Del. Dec. 30, 2020) (attached as Ex. 2 to D.I. 551).

      Second, Defendants' notice of supplemental authority raises a new argument that Ms. Leane has a general right to license the Patents-in-Suit, based not on the October 2015 Agreement, but on the ASA. Defendants urge that because Ms. Leane is identified as a "licensing agent" for

---

[1] Both cases cited in Defendants' notice issued in December 2020 when the parties were actually briefing Defendants' Motion to Reopen Discovery.



The Honorable Richard G. Andrews
March 10, 2021
Page 2

ChanBond, she owns the right to grant licenses. (D.I. 551 at 2)[2]

[redacted]

Thank you for your consideration. ChanBond is available at the Court's convenience.

Respectfully submitted,

/s/ Stephen B. Brauerman

Stephen B. Brauerman (No. 4952)

---

[2] While Defendants previously speculated that Ms. Leane may have somehow granted an implied license under the Patents-in-Suit to her employer Technicolor by virtue of "her dual roles for ChanBond and Technicolor," (D.I. 543 at 8), neither Defendants nor Ms. Leane have ever previously contended that the ASA granted Ms. Leane a right and authority to license the Patents-in-Suit to the general public.

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2021, a true and correct copy of the foregoing has been served upon the following parties via electronic mail.

Jack B. Blumenfeld
Jennifer Ying
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

*/s/ Stephen B. Brauerman*
Stephen B. Brauerman (No. 4952)