## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE CHANBOND, LLC,<br>PATENT LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*ChanBond, LLC v. Cox Communications,*<br>*Inc.*, C.A. No. 15-849(RGA) | C.A. No. 15-842-RGA<br>CONSOLIDATED |

### JOINT STATUS REPORT

Pursuant to the Court's Order dated October 13, 2020 (D.I. 527), Plaintiff ChanBond, LLC and Defendant Cox Communications, Inc. (collectively, the "Parties") jointly submit this Status Report.  Trial is currently scheduled to start in the above-captioned matter on May 17, 2021. Pursuant to the October 13 Order, the Parties have identified herein pending motions to be addressed before the start of trial.  The parties' respective positions regarding what else remains to be done, and the feasibility of trial on May 17, 2021, are provided below.  The parties respectfully request that the Court set a status conference at the Court's earliest convenience.

**I.      Witness Availability Issues:**

ChanBond does not anticipate any witness availability issues for trial.

Cox anticipates that at least two of its witnesses, Mr. Bernstein and Mr. White, will be unavailable to testify in person due to the ongoing health crisis.

**II.      Identification of Pending Motions to be Resolved Before Trial**

The following motions have been fully briefed and are pending before the Court:

1)  ChanBond's Motions in Limine Nos. 1-3 (D.I. 515—517);

1

2) Cox's Motions in Limine Nos. 1-3 (D.I. 501-3—501-5);

3) ChanBond's Motion for Admissibility of the Deposition Testimony of Anthony Wechselberger (D.I. 508)

4) Cox's Motion to Reopen Discovery (D.I. 524); and

5) ChanBond's Motion for Leave to File a Sur-Reply in Opposition to Cox's Motion to Reopen Discovery (D.I. 545).

## III. Feasibility of May 17, 2021 Trial

The parties disagree as to whether an in-person trial is feasible starting May 17, 2021. Their respective positions are set forth below.

### A. ChanBond's Position Regarding the Feasibility of Trial on May 17, 2021

#### 1. COVID-19 Health and Safety Concerns

ChanBond prefers to go forward with a live, in-person jury trial beginning on May 17, 2021. This case has been pending since September 21, 2015. This case was previously scheduled for trial on August 18, 2020. The pre-trial hearing was conducted on July 2, 2020. This case was consolidated for pre-trial purposes with twelve other cases and is the only case currently scheduled for trial. A further postponement of the trial in this action will necessarily delay resolution of the twelve other actions.

Consistent with the Court's Jury Trial Restart Guidelines, ChanBond believes that an in-person jury trial can be conducted safely at this time. This case has been pending since September 21, 2015. The case was actively litigated from that date. The parties have completed fact and expert discovery, and the case is ready for trial.[1] Having waited over five years, ChanBond is ready to have a jury decide its claims. Accordingly, ChanBond's witnesses, attorneys, staff, and

---

[1] ChanBond has requested Cox to update certain damages documents so that ChanBond can provide its final damages calculations.

client representatives are prepared to go forward with a live, in-person jury trial beginning on May 17, 2021.

ChanBond understands that the COVID-19 pandemic is not formally over and the safety of jurors, the Court and its staff, the witnesses, and all trial participants including counsel is paramount. However, conditions have been improving, more and more people are being vaccinated every day and vaccinations have been available for those at risk for quite some time. Cox has identified two fact witnesses who are not available for live testimony. With respect to both witnesses ChanBond would be happy to accommodate any additional, reasonable safety protocols that Cox may suggest. For example, ChanBond is willing to allow Cox's witnesses to appear remotely or by deposition if necessary. ChanBond is also amenable to working with the Court and Cox to find other ways to ensure the safety of the participants at trial. In contrast, Cox does not appear amenable to any procedure that does not result in a second delay of trial.

Lastly, if the Court concludes that an in-person jury trial cannot be conducted safely at this time, ChanBond respectfully requests that any delay be short and that trial be rescheduled for as soon as practicable once it is safe to do so. If the Court is inclined to delay the trial, ChanBond requests that the case be reset for July 2021, or as soon thereafter as the Court's schedule will permit. To alleviate the harm that a second delay of trial, ChanBond further requests that the Court set a second trial for Defendant, Comcast Corporation, in the fall of 2021.

## 2. Cox's Outstanding Motion to Reopen Discovery

The pandemic is not the only reason Cox alleges trial cannot go forward in May. Cox also urges that the case cannot go to trial because issues of standing and theoretical potential licenses, first addressed in the motion to reopen discovery (D.I. 524), have not been resolved. That argument is baseless. Cox does not now nor has it ever had a standing or license defense. Indeed, through multiple rounds of briefing and supplemental filings, Cox has continually propounded

new theories, none of which is grounded in the undisputed language of the agreements at issue or in the law.

