IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE CHANBOND, LLC, PATENT
LITIGATION

Civil Action No. 15-842-RGA
CONSOLIDATED

<u>MEMORANDUM OPINION</u>

Stephen B. Brauerman, Ronald P. Golden III, BAYARD, P.A., Wilmington, DE; Robert A. Whitman, Mark S. Raskin, John F. Petrsoric, Michael DeVincenzo, Andrea Pacelli, KING & WOOD MALLESONS LLP, New York, NY, attorneys for Plaintiff.

Jack B. Blumenfeld, Jennifer Ying, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, DE; Thomas M. Melsheimer, WINSTON & STRAWN LLP, Dallas, TX; Michael L. Brody, WINSTON & STRAWN LLP, Chicago, IL; David P. Enzminger, Nimalka Wickramasekera, WINSTON & STRAWN LLP, Los Angeles, CA; Krishnan Padmanabhan, WINSTON & STRAWN LLP, New York, NY, attorneys for Defendants.

April 16, 2021

1

/s/ Richard G. Andrews
**ANDREWS, U.S. DISTRICT JUDGE:**

Before the Court is Defendants' Motion to Reopen Fact Discovery for Limited Investigation of Standing Issues. (D.I. 524). I have reviewed the parties' briefing. (D.I. 525, 529, 535, 556).

## I.    BACKGROUND

In September 2015, Plaintiff ChanBond filed thirteen suits against numerous defendants (collectively, "Defendants") asserting infringement of U.S. Patent Nos. 7,941,822 ("the '822 Patent"), 8,341,679 ("the '679 Patent"), and 8,984,565 ("the '565 Patent"). (*See, e.g.*, D.I. 1 (complaint against Atlantic Broadband Group, LLC)). The actions were consolidated for all pre-trial purposes. (D.I. 107).

Fact discovery closed on July 6, 2018. (D.I. 271). On July 2, 2020, I held a pretrial conference and issued a Pretrial Order. (D.I. 507). The first trial, between Plaintiff and Defendant Cox Communications, is scheduled for May 17, 2021. (D.I. 527). Defendants now move to reopen fact discovery for a limited investigation into standing issues.[1] (D.I. 524).

## II.    LEGAL STANDARD

A federal court has broad discretion to manage discovery. *See Sempier v. Johnson & Higgins*, 45 F.3d 724, 734 (3d. Cir. 1995). Under Federal Rule of Civil Procedure 16, a scheduling order, including one for discovery, may only be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To establish good cause in a motion to reopen discovery, the movant "must show that a more diligent pursuit of discovery was impossible." *Dow Chem. Can. Inc. v. HRD Corp.*, 287 F.R.D. 268, 270 (D. Del. 2012), *aff'd*, 587 F. App'x 741, 744-45 (3d Cir. 2014). When a final pretrial order has been issued, the "court may modify

---

[1] As the briefing has proceeded, Defendants have raised additional issues.

the order. . . only to prevent manifest injustice." Fed. R. Civ. P. 16(e); *see also Xcoal Energy &*

*Res. v. Bluestone Energy Sales Corp.*, 2020 WL 5369109, at \*6 n.9 (D. Del. Sept. 8, 2020).

## III.    ANALYSIS

Defendants' motion to reopen discovery centers on whether ChanBond has standing in

this suit. This argument is premised on a dispute between ChanBond's former owner, Deirdre

Leane, ChanBond, and Chanbond's present owner, UnifiedOnline.

### A.  Dispute over ChanBond's Ownership

A**t** the time of filing suit, ChanBond was owned by Deirdre Leane. In October 2015, Ms.

Leane entered into an Interest Sales Agreement ("ISA") with UnifiedOnline. (D.I. 525, Exh. D at

89 of 355). The ISA provided, "Seller [Ms. Leane] owns 100% of the limited liability company

membership interests" of ChanBond, and, "Purchaser [UnifiedOnline] wishes to acquire Seller's

entire interest in ChanBond, following which Purchaser will become the sole interest holder of

ChanBond." (*Id.*). Under this agreement, UnifiedOnline acquired Ms. Leane's entire interest in

ChanBond in exchange for five million dollars and 44,700,000 shares of UnifiedOnline. (*Id.* at

89, 92 of 355).

Section 8.3 of the ISA sets forth certain limitations on assignment:

> Limitations on Assignment. Except as expressly permitted in this Section, none of
> Purchaser or ChanBond may grant or assign any rights or delegate any duties under this
> agreement to any Third Party (including by way of a 'change in control') or may sell,
> transfer, or spin-off any of the interests in ChanBond or any of its material assets without
> the prior written consent of Seller.