With respect to standing, to date, Cox has not put forth a logical argument concerning why standing did not exist at the time the Complaint was filed nor has Cox articulated why standing does not exist today.  Cox's failure is telling.  Cox has every agreement related to ownership of the Patents-in-Suit.  Based on those agreements, there is no standing issue and there never was a standing issue.  Cox speculates that it needs additional depositions, yet deposition cannot create a standing issue that is not evidenced by the agreements concerning the ownership of the Patents-in-Suit.[2]

Similarly, Cox claims that trial must be delayed while it hunts for a non-existent license.  Cox claims that its supplier, Technicolor, may be licensed to practice the Patents-in-Suit.  Yet, Technicolor, Cox's supplier, has not asserted that it is licensed, there is no evidence that Technicolor is licensed and Ms. Leane did not have the authority to grant a license to Technicolor during her employment at Technicolor.  As it stands, Cox would rather repeat Ms. Leane's allegations of attorney misconduct than inform the Court of the truth: Cox has no basis to assert that Technicolor has a license to the Patents-in-Suit.

At bottom, as evidenced by Defendants' decision to reargue its motion to reopen discovery as part of this Joint Status Report, the supposed standing and licensing issues appear nothing more than pretext for Cox to repeat Ms. Leane's unsupported allegations of attorney misconduct in hopes

---

[2] Cox states below that Ms. Leane had the authority to "independently license the patents."  Yet, that argument was first raised in Cox's March 9, 2021 notice of supplemental authority in support of its Motion to Reopen Fact Discovery (D.I. 551) and is directly and unambiguously contradicted by the agreement itself.  D.I. 552 at 1-2.  Indeed, Ms. Leane has never claimed to have a right to license the patents on her own behalf.  Instead, she claimed she had veto authority over ChanBond's licensing rights.  D.I. 541 at 6-9.  That argument has been rejected as inconsistent with the plain language of the agreement itself.  *Id.*

that sullying ChanBond's counsel will win it favor with the Court.  ChanBond understands Cox's desire to avoid trial.  However, Cox's attempt to take advantage of Ms. Leane's false statements is reflective of the length it is willing to go to avoid trial and nothing else.

**B.     Cox's Position Regarding the Feasibility of Trial on May 17, 2021:**

Cox believes that proceeding to trial on May 17th will result in substantial prejudice to Cox and the other defendants if the issues regarding standing, potential licenses, and discovery/litigation misconduct are not first resolved.  As discussed below, ChanBond's counsel flatly advised his client to conceal documents to gain a litigation advantage.  At a minimum, ChanBond must remedy the injury caused by its discovery misconduct, and Cox (and the other defendants) should be afforded an opportunity to pursue appropriate discovery to mount defenses emanating from the documents that ChanBond improperly withheld.  In addition, the ongoing health crisis warrants a further continuance, as the feasibility of a jury trial by mid-May seems unlikely given the current state of vaccine deployment and continuing travel advisories.  A continuance will allow the discovery issues to be addressed while the pandemic is brought to a stable state.

**1.     Defendants' Motion Raises Issues of Standing, Potential Licenses, and Litigation Misconduct That Should be Resolved Before Trial**

As the Court is aware, in September 2020, Deidre Leane, the former owner of ChanBond, filed multiple lawsuits seeking, among other things: (i) disqualification and removal of ChanBond's counsel on the basis of malpractice and litigation misconduct, (ii) to reclaim ownership of ChanBond, and (iii) restitution of her separate 22% stake in these litigations. Importantly, Ms. Leane's pleadings in these parallel litigations revealed that prior to Ms. Leane's deposition ChanBond purposely withheld from production a key agreement (ASA) for the purpose of concealing it from Defendants, and that subsequent to her deposition, ChanBond manufactured

a false "termination agreement" to hide Ms. Leane's role as ChanBond's worldwide intellectual property licensing agent, her 22% stake in these cases, and the significance of the withheld ASA. As Ms. Leane explains in her complaints, ChanBond's attorneys told her that they withheld documents and manufactured the "termination agreement" to avoid "problems for the ChanBond Litigations, including additional discovery and severe trial delays," and to prevent "harm to ChanBond's chances of recovery." D.I. 536, Ex. P ¶¶ 48-58; *see id.*, Ex. Q ¶¶ 39-53. ChanBond's perceived risk, and reason for hiding and manufacturing evidence, may have been that the ASA created a standing problem for ChanBond. Indeed, the agreement itself not only establishes Ms. Leane as ChanBond's worldwide licensing agent but also confers to her the authority, as ChanBond's designee, to independently license the patents. Ms. Leane has alleged facts that indicate that the termination agreement was ineffective, including because it lacked consideration and was entered into for improper purposes and was procured by fraud in the inducement. She is currently seeking a rescission of the termination agreement to reinstate her 22% stake in these cases, and alternatively return of sole ownership. If the ASA is found to be legally effective, it would implicate ChanBond's standing as it exists today.