(D.I. 525-1, Exh. D at 99 of 355). At her deposition on April 24, 2018, Ms. Leane testified that

the ISA transferred "100 percent [of ChanBond's] membership interest," including "all rights

and obligations," to UnifiedOnline. (D.I. 525-1, Exh. B at 19, 29 of 355).

3

On September 2, 2020, Defendants received an email from Ms. Leane's counsel, informing them of a dispute between Ms. Leane and ChanBond. (D.I. 525-1, Exh. E at 125 of 355). The email stated, "As we read Section 8.3 of the ISA, Ms. Leane's written consent is required given that a license is a transfer of an interest in the patents-in-suit, which in turn are material assets of ChanBond." (*Id.*). The email warned, "[P]lease take notice that to the extent that you enter into any settlement with ChanBond that includes a transfer of any interest in the patents-in-suit, without Ms. Leane's written approval of the settlement terms, you do so at your own risk." (*Id.*). This letter spurred Defendants to file the instant motion.

Ms. Leane's dispute with ChanBond and UnifiedOnline is currently playing out in two other courts. Ms. Leane and her consulting company IPNav are suing ChanBond and UnifiedOnline in the Northern District of Texas. (D.I. 536-1, Exh. N at 2 of 111). Ms. Leane also sued Mishcon de Reya LLP, Mishcon de Reya New York LLP, King & Wood Mallesons LLP, Robert Whitman and Mark Raskin (Plaintiff's attorneys in this litigation) in the Supreme Court of New York. (*Id.*, Exh. Q at 38 of 111).

### B. Defendants' Motion to Reopen Discovery for Limited Investigation of Standing Issues

Defendants argue that good cause exists to reopen discovery for the limited purpose of investigating standing. (D.I. 525 at 5). Defendants contend that the September 2020 email from Ms. Leane's counsel raises questions about whether Plaintiff has standing to proceed to trial. (*Id.*). Defendants argue that they could not have reasonably obtained discovery on the issues raised in the September 2020 email, as the email came after the close of fact discovery and the email reflects a change in Ms. Leane's understanding of her rights under the ISA. (*Id.*).

Defendants also assert that they acted diligently during discovery and after receipt of the September 2020 email. (*Id.* at 6). Defendants state that they sought discovery on ownership of

the asserted patents from ChanBond, as well as from third parties UnifiedOnline and Ms. Leane. (*Id.*). Further, Defendants argue that upon receipt of the September 2020 email, they promptly reached out to ChanBond to discuss their concerns, but such concerns were dismissed. (*Id.* at 7). The essence of Defendants' argument is that good cause exists to reopen discovery as they diligently sought information pertaining to ownership of the patents during discovery and that they now seek new information which they could not have sought during discovery. (*Id.* at 6-8). Lastly, Defendants argue that reopening discovery will not prejudice Plaintiff as it will be a limited and inexpensive delay that will help Plaintiff determine its own rights in the dispute. (*Id.* at 10-11).

Plaintiff argues that Defendants have not shown good cause to reopen discovery because the information Defendants now seek could and should have been sought during discovery. (D.I. 529 at 8-9). Plaintiff contends that it produced the ISA to Defendants almost four years ago and that Defendants had a full and fair opportunity to seek discovery concerning the agreement. (*Id.* at 8). Plaintiff states that Defendants sought discovery regarding the ISA and deposed Ms. Leane, UnifiedOnline, ChanBond, and William Carter (ChanBond's manager and UnifiedOnline's CEO) regarding the ISA. (*Id.* at 8-9).

Plaintiff further argues that even if Defendants could show good cause, their motion should still be denied as the discovery sought is not relevant or likely to lead to the discovery of relevant information. (*Id.* at 11). Plaintiff contends that there is no unambiguous language in the ISA's Limitations on Assignment Section; thus, the extrinsic evidence that Defendants seek in discovery is irrelevant. (*Id.*). Plaintiff asserts that the plain and unambiguous meaning of Section 8.3 is that Ms. Leane's consent is not necessary for a license to one of the patents-in-suit because such a license is not a transfer or sale of a material asset. (*Id.* at 13). Lastly, Plaintiff argues that

even if Ms. Leane had the right to veto ChanBond's grant of a license, that still would not affect ChanBond's standing as such a veto does not deprive the patent owner of standing to sue in its own name. (*Id.* at 14-15).

"Standing must be present at the time the suit is brought." *Simcom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 975-76 (Fed. Cir. 2005). A patent is "a bundle of rights which may be divided and assigned, or retained in whole or part." *Vaupel Textilmaschinen KG v. Meccanica Euro Italia SPA*, 944 F.2d 870, 875 (Fed. Cir. 1991). When "a sufficiently large portion of this bundle of rights is held by one individual, we refer to that individual as the owner of the patent and that individual is permitted to sue for infringement in his own name." *Alfred E. Mann Found. For Sci. Research v. Cochlear Corp.*, 604 F.3d 1354, 1360 (Fed. Cir. 2010).