Ms. Leane's position as the head of intellectual property for Technicolor, a substantial manufacturer of accused equipment, while holding licensing authority for these patents may also create a licensing issue. In that capacity, Ms. Leane has acknowledged that she discussed this litigation with her employer, Technicolor, and this may have created a license or estoppel that precludes a material portion of the claims at issue here. Regardless of whether these concerns ultimately turn out to give rise to meritorious defenses to this suit or grounds for sanctioning Plaintiff, at a minimum, the ongoing struggle over ownership of ChanBond and the disqualification

of its counsel means that any proceeding with this case will be subject to potential jurisdictional defects and make the possibility of alternative resolution impossible.

In view of the foregoing, on October 8, 2020, Defendants filed a motion to reopen discovery on the basis that ChanBond's withholding of relevant discovery, and decision to produce a manufactured document created solely for this litigation to hide the existence of the actual agreements between Chanbond and Leane instead, has severely prejudiced Defendants' ability to pursue discovery on standing, as well as license and estoppel defenses.  D.I. 524, 535, 543, 548. For example, as the ASA was withheld, Defendants' did not take any discovery on the scope of the agreement or from Technicolor that would allow it to understand whether or not it believed it received a license.  That motion remains pending.  If Defendants' motion is granted, Defendants would expect to serve discovery requests on at least Technicolor and Ms. Leane, as well as on ChanBond, its parent Unified Online, its principal William Carter, and ChanBond's attorneys Whitman and Raskin, who were engaged in the decision to withhold the ASA agreement and the subsequent cover up.  Defendants would also request compliance with its previously-served requests for which ChanBond and its affiliates willfully chose to withhold documents.  Because standing is a threshold issue, Defendants respectfully submit that their motion to re-open fact discovery should be fully resolved before trial begins against Cox.  Separately, Ms. Leane is currently seeking to disqualify Plaintiff's counsel in this case, which should also be resolved before trial.

### 2.      COVID-19 Health and Safety Concerns Remain High

In addition, an in-person mid-May jury trial seems improbable given the current state of the health crisis.  By Order dated February 5, 2021, all jury trials through April 5, 2021 have been

suspended in the District of Delaware.[3]  COVID-19 infection levels, cases, and death rate remain substantially higher now than when this trial was last postponed on July 5, 2020.  COVID-19 statistics today are also substantially higher than October 13, 2020, when the Court set the May 17, 2021 trial date.[4]

The Center for Disease Control still maintains a travel advisory against unnecessary travel due to high COVID-19 levels nationwide.[5]  Further, witnesses and counsel are expected to travel from California, Georgia, Texas, Colorado, Illinois, and New York.  While Cox recognizes that the situation has improved from the highest infection levels in December 2020, it is unlikely that the risk level will be reduced enough by early May such that all those involved in the trial that would be required to travel to Delaware could do so safely.

It is also highly unlikely that all trial participants will be vaccinated by May 17th.  On March 11, the Biden administration confirmed that states will not be required to open up vaccine eligibility to all adults until May, and vaccines are not expected to be widely available until after that date.  Moreover, the CDC advises that vaccine induced immunity is not reliable until 14 days after vaccination, which would not be until at least mid-June under the most optimistic time frame.[6]  The CDC director recently issued a strong warning against reopening too soon as the infection

---

[3] *See* https://www.ded.uscourts.gov/sites/ded/files/news/Jury%20Trial%20Suspension%20 February%205%202021.pdf

[4] The Court's Jury Restart Guidelines, referenced by ChanBond, were issued on October 7, 2020 which contemplated the allowance of jury trials.  *See* https://www.ded.uscourts.gov/sites/ded/files/news/10.7.20%20JURY%20RESTART%20GUIDE LINES.pdf.  As mentioned, jury trials are currently suspended.

[5] https://www.cdc.gov/coronavirus/2019-ncov/travelers/travel-during-covid19.html (stating "Cases are Extremely High. Avoid Travel" and recommending that "you do not travel at this time" and to "*[d]elay travel and stay home to protect yourself and others from COVID-19*." (emphasis in original).

[6] https://www.cnn.com/2021/02/16/health/us-coronavirus-tuesday/index.html.

levels have increased and new, more contagious variants of the virus are at risk of proliferating.[7] And on March 12, Chief Justice Seitz of the Delaware Supreme Court issued a statement indicating that should the downward trend in COVID-19 cases continue and as vaccines become more widely available, the Delaware state courts anticipate moving to Phase 3 in June.[8]  Thus, in Cox's view, given the estimated timeframe for widespread availability of the COVID vaccine, and the required loosening of travel and similar restrictions in place in Delaware and across the country, it seems unlikely that a jury trial can be safely conducted on May 17, 2021.