ChanBond acquired the patents-in-suit in a Patent Purchase Agreement on April 9, 2015. (D.I. 525-1, Exh. C at 34 of 355). This agreement dictated, "Seller [CBV, Inc.] shall sell, assign, transfer and convey to Purchaser [ChanBond] its right, title and interest in and to the Assigned Patent Rights." (*Id.* at 37 of 355). Thus, as of April 2015, ChanBond owned the "right, title and interest in and to" the patents-in-suit. (*Id.* at 34, 37-38 of 355). ChanBond filed suit in September 2015. (*See, e.g.*, D.I. 1 (complaint against Atlantic Broadband Group)). It is clear, and undisputed, that ChanBond owned the asserted patents at the time that it filed suit.

As ChanBond owned the "right, title and interest in and to" the patents-in-suit at the time of filing, and still owns such rights, it has standing to bring this suit. It holds "a sufficiently large portion of this bundle of rights" and is thus "permitted to sue for infringement in its own name." *Alfred E. Mann Found.*, 604 F.3d at 1360. Disputes over ChanBond's ownership or whether Ms. Leane's consent is required to license the patents does not impact ChanBond's standing to sue in its own name. Regardless of the outcome of these suits, ChanBond will be the entity that wins or

loses. Any dispute about ChanBond's ownership is outside the scope of the issues in these cases and will not impact the overall outcome. As ChanBond's standing is not impacted by Ms. Leane's allegations regarding ChanBond's ownership, Defendants have not shown good cause to reopen discovery.

Even if the ISA were determined to require Ms. Leane's permission to license the asserted patents[2], it would not prevent ChanBond from having standing to sue for infringement in its own name. ChanBond would still hold "a sufficiently large portion of this bundle of rights." *Alfred E. Mann Found.*, 604 F.3d at 1360.

Via the September 2, 2020 email, Ms. Leane is now asserting that her written consent is required to grant a license to the patents-in-suit. (D.I. 525-1, Exh. E at 125 of 355). A consent requirement would be a licensing veto, analogous to a "sub-licensing veto," which the Federal Circuit has found does not prevent standing. *Vaupel Textilmaschinen*, 944 F.2d at 874-75. In that case, the patentee entered into an agreement that gave plaintiffs the exclusive right to make, sell, and use the patented product in the United States. *Id.* at 875. The agreement provided that the plaintiffs could only grant sublicenses to others with the prior written consent of the patentee. *Id.* at 874. The Federal Circuit concluded that this "sub-licensing veto" was a "minor derogation from the grant of [patent] rights." *Id.* at 874-75. The Federal Circuit determined that such a veto "did not substantially interfere with the full use by [plaintiffs] of the exclusive rights under the patent" and held that the plaintiffs had standing to sue for infringement. *Id.* at 875-76.

---

[2] In Ms. Leane and IPNav's suit against ChanBond and UnifiedOnline in the Northern District of Texas, the court denied a Temporary Restraining Order, concluding that the plaintiffs had not demonstrated a substantial likelihood of success on the merits. *Leane v. UnifiedOnline, Inc.*, 2020 WL 6683106, at *1 (N.D. Tex. Nov. 12, 2020). The court determined that the ISA's "anti-assignment provision restricts Defendants' ability to transfer *ownership* of the Patents." *Id.* at *3. The court stated that based on its "interpretation of the anti-assignment provision, Defendants [UnifiedOnline and ChanBond] have not breached the ISA by assigning away interests in the recovery of the Delaware Suits and will not breach it simply by settling the lawsuits." *Id.* at *5.

Under this precedent, even if Ms. Leane's written consent was required to grant a license, ChanBond still has standing. Ms. Leane's purported licensing veto is at most a "minor derogation from the grant of rights" that does not "substantially interfere with the full use by [ChanBond] of the exclusive rights under the patent." *Id.* at 875.

For these reasons, Defendants' motion to reopen discovery to investigate standing issues is denied.

### C.  Defendants' Other Arguments to Reopen Discovery

In their reply brief, Defendants expand their request. They seek to reopen discovery to obtain "improperly withheld documents from ChanBond, Leane, and UOL, as they impact issues including standing, and a license to a vendor of accused equipment (Technicolor)." (D.I. 535 at 2). Defendants argue, based on Ms. Leane's allegations in her pending suits, that Plaintiff withheld documents in the litigation before me and they are entitled to obtain those documents. (*Id.* at 5-7). Specifically, Defendants assert that the Advisory Services Agreement ("ASA") between ChanBond and IPNav, and other additional documents pertaining to Ms. Leane's rights in the asserted patents, were withheld. (*Id.* at 2-5). Defendants contend that they have shown good cause to reopen discovery as they acted with diligence and could not reasonably have been expected to obtain the documents as "ChanBond *purposely* withheld" them. (*Id.* at 6).