The risks, and potential difficulties, are further increased in this case because witnesses and counsel are attending from more than a half-dozen states.  As a result of the continuing health crisis, at least two witnesses, Mr. Bernstein and Mr. White, are not comfortable traveling to Delaware until the pandemic is more under control, and have requested to participate by videoconference to avoid travel.  Cox—located in Atlanta, Georgia—has been following health precautions since the start of the pandemic, and has not yet asked employees to return to the office or travel.

Cox respectfully submits that a continuance will not prejudice any party.  This is not a competitor litigation.  While Cox appreciates that ChanBond remains eager to try its case, as a non-practicing entity that seeks only monetary damages for the asserted patents, ChanBond will suffer no prejudice by an additional short continuance.  *See ActiveVideo Networks, Inc. v. Verizon Communs., Inc.*, 694 F.3d 1312, 1339–41 (Fed. Cir. 2012).  The Court's February 5, 2021 Order Suspending Jury Trials, provides discretion to hold jury trials in "event of an emergency or other truly urgent situation."  A patent trial between non-competitors, in which a non-practicing entity

---

[7] https://abcnews.go.com/Politics/hear-cdc-director-urges-states-reopen-cases-plateau/story?id=76185108
[8] https://courts.delaware.gov/forms/download.aspx?id=125948

is seeking only monetary damages, cannot be deemed "an event of an emergency or other truly urgent situation."

ChanBond seeks significant damages and neither side should be advantaged, or disadvantaged, by foreseeable impacts upon the jury's composition or ability to perform its task, or witnesses' location, age, or underlying health issues. These factors can have a disproportionate impact on fairness of a trial in the current environment. A continuance can serve to remedy that. Accordingly, Cox respectfully requests that the Court continue the trial presently scheduled for May 17 to at a time when vaccines should be widely accessible and with enough time for them to provide effective immunity, and provide sufficient time to complete the additional discovery Cox has requested.

Further, given the uncertainty of the current environment and lack of prejudice to ChanBond, Defendant respectfully request that the Court defer scheduling subsequent trials until after the Cox trial is resolved. Cox is not authorized to discuss which of the other defendants would be an appropriate next trial.

**V.    Other Miscellaneous Issues:**

1.    While reviewing the pre-trial order (D.I. 500), Cox noticed that a Cox witness, David Ririe, had been inadvertently omitted from Cox's list due to a clerical error. Mr. Ririe appears on ChanBond's witness list in the Pretrial Order, and Mr. Ririe was deposed by ChanBond during discovery. Cox identified this issue to ChanBond, and ChanBond does not object to adding Mr. Ririe to Cox's witness list.

2.    ChanBond and Cox intend to exchange narrowed exhibit lists, pursuant to the Court's prior guidance, and intend to supplement the Pretrial Order to include these narrowed exhibit lists.

Dated: March 17, 2021

BAYARD, P.A.

*/s/ Ronald P. Golden III*
Stephen B. Brauerman (No. 4952)
BAYARD, P.A.
Ronald P. Golden III (No. 6254)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Counsel for ChanBond, LLC*


*Of Counsel:*

Robert A. Whitman *(pro hac vice)*
Mark S. Raskin *(pro hac vice)*
John F. Petrsoric *(pro hac vice)*
Michael DeVincenzo *(pro hac vice)*
Andrea Pacelli *(pro hac vice)*

**KING & WOOD MALLESONS LLP**
500 Fifth Avenue, 50th Floor
New York, New York 10110
212-319-4755
robert.whitman@us.kwm.com
mark.raskin@us.kwm.com
john.petrsoric@us.kwm.com
michael.devincenzo@us.kwm.com
andrea.pacelli@us.kwm.com

Respectfully Submitted,

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/  Jennifer Ying*
Jack B. Blumenfeld (#1014)
Jennifer Ying
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
jying@mnat.com

*Counsel for Cox Communications, Inc.*


*Of Counsel:*

Michael Brody
Saranya Raghavan
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
312-558-5600
mbrody@winston.com
sraghavan@winston.com

David P. Enzminger
Nimalka Wickramasekera
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
212-294-4700
denzminger@winston.com
nwickramasekera@winston.com

Krishnan Padmanabhan
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
212-294-4700
kpadmanabhan@winston.com


James Lin
WINSTON & STRAWN LLP

275 Middlefield Rd.
Menlo Park, CA 94025
650-858-6500
jalin@winston.com

Thomas M. Melsheimer
Renee Skinner
Alex C. Wolens
WINSTON & STRAWN LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201
(214) 453-6500
tmelsheimer@winston.com
rskinner@winston.com
awolens@winston.com