With leave from the Court (D.I. 555), Plaintiff filed a sur-reply. (D.I. 556). Plaintiff argues that none of Defendants' new arguments support its motion. (*Id.* at 2). Specifically, Plaintiff contends that Defendants now are basing their request to reopen discovery on the ASA and allegations that Plaintiff improperly withheld it, which differs from their arguments in their opening brief. (*Id.*). Plaintiff also argues that Defendants were aware of the ASA and did not show reasonable diligence in trying to secure its production. (*Id.*). Further, Plaintiff asserts that

Defendants' request for discovery to investigate Technicolor's hypothetical license to Technicolor is irrelevant as the ASA was a consulting agreement that did not give Ms. Leane the power to grant licenses. (*Id.* at 3). Lastly, Plaintiff contends that Defendants had the opportunity to secure production of other documents, particularly in relationship to UnifiedOnline and its agreements with third parties, but they did not do so. (*Id.*).

I agree with Plaintiff that Defendants had the opportunity during discovery to seek the documents that they now want to get. At Ms. Leane's deposition, Defendants questioned her about IPNav's relationship with ChanBond. (D.I. 529-3, Exh. C at 24-25 of 42). Ms. Leane confirmed that "there is an advisory services agreement" between ChanBond and IPNav. (*Id.* at 25 of 42). After Ms. Leane confirmed this, Defendants' counsel told Plaintiff's counsel that he did not think the agreement had been produced. (*Id.*). Plaintiff's counsel replied that he would "take a look" and Defendants' counsel stated, "So we're going to formally request production, obviously." (*Id.*). There is no evidence in the record, and Defendants do not argue, that they in fact formally requested production of the ASA and that Plaintiff failed to provide it. Defendants were on notice that the ASA existed and had the opportunity to obtain the document from ChanBond. However, they failed to exercise reasonable diligence in doing so. For that reason, there is no good cause to open discovery on this ground.

Defendants also had the opportunity to seek, during discovery, the other documents they now argue are a basis for reopening discovery. One such document is an agreement between UnifiedOnline and UO! of NC. (D.I. 535 at 5). As Plaintiff argues, this agreement did not involve ChanBond (D.I. 556 at 3), and therefore it was not ChanBond's to produce. Further, Defendants had the opportunity to seek this document from UnifiedOnline, but they did not pursue that request with diligence.

Defendants served a subpoena on UnifiedOnline requesting numerous documents. (D.I. 556, Exh. 9 at 22-25 of 100). Of these requests, the agreement between UnifiedOnline and UO! of NC would likely only fit into request 12: "All documents concerning any agreement related to any ChanBond Patent, Whitaker Patent, or any Related Patents." (*Id.* at 24 of 100). UnifiedOnline objected to this document request "as overly broad and unduly burdensome" and offered "to meet and confer regarding the scope of this request." (*Id.*, Exh. E at 82-83 of 100). Defendants followed up on some of their document requests (*see id.*, Exh. F at 94-95 of 100), but there is no evidence in the record that they followed up on document request 12 or made any other efforts to obtain UnifiedOnline's agreements with third parties. Had Defendants thought such agreements were important, they had opportunity to show more diligence in obtaining the documents from UnifiedOnline during discovery.

Based on Ms. Leane's allegations, Defendants argue that certain documents were purposefully withheld in this litigation. (D.I. 535 at 3-4). Specifically, Ms. Leane alleges that at her deposition in this litigation, Plaintiff's attorney informed her that Plaintiff had not produced the ASA and that its failure to produce the ASA would cause problems in this litigation. (*Id.* at 4 (citing D.I. 536-1, Exh. P at 26 of 111)). Regardless of whether this conversation occurred, Defendants were on notice that the ASA existed and they told Plaintiff that they would be formally requesting it. (*See* D.I. 529-3, Exh. C at 25 of 42). Defendants did not formally request it and Plaintiff therefore did not have the opportunity to formally respond. Defendants could have obtained this document, but they did not do so. The record establishes that Defendants did not pursue acquisition of the documents with reasonable diligence. Further, it does not appear that either the ASA or the other agreements that Defendants seek are relevant, as ChanBond is the owner of the patents (under the Patent Purchase Agreement) and has standing to sue for

infringement in its own name, regardless of the provisions of the other agreements. Defendants'

motion to reopen fact discovery on document production grounds is denied.

IV.     **CONCLUSION**

For the foregoing reasons, Defendants' motion to reopen fact discovery (D.I. 524) is

denied. A corresponding order will issue.